**EXHIBIT A to NOTICE OF REMOVAL**

CM-010

Case 4:15-cv-01544-DAD-SKO   Document 1-1   Filed 10/14/15   Page 2 of 39

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| RIGHETTI GLUGOSKI, P.C.<br>Matthew Righetti (SBN 121012)   John Glugoski (SBN 191551)<br>456 Montgomery Street, Suite 1400, San Francisco, CA 94104<br><br>TELEPHONE NO.: 415.983.0900   FAX NO.: 415.397.9005<br>ATTORNEY FOR (Name): JOSEPH JOSHUA DAVIS, et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Stanislaus
STREET ADDRESS: 801 10th Street, 4th Floor
MAILING ADDRESS: 801 10th Street, 4th Floor
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Building

**CASE NAME:** JOSEPH JOSHUA DAVIS, et al. v. COMCAST CORPORATION

FILED
OCT 2 7 2014
CLERK of the SUPERIOR COURT
BY NOU XIONG-VANG
DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: -20 1 1 9 0 0 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: WILLIAM A. MAYHEW<br>DEPT: 21 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:

▶ _____
(TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

11/3/14 2:35p.

**SUMMONS** SUM-100

**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
COMCAST CORPORATION, a Pennsylvania Corporation;
COMCAST OF CONTRA COSTA, INC., a Washington Corporation;
and DOES 1 through 50, inclusive

FILED
OCT 27 2014
CLERK of the SUPERIOR COURT
BY NOU XIONG-VANG
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JOSEPH JOSHUA DAVIS, PENNY SCHOONOVER, LEON GIBSON, DUSTIN

WAYNE HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR., Plaintiffs

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es): Stanislaus County Superior Court | -20 11900 |

City Towers Building
801 10th Street, 4th Floor, Modesto, CA 95354

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John Glugoski, Righetti Glugoski, P.C., 456 Montgomery St. #1400, San Francisco, CA 94104 (415) 983-0900

| DATE: (Fecha) OCT 27 2014 | Clerk, by (Secretario) NOU XIONG-VANG | , Deputy (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Comcast of Contra Costa, Inc. a Washington Corporation

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☐ by personal delivery on (date): 11/3/14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | **Matthew Righetti, SBN 121012**
2 | **John Glugoski, SBN 191551**
   | **RIGHETTI GLUGOSKI, P.C.**
3 | 456 Montgomery Street, Suite 1400
   | San Francisco, CA 94104
4 | Telephone: (415) 983-0900
5 | Facsimile: (415) 397-9005

FILED
OCT 2 7 2014
CLERK of the SUPERIOR COURT
BY:
_____ DEPUTY

# 435 °²pd.

6

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **FOR THE COUNTY OF STANISLAUS**

9

10 | JOSEPH    JOSHUA    DAVIS,   PENNY
11 | SCHOONOVER, LEON GIBSON, DUSTIN
    | WAYNE HAGENS, RAYMOND AGUNDEZ,
12 | RAFAEL BARAJAS, JR.
13

**Case No.:**   -20 11900

**COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT:**

14 | Plaintiffs,

**(1) FAILURE TO PAY WAGES**

15 | vs.

**(2) BREACH OF IMPLIED CONTRACT**

**(3) DENIAL OF MEAL PERIODS**

16 | COMCAST CORPORATION, a Pennsylvania
    | Corporation; COMCAST OF CONTRA
17 | COSTA, INC., a Washington Corporation; and
    | DOES 1 through 50, Inclusive,
18

**(4) DENIAL OF REST PERIODS**

**(5) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 et seq.)**

19 | Defendants.
20
21

**(6) FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS**

22

23

24 | Joseph Joshua Davis, Penny Schoonover, Leon Gibson, Dustin Wayne Hagens, Raymond

25 | Agundez and Rafael Barajas, Jr. (hereinafter referred to as "Plaintiffs"), hereby submits this

26 | Complaint against Defendants COMCAST CORPORATION, COMCAST OF CONTRA

27 | COSTA, INC ("COMCAST"), and Does 1-50 (hereinafter collectively referred to as

28 | "Defendants") on behalf of themselves, as follows:

1

**COMPLAINT**

This case has been assigned to Judge WILLIAM A. MAYHEW
Department 21 for all purposes including trial

## INTRODUCTION

1. This action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226.7, 1194, 1198, and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 4.

2. This complaint challenges Defendants' systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of Defendants.

3. Plaintiffs are informed and believe and based thereon allege Defendants, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal and rest periods.

4. Plaintiffs are informed and believe and based thereon allege Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due, (b) the opportunity to take meal and rest periods, and (c) accurate, itemized wage statements.

5. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226.7, 1194, 1198 and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12 claims alleged herein.

7. Venue is proper because the alleged wrongs occurred in Stanislaus County. Defendants are located within California and Stanislaus County.   Plaintiffs worked for

2

1   Defendants in Stanislaus County. The events that are the subject of this action took place in
2   Stanislaus County.

3                                          **PARTIES**

4       **8.** Plaintiffs have been employed or are currently employed as service technicians with
5   Defendants within four years preceding the filing date of the initial class action Complaint
6   entitled Fayerweather v. Comcast Case No. MSC-08-01470. The filing of the Fayerweather class
7   action complaint on May 27, 2008 tolled the statute of limitations for the named Plaintiffs from
8   four years from the filing of the Fayerweather class action complaint to the present. Plaintiffs are
9   and were victims of the policies, practices and customs of Defendants complained of in this
10  action in ways that have deprived them of the rights guaranteed them by California Labor Code
11  §§ 204, 226.7, 1194 1198, and 512, California Business and Professions Code § 17200, et seq.,
12  (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare
13  Commission including IWC Wage Order No. 4 §§ 11 and 12. Plaintiffs all worked in Stanislaus
14  County, was and were employed by Defendants at all times relevant to this complaint in
15  Stanislaus. Plaintiffs all worked within 4 years of the filing of the Fayerweather v. Comcast
16  case.

