**EXHIBIT C1 to NOTICE OF REMOVAL**

1  FRED W. ALVAREZ, State Bar No. 68115
   ALLISON B. MOSER, State Bar No. 223065
2  JONES DAY
   Silicon Valley Office
3  1755 Embarcadero Rd.
   Palo Alto, CA 94303
4  Telephone: (650) 739-3939
   Facsimile: (650) 739-3900
5  Email: falvarez@jonesday.com
   Email: amoser@jonesday.com
6
7  TROY A. VALDEZ, State Bar No. 191478
   ERIN M. DOYLE, State Bar No. 233113
   VALDEZ TODD & DOYLE LLP
8  1901 Harrison Street, Suite 1450
   Oakland, California 94612
9  Telephone: (415) 202-5950
   Facsimile: (415) 202-5951
10 Email: tvaldez@vtdlaw.com
   Email: edoyle@vtdlaw.com
11
   Attorneys for Defendants
12 COMCAST CABLE COMMUNICATIONS
   MANAGEMENT, LLC, erroneously sued as
13 COMCAST CORPORATION and
   COMCAST OF CONTRA COSTA, INC.
14

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF STANISLAUS

**FILED BY FAX**

| | |
|---|---|
| JOSEPH JOSHUA DAVIS, PENNY SCHOONOVER, LEON GIBSON, DUSTIN WAYNE HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR., | CASE NO. 2011900<br><br>Assigned for all purposes, including Trial to Judge William A. Mayhew<br><br>Dept. 21 |
| Plaintiffs, | |
| v. | [PROPOSED] ORDER GRANTING REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT |
| COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive, | |
| Defendants. | Date: March 27, 2015<br>Time: 8:30 a.m.<br>Dept.: 21<br><br>Complaint filed October 27, 2014 |

JAN 2 8 2015

Defendant Comcast Cable Communications Management, LLC's, erroneously sued as Comcast Corporation and Comcast of Contra Costa, Inc., (hereinafter, "Comcast") Motion to Strike Portions of Complaint and Request for Judicial Notice in Support of Defendants' Motion to Strike Portions of Complaint came on for regularly-noticed hearing on March 27, 2015 at 8:30 a.m., in Department 21 of the above-entitled Court.

Having fully considered all of the papers filed in support of and opposition to the Request for Judicial Notice filed concurrently with Comcast's Motion to Strike Portions of Complaint, and argument of counsel, and good cause having been shown, the Court HEREBY GRANTS Comcast's Request for Judicial Notice and takes judicial notice of the following:

1. <u>Exhibit A</u> is a true and correct copy of the First Amended Complaint filed in *Fayerweather v. Comcast Corporation*, Contra Costa County Superior Court, Case No. MSC08-01470 (hereinafter, "*Fayerweather*").

2. <u>Exhibit B</u> is a true and correct copy of the Transcript of Proceedings, dated November 17, 2011, in *Fayerweather*.

3. <u>Exhibit C</u> is a true and correct copy of the Transcript of Proceedings, dated October 26, 2012, on the Order to Show Cause in *Fayerweather*.

4. <u>Exhibit D</u> is a true and correct copy of the Order Decertifying Class filed on December 15, 2012 in *Fayerweather*.

5. <u>Exhibit E</u> is a true and correct copy of the California Court of Appeal's opinion affirming *Fayerweather*, available at 2014 Cal. App. Unpub. LEXIS 6185.

Exhibits A, B, C, D, and E are records of California courts that are properly the subject of judicial notice under Evidence Code section 452(d)(1). Cal. Evid. Code § 452 ("Judicial notice may be taken of . . . records of any court of this state").