18      **9.** Plaintiffs are informed and believe and based thereon allege Defendant COMCAST
19  CORPORATION was and is a California Corporation doing business in the State of California
20  with its principal place of business in Alameda County.

21      **10.** Plaintiffs are informed and believe and based thereon allege Defendants were a
22  California Corporation doing business in the State of California with its principal place of
23  business in Alameda County.

24      **11.**   Plaintiffs are informed and believe and based thereon allege that at all times herein
25  mentioned Defendants and DOES 1 through 50, are and were corporations, business entities,
26  individuals, and partnerships, licensed to do business and actually doing business in the State of
27  California. Defendants own and operate an industry, business and establishment throughout
28  California and is headquartered in Alameda County, for the purpose of providing cable, internet,

                                               3

                                          **COMPLAINT**

telephone and other communications services. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-204, 226.7, 1198, , and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12.

12.     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe and based thereon allege that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiffs to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.     Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

15.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

4

**16.** At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

**17.** At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS RELEVANT TO CAUSES OF ACTION

**18.** Defendants are a cable services and communications company.

**19.** Plaintiffs Lamberto Valencia, Mark A. Perdue, Philip Richard Martin and Estate of Efren Agana have all been employed by Defendants within the 4 years of the filing of the original Fayerweather v. Comcast Complaint. Plaintiffs report to Defendants' facilities for work at or around their regularly scheduled start times in the morning. Plaintiffs regularly scheduled start times are invariably on the hour, half-hour or quarter-hour. Plaintiffs then travel from job site to job site in a company vehicle.

**20.** Plaintiffs are/were required to carry portable Nextel devices which they were expected and instructed to use to record start and end times for work activities performed throughout the day such as repair work, installations, training, meetings, warehouse visits etc.... as well as start and end time for lunches, and start and end time for breaks.

**21.** In addition, Plaintiffs were required to remain on-duty during the entire work day with their Nextel communication devices on at all times so that Defendant could communicate with the Plaintiffs at all times of the work day. Defendant had a uniform policy and practice of contacting Plaintiffs through their Nextel devices at all times of the day including interrupting Plaintiffs during what would otherwise be meal periods and rest breaks. Defendant's employees including dispatchers and supervisors regularly used the Nextel devices throughout the work day to communicate with Plaintiffs. Since Plaintiffs were to remain "on-duty" at all times, Plaintiffs were expected and required to immediately respond and/or answer all communication from

5

1   Defendant at all times of the day. The purpose of these communications was to advise Plaintiffs
2   about their work activities, including rerouting and assignment of jobs as well as to obtain job
3   progress information from Plaintiffs. Job progress information was essential so that Defendant
4   could assess whether Plaintiffs could arrive on time to their next job assignment or if another
5   technician would need to be sent. Further, the job progress information was necessary so
6   Defendant could notify customers throughout the day whose job order was next in line as to
7   when the customers could expect Plaintiffs to arrive to complete work for the respective
8   customers.

9       **22.** Defendants instruct/instructed Plaintiffs to accurately record their "job status"
10  using the portable Nextel device, throughout the day including when they attempted to take
11  lunch or go on break but at the same time record on separate time sheets that would be turned in
12  before the work day commenced and/or was finished that they received an hour lunch which they
13  did not receive.

15      **23.** Defendants instruct/instructed Plaintiffs to accurately record all start and end time
16  of jobs, meal periods and breaks so that Defendant would know who was available to be sent to
17  another location and who was still working on a job and therefore could not be sent to another
18  location at that time.

19      **24.** Due to the workload required of Plaintiffs and the uniform policy of being "on-
20  duty" at all times, Plaintiffs work/worked for periods of more than five (5) hours without an
21  uninterrupted meal period of thirty (30) minutes.

22      **25.** Due to the workload required of Plaintiffs and the uniform policy of being "on-
23  duty" at all times, Plaintiffs work/worked for periods of more than four (4) hours without a rest
24  period of ten (10) minutes.

25      **26.** Due to the workload required of Plaintiffs, Plaintiffs were not paid for all hours
26  worked.

6

**COMPLAINT**

## FIRST CAUSE OF ACTION

# (FAILURE TO COMPENSATE FOR ALL HOURS WORKED PURSUANT TO IWC WAGE ORDER NO. 4 AND LABOR CODE § 1194)

27.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 as though fully set for herein.

28.     This cause of action is brought pursuant to Labor Code §1194, et seq., which provides that employees are entitled to wages and compensation for work performed, and provides a private right of action for failure to pay legal compensation for work performed, whether it be straight-time or overtime.

29.     At all times relevant herein, Defendants were required to compensate its non-exempt, hourly employees for all hours worked pursuant to in violation of California Labor Code §1194 and IWC Wage Order No. 4.

30.     As a pattern and practice, Defendants relied on punch data/time sheets in many instances filed out before the work day commenced to compensate Plaintiffs for hours worked rather than relying on the actual records that reflect hours worked and meal periods, i.e. the CSG records that were kept in real time. As a result, Plaintiffs were not compensated for all hours they were subject to the control of Defendants; including all time they were suffered or permitted to work.

31.     Plaintiffs are informed and believe and based thereon allege Defendants uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required Plaintiffs to work without appropriate pay. This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels. The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget. This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by required Plaintiffs to work without proper compensation because they were unable to take the meal periods which were automatically deducted from their time records.