**IT IS SO ORDERED.**

Dated: _____, 2015

_____
Honorable Judge William A. Mayhew

2
**[PROPOSED] ORDER GRANTING REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT - CASE NO. 2011900**

1  FRED W. ALVAREZ, State Bar No. 68115
   ALLISON B. MOSER, State Bar No. 223065
2  JONES DAY
   Silicon Valley Office
3  1755 Embarcadero Rd.
   Palo Alto, CA 94303
4  Telephone: (650) 739-3939
   Facsimile: (650) 739-3900
5  Email: falvarez@jonesday.com
   Email: amoser@jonesday.com
6
   TROY A. VALDEZ, State Bar No. 191478
7  ERIN M. DOYLE, State Bar No. 233113
   VALDEZ TODD & DOYLE LLP
8  1901 Harrison Street, Suite 1450
   Oakland, California 94612
9  Telephone:  (415) 202-5950
   Facsimile:  (415) 202-5951
10 Email: tvaldez@vtdlaw.com
   Email: edoyle@vtdlaw.com
11
   Attorneys for Defendants
12 COMCAST CABLE COMMUNICATIONS
   MANAGEMENT, LLC, erroneously sued as
13 COMCAST CORPORATION and
   COMCAST OF CONTRA COSTA, INC.
14
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
15
                           FOR THE COUNTY OF STANISLAUS
16

| | |
|---|---|
| JOSEPH JOSHUA DAVIS, PENNY SCHOONOVER, LEON GIBSON, DUSTIN WAYNE HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR., <br><br>Plaintiffs, <br><br>v. <br><br>COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive, <br><br>Defendants. | CASE NO. 2011900  **FILED BY FAX** <br><br>Assigned for all purposes, including Trial to Judge William A. Mayhew <br><br>Dept. 21 <br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE COMPLAINT** <br><br>Date:  March 27, 2015 <br>Time:  8:30 a.m. <br>Dept.:  21 <br><br>Complaint filed October 27, 2014 |

(stamp: JAN 28 2015)

The Court, having considered Defendant Comcast Cable Communications Management, LLC's, erroneously sued as Comcast Corporation and Comcast of Contra Costa, Inc., (hereinafter, "Comcast") Motion to Strike Portions of Complaint and all evidence submitted therewith, good cause appearing, hereby the Court HEREBY GRANTS Comcast's Motion to Strike and orders the following language stricken from Plaintiffs' Complaint:

1. This complaint challenges Defendants' systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of Defendants. Page 2, ¶ 2.

2. Plaintiffs are informed and believe and based thereon allege Defendants, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal and rest periods. Page 2, ¶ 3.

3. Plaintiffs are informed and believe and based thereon allege Defendants have engaged in, among other things, a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees (a) all wages due, (b) the opportunity to take meal and rest periods, and (c) accurate, itemized wage statements. Page 2, ¶ 4.

4. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders. Page 2, ¶ 5.

5. . . . to the present. Page 3, ¶ 8 at line 8.

6. Plaintiffs are and were victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed them by California Labor Code § 204, 226.7, 1194, 1198, and

|   |   |   |
|---|---|---|
| 1 |    | 512, California Business and Professions Code § 17200, et seq., (Unfair Practices |
| 2 |    | Act) and the applicable wage order(s) issued by the Industrial Welfare |
| 3 |    | Commission including IWC Wage Order No. 4 §§ 11 and 12.  Page 3, ¶ 8 at lines |
| 4 |    | 8-13. |
| 5 | 7. | Defendant had a uniform policy and practice of contacting Plaintiffs through |
| 6 |    | their Nextel devices at all times of the day including interrupting Plaintiffs during |
| 7 |    | what would otherwise be meal periods and rest breaks.  Page 5, ¶ 21 at lines 23- |
| 8 |    | 25. |
| 9 | 8. | . . . and the uniform policy of being "on duty" at all times . . .  Page 6, ¶ 24 at |
| 10 |   | lines 19-20. |
| 11 | 9. | . . . and the uniform policy of being "on duty" at all times . . .  Page 6, ¶ 25 at |
| 12 |   | lines 22-23. |
| 13 | 10. | As a pattern and practice, Defendants relied on punch data/time sheets in many |
| 14 |    | instances filed [sic] out before the work day commenced to compensate Plaintiffs |
| 15 |    | for hours worked rather than relying on the actual records that reflect hours |
| 16 |    | worked and meal periods, i.e. the CSG records that were kept in real time.  As a |
| 17 |    | result, Plaintiffs were not compensated for all hours they were subject to the |
| 18 |    | control of Defendants, including all time they were suffered or permitted to work. |
| 19 |    | Page 7, ¶ 30. |
| 20 | 11. | Plaintiffs are informed and believe and based thereon allege Defendants |
| 21 |    | uniformly administered a corporate policy concerning staffing levels, duties, and |
| 22 |    | responsibilities which required Plaintiffs to work without appropriate pay.  This |
| 23 |    | included a uniform corporate pattern and practice of allocating and authorizing |
| 24 |    | inadequate staffing levels.  The inadequate staffing levels were enforced and |
| 25 |    | ensured through the uniform and mandated corporate policy of a minimal labor |
| 26 |    | budget.  This corporate conduct is accomplished with the advance knowledge |
| 27 |    | and designed intent to save labor costs by required [sic] Plaintiffs to work |
| 28 |    |   |