7

**32.** As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of California <u>Labor Code</u> §1174.

**33.** The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and was done by managerial employees of Defendants. Plaintiffs are thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

**34.** Plaintiffs are informed and believe and based thereon allege Defendants willfully failed to pay employees proper compensation for all hours worked. Plaintiffs are informed and believe and based thereon allege Defendants' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to <u>Labor Code</u> § 203.

**35.** Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of straight time compensation and overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to California <u>Labor Code</u> §1194, <u>et seq.</u>

## SECOND CAUSE OF ACTION

## (FOR BREACH OF IMPLIED CONTRACT FORM BY CONDUCT: WORKING OFF-THE CLOCK)

**36.** Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**37.** Plaintiffs plead this cause of action as an alternative theory of liability to their

8

1  First Cause of Action.

2      **38.**   As noted by the United States Supreme Court, ""[A]n informal contract of
3  employment may arise by the simple act of handing a job applicant a shovel and providing a
4  workplace." Hishon v. King & Spalding, 467 U.S. 69, 74 (1984).

5      **39.**   The employment contracts between hourly-paid employees and Defendants, arise
6  from, among other things: Defendants' conduct of treating hourly-paid employees as their
7  employees; Defendants' standardized employee orientation; hourly-paid employees' pay-stubs;
8  Defendants' corporate meal break policy; and the distribution of the Handbook to hourly-paid
9  employees.

10     **40.**   By furnishing their labor on behalf of Defendants and/or with their knowledge
11 and/or acquiescence, hourly-paid employees duly performed all the conditions on their part
12 under their employment contracts.

13     **41.**   By failing to properly compensate hourly-paid employees for off-the-clock work,
14 Defendants breached their employment contracts with Plaintiffs.

15     **42.**   Plaintiffs suffered damages in the form of lost wages and benefits as a direct
16 result of Defendants' conduct. Defendants are liable to Plaintiffs for the damages incurred as a
17 result of Defendants' failure to pay Plaintiffs for their off-the-clock work.

## THIRD CAUSE OF ACTION

### (FOR FAILURE TO PROVIDE MEAL BREAKS

### IN VIOLATION OF LABOR CODE §§ 226.7 AND 512

### AND IWC WAGE ORDER NO. 4)

23     **43.**   Plaintiffs re-allege and incorporate by reference each and every allegation set
24 forth in the preceding paragraphs.

25     **44.**   Defendants failed in their affirmative obligation to ensure that all of their
26 employees, including Plaintiffs, were actually relieved of all duties, not performing any work,
27 and free to leave the premises during meal periods. Plaintiffs were suffered and permitted to
28 work through legally required meal breaks. As such, Defendant is responsible for paying

9

premium compensation for missed meal periods pursuant to <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 11(B). Defendants shall pay the each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal break was not provided.

**45.** Plaintiffs regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

**46.** As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation. Defendants did staff and schedule employees in such a manner and at such posts that would make it impossible for these employees to take their meal period as required under California law. This policy of requiring employees to work through their legally mandated meal periods is a violation of California law. Indeed, Defendants' own records, i.e. the CSG data, confirms whether an employee used the Nextel device to clock out for a meal period lasting not less than thirty minutes. For those instances where the CSG data shows a meal period lasting less than 30 minutes, Defendants did not compensate Plaintiff with an extra hour of pay.

47. Plaintiffs never received "off-duty" breaks because they were required by Defendants to keep their Nextel devices on and answer calls from dispatchers and supervisors throughout the day, including during their lunch breaks.

**48.** Plaintiff is informed and believes and based thereon alleges Defendants failure to provide Plaintiff with the opportunity to take meal breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiffs.

**49.** Plaintiffs are informed and believe and based thereon allege Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 11(B). Plaintiffs are informed and believe and based thereon allege Defendants' willful failure to provide Plaintiffs the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs who

have separated from employment are entitled to compensation pursuant to Labor Code § 203.

50. As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each meal period in violation of California Labor Code §1174 and § 4 of the applicable IWC Wage Order(s). This, despite the fact that Defendant knew the CSG data was an accurate record of meal periods taken and the length of each meal period.

51. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5 or 1194.

52. By requiring that Plaintiffs remain on duty during meal periods, Defendants' wrongful and illegal conduct in failing to provide Plaintiffs with the opportunity to take meal breaks and to provide premium compensation in accordance with Labor Code §§ 226.7 and 512 and IWC Wage Order No. 4 § 11(B) despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## FOURTH CAUSE OF ACTION

## (FOR FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF LABOR CODE §§ 226.7 AND 512 AND IWC WAGE ORDER NO. 4)

11

53. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

54. Defendants affirmatively prevented Plaintiff from taking legally mandated rest breaks. As such, Defendant is responsible for paying premium compensation for missed rest periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B). Defendants shall pay each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break was not provided.

55. Plaintiff regularly worked in excess of three and half (3 ½) hours per day. Defendants' policies and practices prevented Plaintiff from enjoying their right to a ten (10) minute rest period in the middle of each four (4) hour work period.

56. As a pattern and practice, Defendants regularly required employees to work through rest periods. Defendants and Defendants' supervisors assigned work, scheduled shifts, and staffed worksites in a manner that did not allow Plaintiff to regularly take rest periods.

57. Plaintiffs are informed and believes and based thereon alleges Defendants failure to provide Plaintiffs with the opportunity to take rest breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiffs, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights.

58. Plaintiffs are informed and believes and based thereon alleges Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B). Plaintiffs are informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiffs the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

59. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs identified

1  herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to
2  Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B), including interest thereon, penalties,
3  reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code
4  §§ 218.5 or 1194.