3

[PROPOSED] ORDER GRANTING DEFENDANT'S NOTICE OF MOTION AND MOTION TO
STRIKE PORTIONS OF THE COMPLAINT - CASE NO. 2011900

without proper compensation because they were unable to take the meal periods which were automatically deducted from their time records.  Page 7, ¶ 31.

12. As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of California Labor Code § 1174.  Page 8, ¶ 32.

13. Plaintiffs are informed and believe and based thereon allege Defendants willfully failed to pay employees proper compensation for all hours worked.  Plaintiffs are informed and believe and based thereon allege Defendants' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to Labor Code § 203.  Page 8, ¶ 34.

14. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff [sic] in a civil action, for the unpaid balance of the full amount of straight time compensation and overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to Labor Code § 1194, et seq.  Page 8, ¶ 35.

15. By failing to properly compensate hourly-paid employees for off-the-clock work, Defendants breached their employment contracts with Plaintiffs.  Page 9, ¶ 41.

16. Defendants failed in their affirmative obligation to ensure that all of their employees, including Plaintiffs, were actually relieved of all duties, not performing any work, and free to leave the premises during meal periods. Plaintiffs were suffered and permitted to work through legally required meal breaks.  As such, Defendant is responsible for paying premium compensation for

missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B).  Defendants shall pay the [sic] each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal break was not provided.  Pages 9-10, ¶ 44.

17. As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation.  Defendants did staff and schedule employees in such a manner and at such posts that would make it impossible for these employees to take their meal period as required under California law.  This policy of requiring employees to work through their legally mandated meal periods is a violation of California law.  Indeed, Defendants' own records, i.e. the CSG data, confirms whether an employee used the Nextel device to clock out for a meal period lasting not less than thirty minutes.  For those instances where the CSG data shows a meal period lasting less than 30 minutes, Defendants did not compensate Plaintiff with an extra hour of pay.  Page 10, ¶ 46.

18. Plaintiffs are informed and believe and based thereon allege Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No 4 § 11(B).  Plaintiffs are informed and believe and based thereon allege Defendants' willful failure to provide Plaintiffs the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to Labor Code § 203.  Pages 10-11, ¶ 49.

19. As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each meal period in violation of California Labor Code § 1174 and § 4 of the applicable IWC Wage Order(s).  This, despite the fact that Defendant knew the