5      60.    Defendants' wrongful and illegal conduct in failing provide Plaintiffs' with the
6  opportunity to take rest breaks and to provide premium compensation in accordance with Labor
7  Code §§ 226.7 and 512 and IWC Wage Order No. 4§ 12(B) despite the clear legal obligation to
8  do so, unless and until enjoined and restrained by order of this court, will cause great and
9  irreparable injury to Plaintiff in that the Defendants will continue to violate these California
10 laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply
11 with same. This expectation of future violations will require current and future employees to
12 repeatedly and continuously seek legal redress in order to gain compensation to which they are
13 entitled under California law. Plaintiff has no other adequate remedy at law to insure future
14 compliance with the California labor laws and wage orders alleged to have been violated herein.
15

16                              **FIFTH CAUSE OF ACTION**

17      **(FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)**

18      61.    Plaintiffs re-allege and incorporate by reference each and every allegation set
19 forth in the preceding paragraphs.

20      62.    Defendants, and each of them, have engaged and continue to engage in unfair
21 business practices in California by practicing, employing and utilizing the employment practices
22 outlined above, inclusive, to wit, (a) not compensate employees for all hours worked, and (b) to
23 require employees to work through meal and rest periods.

24      63.    Defendants' utilization of such unfair business practices constitutes unfair
25 competition and provides an unfair advantage over Defendants' competitors.

26      64.    Plaintiffs seek, on their own behalves, full restitution of monies, as necessary and
27 according to proof, to restore any and all monies withheld, acquired and/or converted by the
28 Defendants by means of the unfair practices complained of herein.

13

**65.** Plaintiffs seek, on their own behalves, an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein.

**66.** The restitution includes the equivalent of (a) all unpaid wages for hours worked whether it be straight-time or overtime, and (b) all unpaid premium compensation mandated by Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) and 12(B), including interest thereon.

**67.** The acts complained of herein occurred within the last four years preceding the filing of the *Fayerweather* complaint.

**68.** Plaintiffs are informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiffs the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## SIXTH CAUSE OF ACTION

## (For Violation of LABOR CODE § 226

**69.** Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**70.** Plaintiffs have been harmed as described herein and set forth in the First, Second, Third, and Fourth Causes of Action.

**71.** As a pattern and practice, Defendant failed to furnish Plaintiffs, either semimonthly or at the time of each payment of wages, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing gross wages earned, total hours worked, and the applicable hourly rates and corresponding number of hours worked by Plaintiffs at each rate.

**72.** Defendant willfully and intentionally failed to provide Plaintiffs with accurate, itemized statements, to show on such itemized statements the proper total hours, including overtime hours, worked by Plaintiffs in that it required or suffered them to work and failed to pay

14

wages to them for all hours worked. Defendant willfully and intentionally failed to show accurate gross wages earned, total hours worked by Plaintiffs, and all applicable hourly rates and the corresponding number of hours worked by Plaintiffs at each rate.

73.    Moreover, Defendant failed to maintain the records required by Labor Code section 226(a) for at least three years at the place of employment or at a central location within the State of California. Instead, Defendant routinely destroyed the CSG data that contained the records confirming when Plaintiffs logged in and out of their Nextel devices for meal periods and rest breaks and to record work time.

74.    As such, Plaintiffs are entitled to payment from Defendant of the greater of actual damages or $50 for the initial pay period in which the violation occurred and $100 for each subsequent violation, up to a maximum of $4000, pursuant to Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on their own behalves prays for judgment as follows:

1.    Upon the First and Second Cause of Action, for consequential damages according to proof;

2.    Upon the First and Second Cause of Action, for punitive and exemplary damages according to proof;

3.    Upon the First and Second Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203;

4.    Upon the Third Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) related to meal breaks;

5.    Upon the Third Cause of Action, for waiting time compensation according to proof pursuant to California Labor Code § 203;

6.    Upon the Third Cause of Action, that Defendants be ordered to show cause why they

15

should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to meal breaks and record keeping for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

7. Upon the Fourth Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B) related to rest breaks;

8. Upon the Fourth Cause of Action, for waiting time compensation according to proof pursuant to California Labor Code § 203;

9. Upon the Fourth Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to rest breaks; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

10. Upon the Fifth Cause of Action, for restitution to Plaintiff of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code § 17200 et seq.;

11. Upon the Fifth Cause of Action, for an injunction to prohibit Defendants to engage in the unfair business practices complained of herein;

12. Upon the Fifth Cause of Action, for an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

13. Upon the Sixth Cause of Action, for actual damages or statutory penalties according to proof as set forth in California Labor Code § 226 and IWC Wage Order No. 4 § 7(B) related to record keeping;

14. Upon the Sixth Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's' employees

16

COMPLAINT

1    related to same; and for an order enjoining and restraining Defendants and their agents,

2    servants and employees related thereto;

3    15. For pre-judgment interest as allowed by California Labor Code §§ 218.5 or 1194 and

4        California Civil Code § 3287;

5    16. For reasonable attorneys' fees, expenses and costs as provided by California Labor

6        Code §§ 218.5 or 1194 and Code of Civil Procedure § 1021.5; and,

7    17. For such other and further relief the court may deem just and proper.

8

9    Dated: October 7, 2014                    RIGHETTI GLUGOSKI, P.C.

10

11

12                                          By:

13                                              John Glugoski
                                                Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

**EXHIBIT B to NOTICE OF REMOVAL**

**SUM-100**

# FIRST AMENDED SUMMONS
## (CITACION JUDICIAL)

*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST CORPORATION, a Pennsylvania Corporation;
COMCAST OF CONTRA COSTA, INC., a Washington Corporation;
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH JOSHUA DAVIS, PENNY SCHOONOVER, LEON GIBSON, DUSTIN

WAYNE HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR., Plaintiffs

**FILED**

NOV 0 7 2014

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY _____
COLLEEN SHORT DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanislaus County Superior Court

City Towers Building
801 10th Street, 4th Floor, Modesto, CA 95354

CASE NUMBER:
*(Número del Caso):* 20 11900

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Glugoski, Righetti Glugoski, P.C., 456 Montgomery St. #1400, San Francisco, CA 94104 (415) 983-0900

DATE: NOV 0 7 2014
*(Fecha)*

Clerk, by COLLEEN SHORT , Deputy
*(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* COMCAST CORPORATION et al.