5

|   |   |   |
|---|---|---|
| 1 |   | CSG data was an accurate record of meal periods taken and the length of each |
| 2 |   | meal period. Page 11, ¶ 50. |
| 3 | 20. | Such a pattern, practice and uniform administration of corporate policy as |
| 4 |   | described herein is unlawful and creates an entitlement to recovery by the |
| 5 |   | Plaintiff [sic] identified herein, in a civil action, for the unpaid balance of the |
| 6 |   | unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage |
| 7 |   | Order No 4 § 11(B), including interest thereon, penalties, reasonable attorneys' |
| 8 |   | fees, and costs of suit according to the mandate of California Labor Code §§ |
| 9 |   | 218.5 or 1194. Page 11, ¶ 51. |
| 10 | 21. | Plaintiff regularly worked in excess of three and half (3 ½) hours per day |
| 11 |   | Defendants' policies and practices prevented Plaintiff [sic] from enjoying their |
| 12 |   | right to a ten (10) minute rest period in the middle of each four (4) hour work |
| 13 |   | period. Page 12, ¶ 55. |
| 14 | 22. | As a pattern and practice, Defendants regularly required employees to work |
| 15 |   | through rest periods. Defendants and Defendants' supervisors assigned work, |
| 16 |   | scheduled shifts, and staffed worksites in a manner that did not allow Plaintiff |
| 17 |   | [sic] to regularly take rest periods. Page 12, ¶ 56. |
| 18 | 23. | Plaintiffs are informed and believes [sic] and based thereon alleges [sic] |
| 19 |   | Defendants willfully failed to pay employees who were not provided the |
| 20 |   | opportunity to take rest breaks the premium compensation set out in Labor Code |
| 21 |   | 226.7 and IWC Wage Order No 4 § 12(B). Plaintiffs are informed and believes |
| 22 |   | and based thereon alleges [sic] Defendants' willful failure to provide Plaintiffs |
| 23 |   | the wages due and owing them upon separation from employment results in a |
| 24 |   | continued payment of wages up to thirty (30) days from the time the wages were |
| 25 |   | due. Therefore, Plaintiffs who have separated from employment are entitled to |
| 26 |   | compensation pursuant to Labor Code § 203. Page 12, ¶ 58. |
| 27 | 24. | Such a pattern, practice and uniform administration of corporate policy as |
| 28 |   | described herein is unlawful and creates an entitlement to recovery by the |

6
**[PROPOSED] ORDER GRANTING DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE COMPLAINT - CASE NO. 2011900**

|    |     |     |
|----|-----|-----|
| 1  |     | Plaintiffs identified herein, in a civil action, for the unpaid balance of the unpaid |
| 2  |     | premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order |
| 3  |     | No 4 § 12(B), including interest thereon, penalties, reasonable attorney's [sic] |
| 4  |     | fees, and costs of suit according to the mandate of California Labor Code §§ |
| 5  |     | 218.5 or 1194.  Pages 12-13, ¶ 59. |
| 6  | 25. | Defendants, and each of them, have engaged and continue to engage in unfair |
| 7  |     | business practices in California by practicing, employing and utilizing the |
| 8  |     | employment practices outlined above, inclusive, to wit, (a) not compensate |
| 9  |     | employees for all hours worked, and (b) to require employees to work through |
| 10 |     | meal and rest periods.  Page 13, ¶ 62. |
| 11 | 26. | As a pattern and practice, Defendant failed to furnish Plaintiffs, either |
| 12 |     | semimonthly or at the time of each payment of wages, either as a detachable part |
| 13 |     | of the check or separately, an accurate, itemized statement in writing showing |
| 14 |     | gross wages earned, total hours worked, and the applicable hourly rates and |
| 15 |     | corresponding number of hours worked by Plaintiffs at each rate.  Page 14, ¶ 71. |

**IT IS SO ORDERED.**

Dated: _____, 2015

_____
Honorable Judge William A. Mayhew

7

**[PROPOSED] ORDER GRANTING DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE COMPLAINT - CASE NO. 2011900**

```
 1  FRED W. ALVAREZ, State Bar No. 68115
    ALLISON B. MOSER, State Bar No. 223065
 2  JONES DAY
    Silicon Valley Office
 3  1755 Embarcadero Rd.
    Palo Alto, CA 94303
 4  Telephone: (650) 739-3939
    Facsimile: (650) 739-3900
 5  Email: falvarez@jonesday.com
    Email: amoser@jonesday.com
 6
    TROY A. VALDEZ, State Bar No. 191478
 7  ERIN M. DOYLE, State Bar No. 233113
    VALDEZ TODD & DOYLE LLP
 8  1901 Harrison Street, Suite 1450
    Oakland, California 94612
 9  Telephone: (415) 202-5950
    Facsimile: (415) 202-5951
10  Email: tvaldez@vtdlaw.com
    Email: edoyle@vtdlaw.com
11
    Attorneys for Defendants
12  COMCAST CABLE COMMUNICATIONS
    MANAGEMENT, LLC, erroneously sued as
13  COMCAST CORPORATION and
    COMCAST OF CONTRA COSTA, INC.
```

FILED
2015 JAN 28 AM 9: 56
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY EVA REYES
                    DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF STANISLAUS