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**FIRST AMENDED SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | Matthew Righetti, SBN 121012
2 | John Glugoski, SBN 191551
| **RIGHETTI GLUGOSKI, P.C.**
3 | 456 Montgomery Street, Suite 1400
| San Francisco, CA 94104
4 | Telephone: (415) 983-0900
| Facsimile: (415) 397-9005
5



**FILED**

NOV 07 2014

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY_____

COLLEEN SHORT DEPUTY

6

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **FOR THE COUNTY OF STANISLAUS**

9

| | |
|---|---|
| 10 JOSEPH JOSHUA DAVIS, PENNY SCHOONOVER, LEON GIBSON, DUSTIN WAYNE HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR. | **Case No.: 2011900** |
| | **FIRST AMENDED COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT:** |
| Plaintiffs, | **(1) FAILURE TO PAY WAGES** |
| vs. | **(2) BREACH OF IMPLIED CONTRACT** |
| COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive, | **(3) DENIAL OF MEAL PERIODS** |
| | **(4) DENIAL OF REST PERIODS** |
| Defendants. | **(5) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 et seq.)** |
| | **(6) FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS** |

24 | Joseph Joshua Davis, Penny Schoonover, Leon Gibson, Dustin Wayne Hagens, Raymond

25 | Agundez and Rafael Barajas, Jr. (hereinafter referred to as "Plaintiffs"), hereby submits this

26 | Complaint against Defendants COMCAST CORPORATION, COMCAST OF CONTRA

27 | COSTA, INC ("COMCAST"), and Does 1-50 (hereinafter collectively referred to as

1

"Defendants") on behalf of themselves, as follows:

## INTRODUCTION

**1.** This action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226.7, 1194, 1198, and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 4.

**2.** This complaint challenges Defendants' systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of Defendants.

**3.** Plaintiffs are informed and believe and based thereon allege Defendants, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal and rest periods.

**4.** Plaintiffs are informed and believe and based thereon allege Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due, (b) the opportunity to take meal and rest periods, and (c) accurate, itemized wage statements.

**5.** The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

**6.** The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226.7, 1194, 1198 and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12 claims alleged herein.

**7.** Venue is proper because the alleged wrongs occurred in Stanislaus County.

2

1  Defendants are located within California and Stanislaus County.    Plaintiffs worked for
2  Defendants in Stanislaus County.   The events that are the subject of this action took place in
3  Stanislaus County.

**PARTIES**

**8.**  Plaintiffs have been employed or are currently employed as service technicians with
Defendants within four years preceding the filing date of the initial class action Complaint
entitled Fayerweather v. Comcast Case No. MSC-08-01470. The filing of the Fayerweather class
action complaint on May 27, 2008 tolled the statute of limitations for the named Plaintiffs from
four years from the filing of the Fayerweather class action complaint to the present. Plaintiffs are
and were victims of the policies, practices and customs of Defendants complained of in this
action in ways that have deprived them of the rights guaranteed them by California <u>Labor Code</u>
§§ 204, 226.7, 1194 1198, and 512, California <u>Business and Professions Code</u> § 17200, et seq.,
(Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare
Commission including IWC Wage Order No. 4 §§ 11 and 12. Plaintiffs all worked in Stanislaus
County, was and were employed by Defendants at all times relevant to this complaint in
Stanislaus.  Plaintiffs all worked within 4 years of the filing of the Fayerweather v. Comcast
case.

**9.**  Plaintiffs are informed and believe and based thereon allege Defendant COMCAST
CORPORATION was and is a California Corporation doing business in the State of California
with its principal place of business in Alameda County.

**10.**  Plaintiffs are informed and believe and based thereon allege Defendants were a
California Corporation doing business in the State of California with its principal place of
business in Alameda County.

**11.**   Plaintiffs are informed and believe and based thereon allege that at all times herein
mentioned Defendants and DOES 1 through 50, are and were corporations, business entities,
individuals, and partnerships, licensed to do business and actually doing business in the State of
California.  Defendants own and operate an industry, business and establishment throughout

3

**FIRST AMENDED COMPLAINT**

California and is headquartered in Alameda County, for the purpose of providing cable, internet, telephone and other communications services. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-204, 226.7, 1198, , and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12.

12.     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe and based thereon allege that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiffs to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.     Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

15.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course

4

1    and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

2        **16.**    At all times herein mentioned, the acts and omissions of various Defendants, and

3    each of them, concurred and contributed to the various acts and omissions of each and all of the

4    other Defendants in proximately causing the injuries and damages as herein alleged.

5        **17.**    At all times herein mentioned, Defendants, and each of them, ratified each and

6    every act or omission complained of herein.  At all times herein mentioned, the Defendants, and

7    each of them, aided and abetted the acts and omissions of each and all of the other Defendants in

8    proximately causing the damages as herein alleged.

9                    **FACTUAL ALLEGATIONS RELEVANT TO CAUSES OF ACTION**

10        **18.**    Defendants are a cable services and communications company.