**FILED BY FAX**

| | |
|---|---|
| JOSEPH JOSHUA DAVIS, PENNY SCHOONOVER, LEON GIBSON, DUSTIN WAYNE HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | CASE NO. 2011900<br><br>Assigned for all purposes, including Trial to Judge William A. Mayhew<br>Dept. 21<br><br>**PROOF OF SERVICE**<br><br>Date:   March 27, 2015<br>Time:  8:30 a.m.<br>Dept.:  21<br><br>Complaint filed October 27, 2014 |

PROOF OF SERVICE - CASE NO. 2011900

**PROOF OF SERVICE**

I, Margarita M. Lopez, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Silicon Valley Office, 1755 Embarcadero Road, Palo Alto, California 94303. On January 28, 2015, I served a copy of the within document(s):

1. **DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE COMPLAINT**

2. **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE COMPLAINT**

3. **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT**

4. **[PROPOSED] ORDER GRANTING REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT**

5. **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☒ by causing hand delivery the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

PROOF OF SERVICE - CASE NO. 2011900

Matthew Righetti (SBN 121012)
John Glugoski (SBN 191551)
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104

*Attorneys for Plaintiffs*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 28, 2015, at Palo Alto, California.

_____
Margarita M. Lopez

SVI-700159433v1

| Attorney or Party without Attorney:<br>FRED W. ALVAREZ (SBN 68115)<br>JONES DAY<br>1755 EMBARCADERO ROAD<br>PALO ALTO, CA 94303<br>Telephone No: (650) 739-3939   FAX No: (650) 739-3900<br>Ref. No. or File No.:<br>Attorney for: Defendant | For Court Use Only<br>FILED<br>2015 JAN 29 PM 2:11<br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF STANISLAUS<br>BY _____ COLLEEN SHORT DEPUTY |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
STANISLAUS COUNTY SUPERIOR COURT

Plaintiff: JOSEPH JOSHUA DAVIS, ET AL.
Defendant: COMCAST CORPORATION, ET AL.

| PROOF OF SERVICE<br>HAND DELIVERY | Hearing Date:<br>Fri, Mar. 27, 2015 | Time:<br>8:30AM | Dept/Div:<br>21 | Case Number:<br>2011900 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the [Proposed] Order Granting Defendant?s Notice Of Motion And Motion To Strike Portions Of The Complaint; Proof Of Service; Defendant?s Notice Of Motion And Motion To Strike Portions Of The Complaint; Defendant?s Memorandum Of Points And Authorities In Support Of Its Motion To Strike Portions Of The Complaint; Request For Judicial Notice In Support Of Defendant?s Motion To Strike Portions Of The Complaint; [Proposed] Order Granting Request For Judicial Notice In Support Of Defendant?s Motion To Strike Portions Of The Complaint.

3. a. Party served:       RIGHETTI GLUGOSKI, P.C.
   b. Person served:      MELISSA HOUSTON, PERSON IN CHARGE

4. Address where the party was served:   ATT: MATTHEW RIGHETTI
                                         456 MONTGOMERY STREET
                                         SUITE 1400
                                         SAN FRANCISCO, CA 94104

**FILED BY FAX**

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party on: Wed., Jan. 28, 2015 at: 10:56AM, to the person(s) indicated below in the manner as provided in 1011 CCP.
      MELISSA HOUSTON, PERSON IN CHARGE
   (1) **(Business)** I informed him or her of the general nature of the papers.

7. *Person Who Served Papers:*                                  Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. CHRISTOPHER ANDERSON
                                                                d. *The Fee* for Service was:

   First Legal
   600 W. Santa Ana Boulevard, Suite 101
   Santa Ana, CA 92701
   Telephone  (714) 541-1110
   FAX        (714) 541-8182
   www.firstlegalnetwork.com

   e. I am: Not a Registered California Process Server

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Wed, Jan. 28, 2015

                                                                (CHRISTOPHER ANDERSON)

Judicial Council Form                   PROOF OF SERVICE                      9001324  jonda-pa.676330
Rule 2.150.(a)&(b) Rev January 1, 2007  HAND DELIVERY