11        **19.**    Plaintiffs Joseph Joshua Davis, Penny Schoonover, Leon Gibson, Dustin Wayne

12   Hagens, Raymond Agundez and Rafael Barajas, Jr. have all been employed by Defendants

13   within the 4 years of the filing of the original Fayerweather v. Comcast Complaint. Plaintiffs

14   report to Defendants' facilities for work at or around their regularly scheduled start times in the

15   morning.  Plaintiffs regularly scheduled start times are invariably on the hour, half-hour or

16   quarter-hour. Plaintiffs then travel from job site to job site in a company vehicle.

17

18        **20.**    Plaintiffs are/were required to carry portable Nextel devices which they were

19   expected and instructed to use to record start and end times for work activities performed

20   throughout the day such as repair work, installations, training, meetings, warehouse visits etc....

21   as well as start and end time for lunches, and start and end time for breaks.

22        **21.**    In addition, Plaintiffs were required to remain on-duty during the entire work day

23   with their Nextel communication devices on at all times so that Defendant could communicate

24   with the Plaintiffs at all times of the work day. Defendant had a uniform policy and practice of

25   contacting Plaintiffs through their Nextel devices at all times of the day including interrupting

26   Plaintiffs during what would otherwise be meal periods and rest breaks. Defendant's employees

27   including dispatchers and supervisors regularly used the Nextel devices throughout the work day

28   to communicate with Plaintiffs. Since Plaintiffs were to remain "on-duty" at all times, Plaintiffs

were expected and required to immediately respond and/or answer all communication from Defendant at all times of the day.  The purpose of these communications was to advise Plaintiffs about their work activities, including rerouting and assignment of jobs as well as to obtain job progress information from Plaintiffs. Job progress information was essential so that Defendant could assess whether Plaintiffs could arrive on time to their next job assignment or if another technician would need to be sent.  Further, the job progress information was necessary so Defendant could notify customers throughout the day whose job order was next in line as to when the customers could expect Plaintiffs to arrive to complete work for the respective customers.

22.    Defendants instruct/instructed Plaintiffs to accurately record their "job status" using the portable Nextel device, throughout the day including when they attempted to take lunch or go on break but at the same time record on separate time sheets that would be turned in before the work day commenced and/or was finished that they received an hour lunch which they did not receive.

23.    Defendants instruct/instructed Plaintiffs to accurately record all start and end time of jobs, meal periods and breaks so that Defendant would know who was available to be sent to another location and who was still working on a job and therefore could not be sent to another location at that time.

24.    Due to the workload required of Plaintiffs and the uniform policy of being "on-duty" at all times, Plaintiffs work/worked for periods of more than five (5) hours without an uninterrupted meal period of thirty (30) minutes.

25.    Due to the workload required of Plaintiffs and the uniform policy of being "on-duty" at all times, Plaintiffs work/worked for periods of more than four (4) hours without a rest period of ten (10) minutes.

26.    Due to the workload required of Plaintiffs, Plaintiffs were not paid for all hours worked.

FIRST AMENDED COMPLAINT

## FIRST CAUSE OF ACTION

## (FAILURE TO COMPENSATE FOR ALL HOURS WORKED PURSUANT TO IWC WAGE ORDER NO. 4 AND <u>LABOR CODE</u> § 1194)

27.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 as though fully set for herein.

28.    This cause of action is brought pursuant to <u>Labor Code §1194</u>, et seq., which provides that employees are entitled to wages and compensation for work performed, and provides a private right of action for failure to pay legal compensation for work performed, whether it be straight-time or overtime.

29.    At all times relevant herein, Defendants were required to compensate its non-exempt, hourly employees for all hours worked pursuant to in violation of California <u>Labor Code</u> §1194 and IWC Wage Order No. 4.

30.    As a pattern and practice, Defendants relied on punch data/time sheets in many instances filed out before the work day commenced to compensate Plaintiffs for hours worked rather than relying on the actual records that reflect hours worked and meal periods, i.e. the CSG records that were kept in real time. As a result, Plaintiffs were not compensated for all hours they were subject to the control of Defendants; including all time they were suffered or permitted to work.

31.    Plaintiffs are informed and believe and based thereon allege Defendants uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required Plaintiffs to work without appropriate pay.  This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels.  The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget.  This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by required Plaintiffs to work without proper compensation because they were unable to take the meal periods which were automatically deducted from their time records.

FIRST AMENDED COMPLAINT

**32.**    As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of California <u>Labor Code</u> §1174.

**33.**    The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and was done by managerial employees of Defendants. Plaintiffs are thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

**34.**    Plaintiffs are informed and believe and based thereon allege Defendants willfully failed to pay employees proper compensation for all hours worked. Plaintiffs are informed and believe and based thereon allege Defendants' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to <u>Labor Code</u> § 203.

**35.**    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of straight time compensation and overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to California <u>Labor Code</u> §1194, <u>et seq.</u>

## SECOND CAUSE OF ACTION

## (FOR BREACH OF IMPLIED CONTRACT FORM BY CONDUCT:  WORKING OFF-THE CLOCK)

**36.**    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**37.**    Plaintiffs plead this cause of action as an alternative theory of liability to their

8

First Cause of Action.

**38.**    As noted by the United States Supreme Court, ""[A]n informal contract of employment may arise by the simple act of handing a job applicant a shovel and providing a workplace." <u>Hishon v. King & Spalding, 467 U.S. 69, 74 (1984)</u>.

**39.**    The employment contracts between hourly-paid employees and Defendants, arise from, among other things: Defendants' conduct of treating hourly-paid employees as their employees; Defendants' standardized employee orientation; hourly-paid employees' pay-stubs; Defendants' corporate meal break policy; and the distribution of the Handbook to hourly-paid employees.

**40.**    By furnishing their labor on behalf of Defendants and/or with their knowledge and/or acquiescence, hourly-paid employees duly performed all the conditions on their part under their employment contracts.

**41.**    By failing to properly compensate hourly-paid employees for off-the-clock work, Defendants breached their employment contracts with Plaintiffs.

**42.**    Plaintiffs suffered damages in the form of lost wages and benefits as a direct result of Defendants' conduct. Defendants are liable to Plaintiffs for the damages incurred as a result of Defendants' failure to pay Plaintiffs for their off-the-clock work.

**THIRD CAUSE OF ACTION**

**(FOR FAILURE TO PROVIDE MEAL BREAKS**

**IN VIOLATION OF <u>LABOR CODE</u> §§ 226.7 AND 512**

**AND IWC WAGE ORDER NO. 4)**

**43.**    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**44.**    Defendants failed in their affirmative obligation to ensure that all of their employees, including Plaintiffs, were actually relieved of all duties, not performing any work, and free to leave the premises during meal periods. Plaintiffs were suffered and permitted to work through legally required meal breaks. As such, Defendant is responsible for paying

9

1   premium compensation for missed meal periods pursuant to <u>Labor Code</u> § 226.7 and IWC Wage

2   Order No. 4 § 11(B). Defendants shall pay the each affected employee one (1) hour of pay at the

3   employee's regular rate of compensation for each workday that the meal break was not provided.

4       **45.**    Plaintiffs regularly worked in excess of five (5) hours per day and accordingly

5   had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

6       **46.**    As a pattern and practice, Defendants regularly required employees to work

7   through their meal periods without proper compensation.  Defendants did staff and schedule

8   employees in such a manner and at such posts that would make it impossible for these employees

9   to take their meal period as required under California law. This policy of requiring employees to

10  work through their legally mandated meal periods is a violation of California law.  Indeed,

11  Defendants' own records, i.e. the CSG data, confirms whether an employee used the Nextel

12  device to clock out for a meal period lasting not less than thirty minutes.  For those instances

13  where the CSG data shows a meal period lasting less than 30 minutes, Defendants did not

14  compensate Plaintiff with an extra hour of pay.

15

16      47. Plaintiffs never received "off-duty" breaks because they were required by Defendants

17  to keep their Nextel devices on and answer calls from dispatchers and supervisors throughout the

18  day, including during their lunch breaks.

19      **48.**    Plaintiff is informed and believes and based thereon alleges Defendants failure to

20  provide Plaintiff  with the opportunity to take meal breaks was willful and done with the

21  wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to

22  malice, and in conscious disregard of Plaintiffs.

23      **49.**    Plaintiffs are informed and believe and based thereon allege Defendants willfully

24  failed to pay employees who were not provided the opportunity to take meal breaks the premium

25  compensation set out in <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 11(B).  Plaintiffs are

26  informed and believe and based thereon allege Defendants' willful failure to provide Plaintiffs

27  the wages due and owing them upon separation from employment results in a continued payment

28  of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs who

**FIRST AMENDED COMPLAINT**

have separated from employment are entitled to compensation pursuant to <u>Labor Code</u> § 203.

50.    As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each meal period in violation of California <u>Labor Code</u> §1174 and § 4 of the applicable IWC Wage Order(s). This, despite the fact that Defendant knew the CSG data was an accurate record of meal periods taken and the length of each meal period.

51.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California <u>Labor Code</u> §§ 218.5 or 1194.

52.    By requiring that Plaintiffs remain on duty during meal periods, Defendants' wrongful and illegal conduct in failing to provide Plaintiffs with the opportunity to take meal breaks and to provide premium compensation in accordance with <u>Labor Code</u> §§ 226.7 and 512 and IWC Wage Order No. 4 § 11(B) despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## FOURTH CAUSE OF ACTION

### (FOR FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF <u>LABOR CODE</u> §§ 226.7 AND 512 AND IWC WAGE ORDER NO. 4)

11

1     **53.**     Plaintiffs re-allege and incorporate by reference each and every allegation set

2     forth in the preceding paragraphs.

3     **54.**     Defendants affirmatively prevented Plaintiff from taking legally mandated rest

4     breaks. As such, Defendant is responsible for paying premium compensation for missed rest

5     periods pursuant to <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 12(B). Defendants shall

6     pay each affected employee one (1) hour of pay at the employee's regular rate of compensation

7     for each workday that the rest break was not provided.

8     **55.**     Plaintiff regularly worked in excess of three and half (3 ½) hours per day.

9     Defendants' policies and practices prevented Plaintiff from enjoying their right to a ten (10)

10     minute rest period in the middle of each four (4) hour work period.

11     **56.**     As a pattern and practice, Defendants regularly required employees to work

12     through rest periods. Defendants and Defendants' supervisors assigned work, scheduled shifts,

13     and staffed worksites in a manner that did not allow Plaintiff to regularly take rest periods.

14     **57.**     Plaintiffs are informed and believes and based thereon alleges Defendants failure

15     to provide Plaintiffs with the opportunity to take rest breaks was willful and done with the

16     wrongful and deliberate intention of injuring Plaintiffs, from improper motives amounting to

17     malice, and in conscious disregard of Plaintiffs' rights.

18     **58.**     Plaintiffs are informed and believes and based thereon alleges Defendants

19     willfully failed to pay employees who were not provided the opportunity to take rest breaks the

20     premium compensation set out in <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 12(B).

21     Plaintiffs are informed and believes and based thereon alleges Defendants' willful failure to

22     provide Plaintiffs the wages due and owing them upon separation from employment results in a

23     continued payment of wages up to thirty (30) days from the time the wages were due. Therefore,

24     Plaintiffs who have separated from employment are entitled to compensation pursuant to <u>Labor</u>

25     <u>Code</u> § 203.

26     **59.**     Such a pattern, practice and uniform administration of corporate policy as

27     described herein is unlawful and creates an entitlement to recovery by the Plaintiffs identified

12

1  herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to

2  Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B), including interest thereon, penalties,

3  reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code

4  §§ 218.5 or 1194.

5      **60.**    Defendants' wrongful and illegal conduct in failing provide Plaintiffs' with the

6  opportunity to take rest breaks and to provide premium compensation in accordance with Labor

7  Code §§ 226.7 and 512 and IWC Wage Order No. 4§ 12(B) despite the clear legal obligation to

8  do so, unless and until enjoined and restrained by order of this court, will cause great and

9  irreparable injury to Plaintiff in that the Defendants will continue to violate these California

10 laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply

11 with same.  This expectation of future violations will require current and future employees to

12 repeatedly and continuously seek legal redress in order to gain compensation to which they are

13 entitled under California law.  Plaintiff has no other adequate remedy at law to insure future

14 compliance with the California labor laws and wage orders alleged to have been violated herein.

### FIFTH CAUSE OF ACTION

### (FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)

18      **61.**    Plaintiffs re-allege and incorporate by reference each and every allegation set

19 forth in the preceding paragraphs.

20      **62.**    Defendants, and each of them, have engaged and continue to engage in unfair

21 business practices in California by practicing, employing and utilizing the employment practices

22 outlined above, inclusive, to wit, (a) not compensate employees for all hours worked, and (b) to

23 require employees to work through meal and rest periods.

24      **63.**    Defendants' utilization of such unfair business practices constitutes unfair

25 competition and provides an unfair advantage over Defendants' competitors.

26      **64.**    Plaintiffs seek, on their own behalves, full restitution of monies, as necessary and

27 according to proof, to restore any and all monies withheld, acquired and/or converted by the

28 Defendants by means of the unfair practices complained of herein.

13

**FIRST AMENDED COMPLAINT**

**65.** Plaintiffs seek, on their own behalves, an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein.

**66.** The restitution includes the equivalent of (a) all unpaid wages for hours worked whether it be straight-time or overtime, and (b) all unpaid premium compensation mandated by Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) and 12(B), including interest thereon.

**67.** The acts complained of herein occurred within the last four years preceding the filing of the *Fayerweather* complaint.

**68.** Plaintiffs are informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiffs the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## SIXTH CAUSE OF ACTION

### (For Violation of LABOR CODE § 226

**69.** Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**70.** Plaintiffs have been harmed as described herein and set forth in the First, Second, Third, and Fourth Causes of Action.

**71.** As a pattern and practice, Defendant failed to furnish Plaintiffs, either semimonthly or at the time of each payment of wages, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing gross wages earned, total hours worked, and the applicable hourly rates and corresponding number of hours worked by Plaintiffs at each rate.

**72.** Defendant willfully and intentionally failed to provide Plaintiffs with accurate, itemized statements, to show on such itemized statements the proper total hours, including overtime hours, worked by Plaintiffs in that it required or suffered them to work and failed to pay

14

wages to them for all hours worked. Defendant willfully and intentionally failed to show accurate gross wages earned, total hours worked by Plaintiffs, and all applicable hourly rates and the corresponding number of hours worked by Plaintiffs at each rate.

73.    Moreover, Defendant failed to maintain the records required by Labor Code section 226(a) for at least three years at the place of employment or at a central location within the State of California. Instead, Defendant routinely destroyed the CSG data that contained the records confirming when Plaintiffs logged in and out of their Nextel devices for meal periods and rest breaks and to record work time.

74.    As such, Plaintiffs are entitled to payment from Defendant of the greater of actual damages or $50 for the initial pay period in which the violation occurred and $100 for each subsequent violation, up to a maximum of $4000, pursuant to Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on their own behalves prays for judgment as follows:

1.    Upon the First and Second Cause of Action, for consequential damages according to proof;

2.    Upon the First and Second Cause of Action, for punitive and exemplary damages according to proof;

3.    Upon the First and Second Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203;

4.    Upon the Third Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) related to meal breaks;

5.    Upon the Third Cause of Action, for waiting time compensation according to proof pursuant to California Labor Code § 203;

6.    Upon the Third Cause of Action, that Defendants be ordered to show cause why they

15

should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to meal breaks and record keeping for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

7. Upon the Fourth Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B) related to rest breaks;

8. Upon the Fourth Cause of Action, for waiting time compensation according to proof pursuant to California Labor Code § 203;

9. Upon the Fourth Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to rest breaks; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

10. Upon the Fifth Cause of Action, for restitution to Plaintiff of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code § 17200 et seq.;

11. Upon the Fifth Cause of Action, for an injunction to prohibit Defendants to engage in the unfair business practices complained of herein;

12. Upon the Fifth Cause of Action, for an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

13. Upon the Sixth Cause of Action, for actual damages or statutory penalties according to proof as set forth in California Labor Code § 226 and IWC Wage Order No. 4 § 7(B) related to record keeping;

14. Upon the Sixth Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's' employees

16

FIRST AMENDED COMPLAINT

related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

15. For pre-judgment interest as allowed by California <u>Labor Code</u> §§ 218.5 or 1194 and California <u>Civil Code</u> § 3287;

16. For reasonable attorneys' fees, expenses and costs as provided by California <u>Labor Code</u> §§ 218.5 or 1194 and <u>Code of Civil Procedure</u> § 1021.5; and,

17. For such other and further relief the court may deem just and proper.

Dated: November 5, 2014                    **RIGHETTI GLUGOSKI, P.C.**

By: _____
John Glugoski
Attorneys for Plaintiffs

17

**FIRST AMENDED COMPLAINT**