**EXHIBIT E  to NOTICE OF REMOVAL**

1   FRED W. ALVAREZ, State Bar No. 68115
    ALLISON B. MOSER, State Bar No. 223065
2   JONES DAY
    Silicon Valley Office
3   1755 Embarcadero Rd.
    Palo Alto, CA 94303
4   Telephone: (650) 739-3939
    Facsimile: (650) 739-3900
5   Email: falvarez@jonesday.com
    Email: amoser@jonesday.com
6
    TROY A. VALDEZ, State Bar No. 191478
7   ERIN M. DOYLE, State Bar No. 233113
    VALDEZ TODD & DOYLE LLP
8   1901 Harrison Street, Suite 1450
    Oakland, California 94612
9   Telephone:  (415) 202-5950
    Facsimile:  (415) 202-5951
10  Email: tvaldez@vtdlaw.com
    Email: edoyle@vtdlaw.com
11
    Attorneys for Defendants
12  COMCAST CABLE COMMUNICATIONS
    MANAGEMENT, LLC, erroneously sued as
13  COMCAST CORPORATION and
    COMCAST OF CONTRA COSTA, INC.
14

FILED

MAR 2 0 2015

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY _____
                        DEPUTY
GUADALUPE REYNOSO

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                    FOR THE COUNTY OF STANISLAUS

17

18  JOSEPH JOSHUA DAVIS, PENNY          CASE NO. 2011900   FILED BY FAX
    SCHOONOVER, LEON GIBSON,
19  DUSTIN WAYNE HAGENS, RAYMOND        Assigned for all purposes, including Trial
    AGUNDEZ, RAFAEL BARAJAS, JR.,       to Judge William A. Mayhew

20          Plaintiffs,                 Dept. 21

21      v.

22  COMCAST CORPORATION, a              **DEFENDANT'S REPLY IN SUPPORT OF**
    Pennsylvania Corporation; COMCAST OF **ITS MOTION TO STRIKE PORTIONS OF**
23  CONTRA COSTA, INC., a Washington    **THE COMPLAINT**
    Corporation; and DOES 1 through 50,
24  Inclusive,                          Date:   March 27, 2015
                                        Time:   8:30 a.m.
25          Defendants.                 Dept.:  21

26                                      Complaint filed October 27, 2014

27

28

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ..................................................................................................... 1

     A.   Collateral Estoppel Does Not Preclude Comcast's Tolling and Collateral
          Estoppel Arguments ............................................................................. 1

     B.   Plaintiffs' Complaint Contains an Incorrect Statement of Law that
          Attempts to Extend the Period of Equitable Tolling Beyond the Date of the
          Decertification Order ........................................................................... 3

          1.   Plaintiffs Fail to Distinguish Federal Case Law Interpreting the
               American Pipe Doctrine ............................................................... 4

          2.   Courts Have Unanimously Held that Equitable Tolling Does Not
               Extend Through the Appeals Process ........................................... 5

     C.   Collateral Estoppel Precludes Plaintiffs' Policy, Pattern and Practice
          Claims, Which Were Necessarily Adjudicated on the Merits in the
          Fayerweather Action and Are Binding on Plaintiffs .................................. 7

          1.   The Fayerweather Decertification Order Considered and Rejected
               Policy, Pattern, and Practice Claims Identical to Those Brought by
               Plaintiffs .................................................................................... 7

          2.   Applying Collateral Estoppel in This Case Satisfies Due Process
               Because Plaintiffs Are in Privity with Fayerweather ....................... 9

     D.   Plaintiffs Concede That Their Complaint Misstates the Law Regarding
          Meal Breaks ...................................................................................... 10

III. CONCLUSION ................................................................................................ 11

i

I.   **INTRODUCTION**

Plaintiffs seek to rely on the federal tolling rule created by the United States Supreme Court in *American Pipe & Construction v. Utah*, 414 U.S. 538 (1974). Yet, without any California authority to support their position, and contrary to every federal circuit court that has considered the issue, including one District Court interpreting California class action law, Plaintiffs seek to avoid the clear and consistent rule for when tolling under American Pipe stops. Plaintiffs' Opposition to Comcast's Motion to Strike ("Opposition") provides no persuasive reason that this Court should deviate from consistent precedent holding that equitable tolling applies only until a class is decertified—not through the appeals process. This Court should hold, consistent with the United States Supreme Court's opinion in *American Pipe*, that Plaintiffs' claims may be tolled only until the Decertification Order in the *Fayerweather* lawsuit was issued on December 15, 2012.

Further, Plaintiffs ignore the factual conclusions underlying the Decertification Order finding that Comcast's policies, patterns, and practices are not unlawful. Because these policies, patterns, and practices were fully litigated at the *Fayerweather* class decertification hearing and because the parties, claims, and counsel were identical in that case, collateral estoppel prevents Plaintiffs from relitigating these issues. Importantly, Comcast does not seek to prevent Plaintiffs from bringing individual claims alleging that they suffered harm on an individual basis; however, Comcast should not be required to repeatedly defend the same policies, patterns, or practices that have been extensively briefed, fully litigated, and finally adjudicated.

Finally, Plaintiffs fail to contest, and therefore concede, that Plaintiffs' Third Cause of Action relies on an improper statement of law regarding meal break policy. Therefore, this incorrect statement of law should be stricken from Plaintiffs' Complaint.

II.   **ARGUMENT**

    A.   **Collateral Estoppel Does Not Preclude Comcast's Tolling and Collateral Estoppel Arguments.**

The California Supreme Court has consistently recognized that there must be flexibility in the application of collateral estoppel, even when the minimum requirements have been met. *See*,

1

1     *e.g.*, *Lucido v. Superior Court*, 51 Cal. 3d 335 (Cal. 1990); *United States Fire Ins. Co. v.*

2     *Johansen*, 270 Cal. App. 2d 824, 834 (Cal. App. 2d Dist. 1969). Consideration of the policies

3     underlying collateral estoppel, including preservation of the integrity of the judicial system and

4     protection of litigants from harassment by vexatious litigation, "strongly influence whether its

5     application in a particular circumstance would be fair to the parties and constitutes sound judicial

6     policy." *Lucido*, 51 Cal. 3d at 343. Particularly "when the issue is a question of law rather than

7     of fact, the prior determination is not conclusive . . . if injustice would result." *City of*

8     *Sacramento v. State of California*, 50 Cal. 3d 51, 64 (Cal. 1990).

9         The policies underlying collateral estoppel do not justify its application to this Motion.

10     Several California Superior Courts have already reached different and conflicting conclusions on

11     the merits of Comcast's motion. The first order on Defendant's Motion to Strike was issued by

12     the Honorable Judge Mary E. Arand of the Santa Clara Superior Court on January 29, 2015 and

13     granted Comcast's Motion with regard to both the meal break argument and the tolling argument.

14     See Defendant's Supplemental Request for Judicial Notice, Exhibit 1 (order signed on January

15     29, 2015 by the Honorable Judge Mary E. Arand of the Santa Clara Superior Court). Electing to

16     disregard this order and instead follow the second and third Orders issued by the Sutter County

17     and Santa Clara County Superior Courts would be arbitrary and would not preserve the integrity

18     of the judicial system. Further, there are inconsistencies even between the two orders Plaintiffs

19     rely on. The Sutter County Superior Court denied Comcast's Motion as to the uncontested

20     misstatement of law regarding Comcast's meal break policy, while the San Mateo Superior Court

21     granted the Motion as to this issue.[1] Thus, there is no consistent guidance for this court to follow

22     in applying collateral estoppel. Additionally, protection from vexatious litigation is not a concern

23     here, where Comcast has been forced to defend itself against at least 20 identical lawsuits in 20

24     different counties in California. Precluding Comcast from asserting the same legal arguments in

25

26         [1] Additionally, the Sutter County Court did not make any final decision on the merits of
Comcast's position with respect to the tolling issue. While it is not stated in its summary order,

27     the Sutter Court, at oral argument specifically stated that it was not ready to rule on the issue at
the pleading stage, and that its order was not with prejudice to Comcast raising it at a later stage

28     in the litigation. Declaration of Troy A. Valdez at ¶ 3.

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE
COMPLAINT - CASE NO. 2011900**

1    each of these identical cases simply does not further the policies that collateral estoppel is aimed

2    to address.

3            Instead, it would be patently unjust to apply collateral estoppel to foreclose the legal

4    arguments in Comcast's Motion because it would have the effect of binding each successive court

5    to the legal conclusions of the first superior court to hear the issue (or, as Plaintiffs request here,

6    the first court to rule in Plaintiffs' favor).  In fact, the "long recognized" one-way intervention

7    doctrine cited in Plaintiffs' Opposition demonstrates the problem with applying estoppel here.

8    Opposition at page 8, line 2.  In explaining the policy underlying the one-way intervention

9    doctrine, Plaintiffs cite the example that "one plaintiff could sue and lose; another could sue and

10    lose; and another and another, until one finally prevailed; then everyone else would ride on that

11    single success."  Opposition at page 8, lines 13-14.  That is precisely what Plaintiffs are

12    attempting to do here.  Plaintiffs fail to mention that the very first Order on Comcast's Motion to

13    Strike granted Comcast's Motion with regard to both the meal break argument and the tolling

14    argument.  See Defendant's Supplemental Request for Judicial Notice, Exhibit 1.  Instead,

15    Plaintiffs waited until an order was issued in their favor and now attempt to rely on that order to

16    preclude Comcast's arguments.  Thus, this Court should not find that Comcast's tolling and

17    collateral estoppel arguments are precluded and should instead decide Comcast's Motion on the

18    merits.

19        **B.**    **Plaintiffs' Complaint Contains an Incorrect Statement of Law that Attempts**

20               **to Extend the Period of Equitable Tolling Beyond the Date of the Decertification Order.**

21           Through its motion, Comcast is not seeking to preclude any Plaintiff's claim.  Rather it is

22    merely seeking to strike an incorrect statement of law from the operative complaint.  Comcast

23    does not dispute that equitable tolling may apply up to December 15, 2012, the date of the

24    Decertification Order.  This Court should, however, deny Plaintiffs attempts to further expand the

25    already "generous" equitable tolling doctrine set forth in *American Pipe*.  *See* Opposition at page

26    11, line 16 (citing the court's concern in *Becker v. McMillin Constr. Co.*, 226 Cal. App. 3d 1493

27    (1991), regarding the danger of abuse of the "generous" rule of *American Pipe*).  Plaintiffs'

28    interpretation of *American Pipe* is at odds with the Supreme Court's explicit holding as well as

3

1    the interpretation of every federal court that has considered whether tolling, under this federally

2    created rule, extends through the appeals process.

3              1.    **Plaintiffs Fail to Distinguish Federal Case Law Interpreting the**
                     ***American Pipe* Doctrine.**
4

5              Plaintiffs seek to take advantage of a federal rule, but simultaneously urge this Court to

6    disregard federal case law interpreting that rule.  Contrary to Plaintiffs' assertions, even though

7    no California state court has considered the precise issue of whether the appeal of a

8    decertification order extends the tolling period, this Court need not start with a blank slate.

9    Instead, this Court should look to the only precedent interpreting *American Pipe* tolling under

10   California law.  In *In re Countrywide Financial Corporation Mortgage-Backed Securities*

11   *Litigation*, No. 2:11-CV-07166-MRP, 2012 WL 1097244, at *4 (C.D. Cal. Mar. 9, 2012), the

12   District Court for the Central District of California considered whether *American Pipe* tolling

13   extends past a state court's dismissal of a class action and held that it does not.  Even in that case,

14   where the class action was later reinstated by the California Court of Appeals, the court held that

15   tolling ends "when the trial court issues a decision that strips the action of its status as a putative

16   class action."  *Id.*  Because it was no longer reasonable for plaintiffs to rely on the class action

17   following dismissal, the principles underlying equitable tolling did not apply through the appeals

18   process.  *Id.*  This is because, once a "class-certification motion has been denied, the plaintiff

19   represents himself or herself only, not putative class members."  *Experian Information Solutions,*

20   *Inc. v. Super. Ct.*, 138 Cal. App. 4th 122, 131 (2006).

21             As explained below, this outcome is consistent with the language of *American Pipe* and

22   the analysis of every federal court that has considered whether an appeal extends the already

23   generous tolling *American Pipe* provides.  Pursuant to the California Supreme Court's guidance

24   in *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1118 (Cal. 1988), "in the absence of controlling state

25   authority, California courts should utilize the procedures of rule 23 of the Federal Rules of Civil

26   Procedure."  Indeed, this principle is echoed in *Stephen v. Enterprise Rent-A-Car*, 235 Cal. App.

27   3d 806, 812 (Ct. App. 1991), the same case Plaintiffs rely on in arguing that the numerous federal

28   cases interpreting the *American Pipe* doctrine in analogous situations must be ignored.  *Stephen,*

4

1   235 Cal. App. 3d at 812 (noting that "California cases draw[] on rule 23 for guidance in the

2   development of state law"). Plaintiffs' reliance on *Stephen* to distinguish federal class action law

3   is predicated on an incorrect understanding of the applicable federal law. When *Stephen* was

4   decided in 1991, Federal Rule of Civil Procedure 23 did not allow for immediate appeal of a

5   denial of class certification. Plaintiffs fail to take into account, however, that Rule 23 was

6   amended in 1998 to add subsection (f), which **does** allow for appeal of a denial of class

7   certification. *Compare* F.R.C.P. 23(f) ("A court of appeals may permit an appeal from an order

8   granting or denying class-action certification under this rule if a petition for permission to appeal

9   is filed with the circuit clerk . . .") *with* Opposition, page 9, line 1 ("FRC Rule 23(f) confirms that

10  a denial of class certification is not an appealable order."). Accordingly, the distinction Plaintiff

11  draws between California law and federal law is outdated and unpersuasive.

12              **2.      Every Federal Court That Has Considered the Issue Has Held that
                          Equitable Tolling Does Not Extend Through the Appeals Process.**

13              Under *American Pipe*, a pending class action may toll the statute of limitations "only

14  during the pendency of the motion to strip the suit of its class action character."[2] *American Pipe*,

15  414 U.S. at 561. Plaintiffs fail to cite a single case supporting their interpretation that the

16  equitable tolling doctrine extends through the entire appeals process. To the contrary, every case

17  that Plaintiffs cite has held, consistent with Comcast's position, that equitable tolling applies only

18  "until class certification is denied." *See, e.g., In re Countrywide Fin. Corp. Mortgage-Backed*

19  *Sec. Litig.*, 2012 WL 1097244, at *4 (interpreting dismissal of class action under California law);

20  *American Pipe*, 414 U.S. at 552-553; *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354

21  (1983); *Becker*, 226 Cal. App. 3d at 1498; *Catholic Soc. Services, Inc. v. I.N.S.*, 232 F.3d 1139,

22  1147 (9th Cir. 2000); *see also Jolly*, 44 Cal. 3d at 1120 (holding that the *American Pipe* doctrine

23  tolls the statute of limitations until class certification is denied). This is because, as California

24  law makes clear, once certification is denied "a plaintiff represents himself or herself only, not

25  putative class members." *Experian Information Solutions, Inc.* 138 Cal. App. 4th at 131.

26

27              [2] At this stage in the case, before any discovery has been completed, it is premature to
    determine whether Plaintiffs are entitled to equitable tolling.

28

5

1    Numerous federal courts have considered whether *American Pipe*'s tolling doctrine

2  extends past the denial of class certification through the appeal process and have ultimately held

3  that it does not. *See Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372 (5th Cir. 2013);

4  *Giovanniello v. ALM Media, LLC*, 726 F.3d 106 (2nd Cir. 2013) (citing *Taylor v. United Parcel*

5  *Serv., Inc.*, 554 F.3d 510, 519 (5th Cir. 2008); *Bridges v. Dep't of Md. State Police*, 441 F.3d 197,

6  211 (4th Cir. 2006); *Yang v. Odom*, 392 F.3d 97, 102 (3d Cir. 2004); *Culver v. City of Milwaukee*,

7  277 F.3d 908, 914 (7th Cir. 2002); *Stone Container Corp. v. United States*, 229 F.3d 1345, 1355-

8  56 (Fed.Cir. 2000); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1391 (11th Cir. 1998)

9  (en banc); *Andrews v. Orr*, 851 F.2d 146, 149-50 (6th Cir.1988); *Fernandez v. Chardon*, 681 F.2d

10  42, 48 (1st Cir. 1982)). This rule applies with equal force when the order denying certification or

11  decertifying a class is immediately appealed. *See Giovanniello*, 726 F.3d at 117; *Stiller v. Costco*

12  *Wholesale Corp.*, 2014 U.S. Dist. LEXIS 140435, 6 (S.D. Cal. Oct. 1, 2014) (holding that tolling

13  does not extend through an interlocutory appeal and that "a bright-line rule with regard to

14  *American Pipe* tolling is necessary to prevent abuse and reduce uncertainty"). As the Second

15  Circuit in *Giovanniello* recognized, "[s]uch a rule is consistent with—if not compelled by—the

16  decisions of the Supreme Court." *Id.* (citing language from *American Pipe* stating that the tolling

17  period applies "only during the pendency of the motion to strip the suit of its class action

18  character" and from *Crown, Cork & Seal* stating that tolling applies "until class certification is

19  denied").

20    Although Plaintiffs point out factual differences in *Hall*, they fail to provide any

21  persuasive justification that the reasoning in *Hall* should not apply here and fail to cite any legal

22  authority in their favor. Contrary to Plaintiffs' argument, federal courts' refusal to extend

23  equitable tolling through the appeals process makes logical sense because, once a class is

24  decertified, reliance on the class action is no longer reasonable. Following an order denying

25  certification or decertifying a class, the named plaintiff is under no obligation to protect non-

26  named plaintiffs. *Giovanniello*, 726 F.3d at 117; *Experian Information Solutions, Inc.*, 138 Cal.

27  App.4th at 131 (after certification is denied named plaintiff represents only himself and not the

28  putative class). Further, even where the named plaintiff does seek review, reliance is not

6

1  objectively reasonable because "reconsideration and appeal rarely result in a reversal of the

2  district court decision." *Id.* A "remote possibility of reversal" does not provide a basis for

3  objectively reasonable reliance on the class action as required for *American Pipe* tolling to apply.

4  *Id.* Indeed, it is clear that Plaintiffs in this case were no longer relying on the *Fayerweather* class

5  action through the California Supreme Court's denial of review because Plaintiffs filed this case

6  On November 7, 2014—before the California Supreme Court issued its decision denying review.

7  Thus, to the extent equitable tolling applies, Plaintiffs claims can be tolled only to December 15,

8  2012, the date the Decertification Order was issued, and all allegations in the Complaint

9  suggesting otherwise should be stricken.

10       **C.**    **Collateral Estoppel Precludes Plaintiffs' Policy, Pattern and Practice Claims,**
   **Which Were Necessarily Adjudicated on the Merits in the *Fayerweather***
11             **Action and Are Binding on Plaintiffs.**

12       Contrary to Plaintiffs' blanket assertion that "neither [collateral estoppel or res judicata]

13 are even discussed by Comcast," Comcast's Motion to Strike analyzes in detail each element

14 required to apply the doctrine of collateral estoppel, also referred to as issue preclusion. *See*

15 Defendant's Memorandum of Points and Authorities in Support of Its Motion to Strike Portions

16 of the Complaint (the "Motion"), § III.B. In their Opposition, Plaintiffs dispute only two issues:

17 (1) that the prior ruling was on the merits and (2) that Plaintiffs are properly bound by the prior

18 decision. Because the Decertification Order necessarily determined that Comcast does not have

19 unlawful policies, patterns, or practices and because Plaintiffs are in privity with the

20 *Fayerweather* plaintiff, collateral estoppel precludes Plaintiffs from relitigating identical issues in

21 the present case.

22          **1.**    **The *Fayerweather* Decertification Order Considered and Rejected**
   **Policy, Pattern, and Practice Claims Identical to Those Brought by**
23             **Plaintiffs.**

24       Plaintiffs rely heavily on the fact that class certification is a procedural device. The law in

25 California is clear, however, that the applicability of collateral estoppel depends on the issues

26 decided in the prior ruling, not the form by which they were decided. *Lucido*, 51 Cal. at 341.

27 Although courts generally do not adjudicate the merits of a claim at the class certification stage,

28 where class certification depends on the existence of common policies, patterns, or practices, this

7

1   threshold issue is necessarily decided contemporaneously with the ruling on certification. In fact,

2   California courts have noted that, while class certification is generally a procedural question, the

3   "issue of community interest is determined on the merits and the plaintiff must establish the

4   community as a matter of fact." *Global Minerals & Metals Corp. v. Superior Court*, 113 Cal.

5   App. 4th 836, 849 (Cal. App. 4th Dist. 2003) (internal citation omitted); *see also Dynamex*

6   *Operations West, Inc. v. Superior Court*, 230 Cal. App. 4th 718, 725 (Cal. App. 2d Dist. 2014).

7       Here, the community interest in the *Fayerweather* action was predicated on Comcast's

8   allegedly unlawful policies, patterns, and practices. Plaintiffs admit that Comcast produced all

9   relevant evidence applicable to them in *Fayerweather*. *See* Opposition at page 14, lines 24-25

10  ("Comcast has . . . produced to Plaintiffs' counsel all evidence for all class members, including

11  the named Plaintiffs"); page 15, lines 13-14 ("All evidence that existed has been produced . . . .").

12  And, after considering this evidence, Judge Goode determined that the *Fayerweather* class failed

13  to prove that Comcast had a policy, pattern or practice of requiring on-duty meal periods, relying

14  on inaccurate CSG records, or automatically deducting an hour for lunch.

15      In arguing that there is "no inkling" that the Decertification Order made any ruling on the

16  merits, Plaintiffs ignore key factual findings made by Judge Goode. *See* Comcast's Motion at

17  pages 3 and 7-8. These factual findings were affirmed on appeal. The Court of Appeal agreed

18  that there was "no evidence suggesting a general policy or practice precluding second breaks . . .

19  or the assignment of so much work that technicians had no time for a break" and found "no direct

20  proof" of any "widespread pressure on technicians by their supervisors to underreport their

21  working hours." RJN, Exhibit E at 11-12, 15. Because the policy, pattern, and practice claims

22  that Plaintiffs assert in this action were necessarily decided in the *Fayerweather* decertification

23  order, these issues are properly subject to the doctrine of collateral estoppel.

24      Plaintiffs' reliance on *Smith v. Bayer Corporation*, 131 S. Ct. 2368 (2011), *Oshana v.*

25  *Coca-Cola Bottling Co.*, 225 F.R.D. 575, 579 (N.D. Ill. 2005), and *Carnegie v. Household*

26  *International, Inc.*, 376 F.3d 656 (7th Cir. 2004) is misplaced. All three of these cases refused to

27  apply collateral estoppel when different facts were involved in the subsequent proceeding. *Smith*,

28  131 S. Ct. at 351-352 (holding that denial of a federal class action did not preclude plaintiffs from

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE
COMPLAINT - CASE NO. 2011900

1  later bringing a state class action where the standard for certification in state court involved a

2  different factual inquiry); *Oshana* 225 F.R.D. at 579 (holding that collateral estoppel did not

3  apply where the court was faced with different facts *and* a different plaintiff); *Carnegie*, 376

4  F.3d at 660-61 (holding that class certification for settlement purposes did not preclude relitgation

5  of class certification for litigation purposes because the inquires involve separate factual

6  considerations). In contrast to each of these cases, as admitted by Plaintiffs, the factual assertions

7  in the instant Complaint are identical to the issues litigated in the *Fayerweather*. Opposition at

8  page 4, lines 1-2 ("The claims at issue in this case were first alleged by Gabriel Fayerweather in a

9  class action . . ."); page 13, lines 24-26 (Comcast concedes [that the *Fayerweather* case was filed

10  to remedy the same rights that are now being adjudicated] in trying to strike allegations that

11  mirror those contained in the *Fayerweather* complaint."); page 16, lines 16-18 ("Comcast . . . has

12  known full well about the existence and scope of these claims since inception of the

13  *Fayerweather* case."). Therefore, collateral estoppel is properly applied in this case.

14  2.  **Applying Collateral Estoppel in This Case Satisfies Due Process Because Plaintiffs Are in Privity with Fayerweather.**

15

16  Plaintiffs fail to address the rule set forth in *Alvarez v. May Department Stores*, 143 Cal.

17  App. 4th 1223, 1226 (2006), holding that collateral estoppel can properly apply to absent putative

18  class members in a subsequent action. In so holding, the court in *Alvarez* recognized that

19  determining whether parties are in privity requires consideration of the practical situation,

20  including "whether the non-party is sufficiently close to the original case to afford application of

21  the principle of preclusion." *Id.* at 1236-37. Where the parties' claims, counsel, and interests are

22  the same, and the parties in the first case has a strong motive and full opportunity to present their

23  case, the *Alvarez* court held that application of collateral estoppel does not lead to an unfair result.

24  *Id.* at 1238.

25  The facts of the present case weigh heavily in favor of privity between the *Fayerweather*

26  class and Plaintiffs in this case. As Plaintiffs concede, their Complaint alleges "*identical* claims"

27  to those in *Fayerweather* and is brought by persons in "identical job positions" who were actually

28  members of the *Fayerweather* class. Opposition at page 11, lines 22-23. Counsel for the

9

1   *Fayerweather* class represents Plaintiffs in the current case. Like in *Alvarez*, the parties' claims,

2   counsel, and interests are identical. Further, the *Fayerweather* class had a strong motive and full

3   opportunity to present evidence regarding Comcast's policies, patterns, or practices at the

4   decertification hearing. *See* Opposition at page 14, lines 24-25 ("Comcast has . . . produced to

5   Plaintiffs' counsel all evidence for all class members, including the named Plaintiffs"); page 15,

6   lines 13-14 ("All evidence that existed has been produced . . . ."). On top of these factors, the

7   class in *Fayerweather* was certified and therefore Fayerweather was representing class members,

8   including Plaintiffs, at the time Comcast's policies, patterns, and practices were litigated.

9   Further, contrary to Plaintiffs' argument, the *Fayerweather* class received notice and had the

10  opportunity to opt out of the class prior to the Decertification Order. See Defendant's

11  Supplemental Request for Judicial Notice, <u>Exhibits 2 and 3</u> (class notices to sent out within 10

12  days of April 18, 2011). Accordingly, Plaintiffs in the present case were adequately represented

13  in *Fayerweather* and are appropriately bound by the factual findings in the Decertification Order.

14          Plaintiffs attempt to invoke the policy against "one-way intervention" set forth in *Fireside*

15  *Bank* and *Home Savings*. These cases set forth the proper sequence of class action proceedings

16  (i.e., that class certification should be adjudicated before the underlying merits of the case) and

17  have no bearing on whether members of a certified class are bound by factual determinations

18  made regarding class claims. Further, the policy considerations underlying the "one-way

19  intervention" doctrine weigh in favor of applying collateral estoppel in this case. Where the

20  *Fayerweather* court has evaluated all available evidence and found no support for claims identical

21  to the policy, pattern, and practice claims Plaintiffs assert in the present action, Plaintiffs should

22  not be afforded a second opportunity to litigate these issues.

23          D.    **Plaintiffs Concede That Their Complaint Misstates the Law Regarding Meal**
             **Breaks.**
24

25          Plaintiffs do not dispute that their Third Cause of Action alleging denial of meal periods

26  relies on an incorrect statement of law. Therefore, Comcast respectfully requests that this Court

27  strike paragraph 44 of Plaintiffs' Complaint.

28

                                                10

III.    **CONCLUSION**

For the foregoing reasons, Comcast requests that the Court strike (1) the improper equitable tolling period, (2) the allegations of unlawful policies, patterns, or practices, which have been adjudicated by a prior action to which Plaintiffs are bound, and (3) the undisputedly incorrect statements of law regarding meal breaks.

Dated: March 20, 2015                                   JONES DAY


                                                        By:  _____
                                                             Fred W. Alvarez
                                                             Allison B. Moser

                                                        Attorney for Defendants
                                                        COMCAST CORPORATION and
                                                        COMCAST OF CONTRA COSTA, INC.

11

2015 MAR 20  PM 1:11

1   FRED W. ALVAREZ, State Bar No. 68115
    ALLISON B. MOSER, State Bar No. 223065

2   JONES DAY
    Silicon Valley Office

3   1755 Embarcadero Rd.
    Palo Alto, CA 94303

4   Telephone: (650) 739-3939
    Facsimile: (650) 739-3900

5   Email: falvarez@jonesday.com
    Email: amoser@jonesday.com

6
    TROY A. VALDEZ, State Bar No. 191478

7   ERIN M. DOYLE, State Bar No. 233113
    VALDEZ TODD & DOYLE LLP

8   1901 Harrison Street, Suite 1450
    Oakland, California 94612

9   Telephone:  (415) 202-5950
    Facsimile:  (415) 202-5951

10  Email: tvaldez@vtdlaw.com
    Email: edoyle@vtdlaw.com

11
    Attorneys for Defendants

12  COMCAST CABLE COMMUNICATIONS
    MANAGEMENT, LLC, erroneously sued as

13  COMCAST CORPORATION and
    COMCAST OF CONTRA COSTA, INC.

14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                    FOR THE COUNTY OF STANISLAUS

17
                                              FILED BY FAX

18  JOSEPH JOSHUA DAVIS, PENNY          CASE NO. 2011900
    SCHOONOVER, LEON GIBSON,

19  DUSTIN WAYNE HAGENS, RAYMOND        Assigned for all purposes, including Trial
    AGUNDEZ, RAFAEL BARAJAS, JR.,       to Judge William A. Mayhew

20          Plaintiffs,                 Dept. 21

21      v.                              DECLARATION OF TROY A. VALDEZ IN
                                        SUPPORT OF DEFENDANT'S REPLY IN
22  COMCAST CORPORATION, a              SUPPORT OF ITS MOTION TO STRIKE
    Pennsylvania Corporation; COMCAST OF PORTIONS OF THE COMPLAINT

23  CONTRA COSTA, INC., a Washington
    Corporation; and DOES 1 through 50,

24  Inclusive,                          Date:   March 27, 2015
                                        Time:   8:30 a.m.

25          Defendants.                 Dept.:  21

26

27                                      Complaint filed October 27, 2014

28

_____
     DECLARATION OF TROY A. VALDEZ IN SUPPORT OF DEFENDANT'S REPLY IN SUPPORT OF
       ITS MOTION TO STRIKE PORTIONS OF THE COMPLAINT- CASE NO. 2011900

FILED
MAR 2 0 2015

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

GUADALUPE REYNOSO, DEPUTY

1    I, Troy A. Valdez, hereby declare:

2        1.     I am an attorney duly admitted to practice before all Courts of the State of

3 California and before this Court, and I am an attorney with the law firm of Valdez, Todd & Doyle,

4 LLP, counsel for Defendant Comcast Cable Communications Management, LLC, erroneously

5 sued as Comcast Corporation and Comcast of Contra Costa, Inc., in the above captioned matter. I

6 know the facts stated herein to be true based upon my own personal knowledge.

7        2.     I appeared at the February 2, 2015 hearing on Comcast's Motion to Strike before

8 the Honorable Perry Parker in Department B of the Sutter County Superior Court.

9        3.     At oral argument, the Sutter County Superior Court specifically stated that it was

10 not ready to rule on the issue at the pleading stage. Further, the court stated that its order was not

11 with prejudice to Comcast raising it at a later stage in the litigation.

12    I declare under the penalty of perjury and under the laws of the State of California that the

13 foregoing is true and correct. This Declaration was executed on March 18, 2015 in Oakland,

14 California.

15

16

17                                             Troy A. Valdez

18 SVI-700162365v1

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF TROY A. VALDEZ IN SUPPORT OF DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO STRIKE PORTIONS OF THE COMPLAINT- CASE NO. 2011900**

2015 MAR 20 PM 1: 12

1    FRED W. ALVAREZ, State Bar No. 68115
     ALLISON B. MOSER, State Bar No. 223065
2    JONES DAY
     Silicon Valley Office
3    1755 Embarcadero Rd.
     Palo Alto, CA 94303
4    Telephone: (650) 739-3939
     Facsimile: (650) 739-3900
5    Email: falvarez@jonesday.com
     Email: amoser@jonesday.com
6
     TROY A. VALDEZ, State Bar No. 191478
7    ERIN M. DOYLE, State Bar No. 233113
     VALDEZ TODD & DOYLE LLP
8    1901 Harrison Street, Suite 1450
     Oakland, California 94612
9    Telephone: (415) 202-5950
     Facsimile: (415) 202-5951
10   Email: tvaldez@vtdlaw.com
     Email: edoyle@vtdlaw.com
11
     Attorneys for Defendants
12   COMCAST CABLE COMMUNICATIONS
     MANAGEMENT, LLC, erroneously sued as
13   COMCAST CORPORATION and
     COMCAST OF CONTRA COSTA, INC.
14
15               SUPERIOR COURT OF THE STATE OF CALIFORNIA
16                    FOR THE COUNTY OF STANISLAUS
17
18   JOSEPH JOSHUA DAVIS, PENNY          CASE NO. 2011900
     SCHOONOVER, LEON GIBSON,
19   DUSTIN WAYNE HAGENS, RAYMOND        Assigned for all purposes, including Trial
     AGUNDEZ, RAFAEL BARAJAS, JR.,       to Judge William A. Mayhew
20
               Plaintiffs,              Dept. 21
21
          v.
22                                       SUPPLEMENTAL REQUEST FOR
     COMCAST CORPORATION, a             JUDICIAL NOTICE IN SUPPORT OF
23   Pennsylvania Corporation; COMCAST OF   DEFENDANT'S MOTION TO STRIKE
     CONTRA COSTA, INC., a Washington   PORTIONS OF THE COMPLAINT
     Corporation; and DOES 1 through 50,
24   Inclusive,
                                         Date:  March 27, 2015
25             Defendants.              Time:  8:30 a.m.
                                         Dept.: 21
26
27                                       Complaint filed October 27, 2014
28

FILED MAR 20 2015
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY GUADALUPE REYNOSO DEPUTY

FILED BY FAX

SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION
TO STRIKE PORTIONS OF THE COMPLAINT - CASE NO. 2011900

1      Pursuant to sections 452(d) and 453 of the California Evidence Code and Rule 3.1306(c)

2   of the California Rules of Court, Defendant Comcast Cable Communications Management, LLC,

3   erroneously sued as Comcast Corporation and Comcast of Contra Costa, Inc., (hereinafter,

4   "Comcast") respectfully requests that the Court take judicial notice of the following documents in

5   support of its Motion to Strike Portions of Plaintiffs' Complaint:

6      1.   <u>Exhibit 1</u> is a true and correct copy of the Order Granting and Denying

7           Defendant's Motion to Strike Portions of the Complaint, signed on January 29,

8           2015 by the Honorable Judge Mary E. Arand of the Santa Clara Superior Court.

9      2.   <u>Exhibit 2</u> is a true and correct copy of the Stipulation and [Proposed] Order

10          Regarding Notice to Putative Class Members Regarding Pendency of Class Action,

11          filed in *Fayerweather v. Comcast Corporation*, Contra Costa County Superior

12          Court, Case No. MSC08-01470 (hereinafter, "*Fayerweather*") on March 5, 2009.

13     3.   <u>Exhibit 3</u> is a true and correct copy of the Amended Stipulation and Order

14          Regarding Notice to Putative Class Members Regarding Pendency of Class Action

15          filed in *Fayerweather* on April 19, 2011.

16   Exhibits 1 and 2 are records of a California court that are properly the subject of judicial notice

17   under Evidence Code section 452(d)(1).  Cal. Evid. Code § 452 ("Judicial notice may be taken

18   of . . . records of any court of this state").

19   Dated: March 20, 2015                         JONES DAY

20

21                                                By: _____

22                                                   Fred W. Alvarez
                                                     Allison B. Moser
23
                                                  Attorney for Defendants
24                                                COMCAST CORPORATION and
                                                  COMCAST OF CONTRA COSTA, INC.
25

26

27

28
                                          2

# EXHIBIT 1



(ENDORSED)
FILED
JAN 2 9 2015
DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY Henry Kenston      DEPUTY

1
2
3
4
5
6
7
8          **SUPERIOR COURT OF CALIFORNIA**
9          **COUNTY OF SANTA CLARA**
10
11

| | |
|---|---|
| 12  GREGORY PETERS, ET AL., | Case No.   1-14-CV-272430 |
| 13                         Plaintiffs, | ORDER RE: DEFENDANT COMCAST |
| 14  vs. | CABLE COMMUNICATIONS MANAGEMENT LLC'S MOTION TO |
| 15 | STRIKE PORTIONS OF THE COMPLAINT |
| 16  COMCAST CORP., ET AL., | |
| 17                         Defendants, | |

18
19
20

21          The motion to strike portions of the complaint by defendant Comcast Cable

22  Communications Management, LLC, erroneously sued as Comcast Corporation and Comcast of

23  Contra Costa, Inc. ("Defendant") came on for hearing before the Honorable Mary E. Arand on

24  January 29, 2015 at 9:00 a.m. in Department 9.  The matter having been submitted, after full

25  consideration of the authorities, and arguments made by the parties in their papers and the

26  hearing, the court makes the following rulings:

27          This is a wage and hour action.  Plaintiffs Gregory Peters, Tan Duy Le, Steven Kremesec,

28  Jr., David O'Shea, Benjamin Cabanayan, Randy Arellano, Brian Alves, Richard Cervantes, Scott

Rader, Jon Ruby, Alexander Vaccerezza, Aaron Arrington, Sean Pate, Roque Centeno, Christian

1

1    Olague, Brandon Gusters, Gilbert Bacio, Adrian Corona, John Amato, Jr., Elias Reyes, Joseph

2    Williams, Chieu Vo, Hans Bogusch, Meagan Medina, Carlos Estrada, Steve Briones, James

3    Sargent, Samuel Sweeley, Kevin Kirk, Warren Casias, Andrew Garske, Joseph Ortiz, Jose

4    Gonzalez, Jr., and Frank Lira (collectively, "Plaintiffs") are service technicians with defendants

5    Comcast Corporation and Comcast of Contra Costa, Inc. who were employed between May 27,

6    2004 and May 27, 2008. (See complaint, ¶ 8.) On May 27, 2008, Plaintiffs filed a class action

7    complaint in *Fayerweather v. Comcast* (Super. Ct. Contra Costa County, 2008, Case no.

8    MSC08-01470) (hereafter "*Fayerweather*"). On September 17, 2008, the lead plaintiff in the

9    *Fayerweather* action filed the first amended complaint, asserting causes of action for: failure to

10   pay wages; breach of implied covenant; denial of meal periods; denial of rest periods; unfair

11   business practices; and, failure to provide accurate, itemized wage statements.

12           On December 15, 2012, the Fayerweather court [Hon. Goode] ordered the class

13   decertified, stating:

14           On April 12, 2010, the Court granted plaintiff's motion for
         class certification. In its order granting class certification, the

15       Court found the issue of commonality, specifically the
         predominance of common questions, presented a "close case."

16       (Order Granting Class Certification, Apr. 12, 2010, p.5.) However,
         the court granted the motion, finding that there was a

17       predominance of common questions, under "plaintiff's theory that
         Comcast has adopted a policy of understaffing (or over-

18       scheduling) that makes it unlikely that Com-Techs can have their
         required breaks each day." (*Id.* at p.6.)

19

20       The Court rejected defendants' argument that
         individualized inquiries would be needed to determine liability. In

21       rejecting that argument, the Court expressly relied on plaintiff's
         theory of the case that defendants had a company-wide policy that

22       created liability.

23

24       Once the class was certified, plaintiff sought to set a trial
         date. The Court asked the parties how long the trial would take.

25       Plaintiff was unable to give a reasoned estimate because he had not
         sufficiently considered how he would present his case.

26

27       The Court asked plaintiff to prepare a workable plan for the
         trial of his case-in-chief. It also asked the parties to meet and

28       confer about the trial plan and attempt to determine a realistic

1
2
3
4

estimate for the length of the trial. The Court conducted case
management conferences on April 21, 2011, July 18, 2011 and
November 17, 2011. At none of those hearings, was plaintiff able
to present a workable plan for the management of the trial.
Defendant asked the Court to decertify the class.

5
6
7

By the time of the November 17, 2011 hearing, the
California Supreme Court had heard oral argument in *Brinker
Restaurant Corp. v. Superior Court* (2012) 53 Cal. 4th 1004. It was
clear that the outcome of that case could have a significant bearing
on this litigation.

8
9
10
11
12
13

After a discussion of these matters the Court ordered
plaintiff to show cause why the class should not be decertified
based on lack of predominance of common questions and lack of
superiority and manageability. (Minute Order, Nov. 17, 2011.) It
also asked the parties to address—in their decertification briefs—
the effect of the California Supreme Court decision in *Brinker
Restaurant Corp. v. Superior Court* on the issue of certification.
(*Id.*)…

14
15
16
17

Plaintiff filed his opening brief on May 29, 2012. In it he
advanced new theories which he claimed support a finding that
common questions dominate the litigation. Essentially, plaintiff
abandoned his claim that Comcast has a "policy of understaffing or
over-scheduling." In other words, plaintiff discarded the principal
theory on which the Court has based its decision to certify a class.

18   (Order decertifying class, pp.2:1-24, 3:1-12.)

19   The order decertifying the class then analyzed whether the plaintiff met his burden of

20   establishing the existence of an ascertainable class, a well-defined community of interest among

21   the class members, and a substantial benefit to the litigants and the court resulting from

22   certification, ultimately determining that individual issues predominate and class treatment was

23   an inferior means of adjudicating the case. The plaintiff appealed the order and the First District

24   affirmed the trial court's order.

25   The request for judicial notice by defendant Comcast Cable Communications

26   Management, LLC, erroneously sued as Comcast Corporation and Comcast of Contra Costa, Inc.

27   ("Defendant") is GRANTED. (Evid. Code § 452, subd. (d).)

28

ORDER RE: DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT

*American Pipe* **tolling and the decertification order**

The complaint in this action alleges that "[t]he filing of Fayerweather class action complaint on May 27, 2008 tolled the statute of limitations for the named Plaintiffs from four years from the filing of the Fayerweather class action complaint to the present… [and that] Plaintiffs all worked within 4 years of the filing of the Fayerweather v. Comcast case." (Complaint, ¶ 8.) Defendant moves to strike portions of the complaint on the ground that the statute of limitations is tolled only to the date of the Fayerweather decertification order. In opposition, Plaintiffs argue that Defendant has not demonstrated prejudice by the filing of the instant action. (See Pls.' opposition to Def.'s motion to strike ("Opposition"), pp.7:17-28, 8:1-27, 9:1-28, 10-28, 11:1-28, 12:1-28, 13:1-28, 14:1-28, 15:1-2.)

The bulk of Plaintiffs' argument appears to address whether *American Pipe* tolling applies in the first instance; however, Plaintiffs misinterpret or ignore Defendant's actual assertion: "Once the trial court decertified the class in Fayerweather, it was no longer reasonable for plaintiffs to rely on the class action as a vehicle for their claims." (Def.'s memorandum of points and authorities in support of motion to strike ("Def.'s memo"), p.5:13-18.) As Defendant argues, on December 15, 2012, the *Fayerweather* court issued its decertification order. Even a case to which Plaintiffs cited, *Crown v. Parker* (1983) 462 U.S. 345, stated that tolling pursuant to *American Pipe* only "remains tolled for all members of the putative class until class certification is denied." (*Id.* at p.354; see also *Tosti v. Los Angeles* (9th Cir. 1985) 754 F.2d 1485, 1488 (stating that "[t]he statute begins running anew from the date of notice that certification has been denied"); see also *Stiller v. Costco Wholesale Corp.* (S.D.Cal. Oct. 1, 2014) 2014 U.S. Dist. LEXIS 140435 (finding that "*American Pipe* tolling ended when this Court rendered the Decertification Order").) The motion to strike portions of paragraph 8 is GRANTED with 10 days leave to amend. Accordingly, the phrases "within four years" in the first sentence of paragraph 8, "from four years" and "to the present" in the second sentence of paragraph 8, and the last sentence of paragraph 8 is hereby stricken.

4

**Paragraph 44**

Paragraph 44 alleges that "Defendants failed in their affirmative obligation to ensure that all of their employees, including Plaintiffs, were actually relieved of all duties, not performing any work and free to leave the premises during meal periods." (Complaint, ¶ 44.) "Plaintiffs were suffered and permitted to work through legally required meal breaks." (*Id.*) In *Brinker Restaurant Corp. v. Super. Ct. (Hohnbaum)* (2012) 53 Cal.4[th] 1004, the California Supreme Court stated that "under Wage Order No. 5 and Labor Code section 512, subdivision (a), an employer must relieve the employee of all duty for the designated period, but need not ensure that the employee does no work." (*Id.* at pp.1034-1041 (also stating that "the employer is not obligated to police meal breaks and ensure no work thereafter is performed").) Plaintiff fails to offer any argument in opposition. The motion to strike paragraph 44 is GRANTED with 10 days leave to amend. Paragraph 44 is hereby stricken.

**Collateral estoppel based on the decertification order**

Defendant argues that certain allegations should be stricken because "Plaintiffs seek to relitigate identical allegations regarding unlawful policies, patterns and practices, against the same defendants, and that were considered and rejected in Judge Goode's Decertification Order. However, that order plainly stated:

> Here, the parties' filings include argument on the merits of the claims. The Court has considered them, but only to understand the nature of the claims made by Mr. Fayerweather, the defenses asserted by Comcast and how the litigation could and would proceed as a practical matter. It has attempted to determine what the litigation involves, what proof would be proffered and how the court's processes might be used to discover, refine and resolve the issues presented. **This ruling neither makes nor implies any decision on any question of the merits of the litigation.**

(Decertification order, p.11:8-14 (emphasis added).)

The motion to strike the referenced allegations based on collateral estoppel is DENIED as these issues were not decided on the merits.

ORDER RE: DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT

1  **Collateral estoppel based on abandonment of the understaffing theory**

2          For similar reasons, the motion to strike cannot be granted on a collateral estoppel theory

3  due to Plaintiffs' abandonment of a theory.  Although it is possible that the *American Pipe*

4  tolling with regards to these allegations may differ, or that some other form of estoppel may

5  apply, those issues are not before the Court.  The motion to strike the referenced portions of the

6  complaint is DENIED.

7

8

9

10  January **29**, 2015                                      Mary E. Arand

11                                                  _____

12                                                  Mary E. Arand
                                                    Judge of the Superior Court
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

ELECTRONICALLY

**RECEIVED**

3-5-09

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA - MARTINEZ
BY: J. MYOVICH, DEPUTY CLERK

1  Arlo Garcia Uriarte, SBN 231764
   Jason J. Szydlik, SBN 238356
2  LIBERATION LAW GROUP
   2760 Mission Street
3  San Francisco, CA 94110
   Telephone: (415) 695-1000
4  Facsimile: (415) 695-1006

5

6  Jennifer Kramer, SBN 203385
   Judith Wiederhorn, SBN 239885
7  JENNIFER KRAMER LEGAL, APC
   707 Wilshire Blvd., Suite 3600
8  Los Angeles, CA 90017
   Telephone: (213) 955-0200
9  Facsimile: (213) 955-0215

10

11  Attorneys for Plaintiff
    GABRIEL FAYERWEATHER

12

13          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                  FOR THE COUNTY OF SAN MATEO

15                                        | CLASS ACTION

16  GABRIEL FAYERWEATHER, as an           | Case No.  MCS-08-01470
    individual and on behalf of others similarly
17  situated,                             | STIPULATION AND [PROPOSED] ORDER
                                          | REGARDING NOTICE TO PUTATIVE
18              Plaintiff,                | CLASS MEMBERS REGARDING
                                          | RELEASE OF CONTACT INFORMATION
19      vs.

20  COMCAST CORPORATION, a Pennsylvania
    Corporation; COMCAST OF CONTRA
21  COSTA, INC., a Washington Corporation; and
    DOES 1 through 50, Inclusive,
22
               Defendants.
23

24      By and through their respective counsel of record, Plaintiff GABRIEL FAYERWEATHER

25  (hereinafter, "Plaintiff"), and Defendants COMCAST CORPORATION and COMCAST OF

26  CONTRA COSTA, INC., (hereinafter collectively referred to as "Defendants"), hereby

27  STIPULATE, and the COURT HEREBY ORDERS, ADJUDGES AND DECREES as follows:

28

-1-

**STIPULATION AND ORDER REGARDING NOTICE TO CLASS**

1) The parties met and conferred and have agreed to adopt the notice procedures to PUTATIVE CLASS MEMBERS outlined below. [The term PUTATIVE CLASS MEMBERS means all current and former service technicians and communications technicians, who worked for Defendants in California from May 27, 2004 to the present.]

2) The parties have agreed that a mutually agreed upon Third Party Administrator, Simpluris, will send a letter to each of the Putative Class Members informing them of Plaintiff's request for their address and phone number in conjunction with this litigation. If the PUTATIVE CLASS MEMBER objects to the disclosure of their contact information, they will complete and return an enclosed postcard to the Third-Party-Administrator. Attached as **Exhibit A** is a draft of the proposed letter to be sent to PUTATIVE CLASS MEMBERS.

3) Defendant is precluded from discouraging PUTATIVE CLASS MEMBERS from responding to the inquiry letter.

4) Within five (5) days of the Court's signature on this Order, Defendant will provide to the Third Party Administrator the names, last known addresses and telephone numbers of all of PUTATIVE CLASS MEMBERS.

5) Within five (5) days of receiving the contact information, the Third Party Administrator, after conducting an Address Verification and Update, will mail by First Class mail with Address Service Requested the letter attached as **Exhibit A** and a self-addressed stamped opt-out postcard to each of PUTATIVE CLASS MEMBERS.

6) A returned Notice will be forwarded only once per PUTATIVE CLASS MEMBERS by the Third Party Administrator. If there is no forwarding address, the Third Party Administrator will do a computer search for a new address using the PUTATIVE CLASS MEMBER'S social security number (as provided by the Defendant within three (3) business days of request by the Third Party Administrator); this search will be performed only once per PUTATIVE CLASS MEMBER by the Third Party Administrator. Upon completion of these steps by the Third Party Administrator,

1          Defendant and the Third Party Administrator shall be deemed to have satisfied their

2          obligations to provide the Notice to the affected member of the Putative Class.

3    7)       PUTATIVE CLASS MEMBERS will have forty (40) days to opt out of having their

4          contact information disclosed by returning the opt-out postcard.

5    8)       Once forty (40) calendar days have elapsed from the date of the initial mailing, the

6          Third Party Administrator will forward the list of PUTATIVE CLASS MEMBERS who

7          did not opt out to both Plaintiffs' and Defendants' counsel. Included in this list will be

8          the PUTATIVE CLASS MEMBERS' last known address and telephone number. Such

9          list shall not include putative class members' social security numbers.

10    9)       Plaintiffs will bear the cost of this mailing.

11
12 DATED: ~~February~~ March 5th, 2009      **JENNIFER KRAMER LEGAL, APC**
                                    **LIBERATION LAW GROUP**

13
14
15                                    By: _____
                                        **Jennifer Kramer, Esq.**

16                                           **Arlo Uriarte, Esq.**
                                          **Attorneys for Plaintiffs**

17 DATED: ~~February~~ March 5, 2009      **WILSON, SONSINI, GOODRICH & ROSATI**

18
19
20                                    By: _____
                                          **Fred W. Alvarez, Esq.**

21                                           **Troy Valdez, Esq.**
                                          **Attorneys for Defendant**
                                          **COMCAST**

22 **IT IS SO ORDERED.**

23

24 **DATED:** _____, 2009       _____
                                          **The Honorable David B. Flinn**

25                                           **JUDGE OF THE SUPERIOR COURT**

26

27

28

**STIPULATION AND ORDER REGARDING NOTICE TO CLASS**

EXHIBIT A

[LETTERHEAD OF THIRD
PARTY ADMINISTRATOR]

February 10, 2009

VIA U.S. MAIL

NAME
ADDRESS

Re:    Fayerweather, et al v. Comcast Corporation et al.
       Contra Costa Superior Court Case No. MCS-08-01470

Dear Comcast Employee:

You have received this Notice because you are working for Comcast Corporation and/or Comcast of Contra Costa ("Comcast") as either a service technician or a communications technician in the State of California. **This letter contains important information concerning your privacy rights.** If you do not take the required action at the end of this letter, your name, address and telephone number will be given to the plaintiff's attorneys as part of a civil lawsuit.

The civil lawsuit that necessitates this letter was filed by a plaintiff as a proposed class action lawsuit. The Court has not yet determined whether the matter will proceed as a class action. The case, however, was filed against Comcast in Contra Costa Superior Court on May 27, 2008. The plaintiff alleges that with respect to service and communication technicians in California, Comcast: (1) failed to properly pay wages; (2) breached an implied contract (3) failed to provide meal breaks; (4) failed to authorize or permit rest breaks; and (5) failed to provide accurate, itemized wage statements showing the total hours worked. Specifically, the Plaintiff alleges that Comcast does not provide its employees with the opportunity to take meal or rest breaks as required by California law, and that Comcast forces employees to work before or after their shifts without compensating them for this work. Comcast denies these allegations in their entirety and asserts that it complies with all California laws with respect to its employees.

Currently, the plaintiff is in the process of investigating the claims set forth in the lawsuit. As a current employee of Comcast, you may be a member of the class if the Court ever determines that the lawsuit may proceed as a class action. As part of the plaintiff's investigation, plaintiff's attorneys seek to obtain your name, address and telephone numbers so that they can obtain information from as many potential class members as possible and to communicate with you about the allegations in this lawsuit. This privacy notice is intended to provide you with

information about what is occurring and the opportunity to object to the disclosure of your personal contact information.

If you do not want your name and contact information provided to the plaintiff and his attorneys then you can object to the release of your information by signing the enclosed postcard and placing it in the mail so it is postmarked by [DATE 40 days from mailing]. If the postcard is not returned and postmarked by [DATE 40 days from mailing] your name and contact information to the plaintiff and his attorneys so that they may conduct their investigation Your choice of whether to speak to the attorney will not affect your rights regarding this lawsuit. You are not required to speak to either side.

Simpluris is a neutral third party handling the mailing and receiving of these notices. Simpluris has a legal duty to be honest about whether or not it receives such postcards and to provide plaintiff's attorneys with the names, addresses, and telephone numbers and of all potential class members who did not timely submit a completed post card . Thus, if you fail to return the postcard by *(date)*, _____ will provide your name, address, and telephone number(s) to the plaintiff's attorneys.

If you are contacted by plaintiff's attorneys, your participation in the investigation is voluntary. You have the right to refuse permission for your contact information to be disclosed by returning the enclosed card, or to permit the disclosure of your contact information by not returning it.

If you would like to obtain additional information about this lawsuit, or if you have any questions, you may contact either Plaintiff's attorneys or Comcast

## NOTICE REGARDING NON-RETALIATION

Comcast is prohibited by its policies and the law from retaliating against you for speaking to the plaintiff's attorneys or participating in this lawsuit in anyway.

Sincerely,

_____

## PLAINTIFFS' COUNSEL CONTACT INFORMATION
(Attorneys for Plaintiff Gabriel Fayerweather)

| JENNIFER KRAMER LEGAL, APC | LIBERATION LAW GROUP |
|---|---|
| Jennifer Kramer, Esq. | Arlo G. Uriarte, Esq. |
| Judith Wiederhorn, Esq. | 2760 Mission St. |
| 707 Wilshire Boulevard, Suite 3600 | San Francisco, California 94110 |
| Los Angeles, California 90017 | Main Telephone: (415) 695-1000 |
| Main Telephone: (213) 955-0200 | Facsimile: (415) 695-1006 |
| Toll Free Number: 1-877-596-7537 | E-Mail: arlo@liberationlawgroup.com |
| Facsimile: (213) 955-0215 | Website: www.liberationlawgroup.com |
| E-Mail: jennifer@laborlex.com | |
| Website: www.laborlex.com | |

## DEFENDANT'S COUNSEL CONTACT INFORMATION
(Attorneys for Defendant Comcast)

| WILSON, SONSINI, GOODRICH & ROSATI | |
|---|---|
| Fred W. Alvarez, Esq. | |
| Troy Valdez, Esq. | |
| Michael D. Schlemmer, Esq. | |
| 650 Page Mill Road | |
| Palo Alto, CA 94304-1050 | |
| Telephone: (650) 493-9300 | |
| Facsimile: (650) 493-6811 fax | |
| E-Mail: tvaldez@wsgr.com | |
| Website: www.wsgr.com | |

**Front of Postcard**

### I do not want my address and telephone number(s) disclosed to Plaintiff's Counsel.

Name:_____
(Please Print Clearly)

Signature:_____

**Back of Postcard**

Postage
Paid
Stamp

[NEUTRAL 3RD PARTY ADMINISTATOR]
STREET
CITY, STATE

# EXHIBIT 3

ELECTRONICALLY FILED

04-19-11

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA - MARTINEZ
BY: C. GREEN, DEPUTY CLERK

Arlo Garcia Uriarte, SBN 231764
Jason J. Szydlik, SBN 238356
LIBERATION LAW GROUP
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile:  (415) 695-1006


Jennifer Kramer, SBN 203385
JENNIFER KRAMER LEGAL, APC
601 S. Figueroa Street, Suite 2390
Los Angeles, CA 90017
Telephone: (213) 955-0200
Facsimile: (213) 226-4358

Attorneys for Plaintiff
GABRIEL FAYERWEATHER

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| GABRIEL FAYERWEATHER, as an individual and on behalf of others similarly situated,<br><br>              Plaintiff,<br>    vs.<br><br>COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive,<br><br>        Defendants. | **CLASS ACTION**<br><br>**Case No.  MCS-08-01470**<br><br>**AMENDED STIPULATION AND ORDER REGARDING NOTICE TO PUTATIVE CLASS MEMBERS REGARDING PENDENCY OF CLASS ACTION** |

By and through their respective counsel of record, Plaintiff GABRIEL FAYERWEATHER (hereinafter, "Plaintiff"), and Defendants COMCAST CORPORATION and COMCAST OF CONTRA COSTA, INC., (hereinafter collectively referred to as "Defendants"), hereby STIPULATE, and the COURT HEREBY ORDERS, ADJUDGES AND DECREES as follows:

1)   On April 12, 2010, this Court granted Plaintiff's Motion for Class Certification.  The class is defined as "all individuals who have been employed or are currently employed by defendant as Communication Technicians Levels I, II, III, and IV, Installer, Advanced Installer, Service Technician, System Technician, Field Service Representatives Levels I, II, III, IV, V, and VI, who were employed by defendants from May 27, 2004 to April 7, 2010."

2)   The parties met and conferred and have agreed to adopt the notice procedures to CLASS MEMBERS outlined below. [The term CLASS MEMBERS means all Communication Technicians Levels I, II, III, and IV, Installer, Advanced Installer, Service Technician, System Technician, Field Service Representatives Levels I, II, III, IV, V, and VI, who were employed by Comcast in California from May 27, 2004 through April 7, 2010.]

3)   The parties have agreed that a mutually agreed upon Third Party Administrator, Simpluris, will mail the notice of pendency of class action to the CLASS MEMBERS.

4)   Within five (5) days of the Court's signature on this Order, Defendant will provide to Simpluris, last known addresses of all of CLASS MEMBERS.  To protect the privacy interests of the Class Members and in consideration of an earlier privacy notice submitted to the Class Members, Simpluris will not share this information with Plaintiff's counsel.

5)   Within five (5) days of receiving the contact information, the Simpluris will mail by First Class mail with Address Service Requested the Notice attached as **Exhibit A** and a self-addressed stamped opt-out postcard to each CLASS MEMBER.

6)   A returned Notice will be forwarded only once per CLASS MEMBER by the Simpluris. If there is no forwarding address, the Simpluris will do a computer search for a new address using the CLASS MEMBER'S social security number (as provided by the Defendant within three (3) business days of request by Simpluris); this search will be performed only once per CLASS MEMBER by Simpluris.  Upon completion of these

1   steps by Simpluris, Defendant and Simpluris shall be deemed to have satisfied their

2   obligations to provide the Notice to the affected member of the Class.

3   7)   CLASS MEMBERS will have sixty (60) days to opt out of the pending class action by

4        returning the opt-out postcard.

5   8)   Once sixty (60) calendar days have elapsed from the date of the initial mailing, the

6        Simpluris will forward the list of CLASS MEMBERS who did not opt out to Plaintiff's

7        counsel.  Included in this list will be the CLASS MEMBERS' last known address and

8        telephone number.

9   9)   Plaintiff will bear the cost of this mailing.

10

11  **DATED:  February___, 2011**          **JENNIFER KRAMER LEGAL, APC**
                                            **LIBERATION LAW GROUP**

12

13

14  **By:_____**
        **Jennifer Kramer, Esq.**

15      **Arlo Uriarte, Esq.**
        **Attorneys for Plaintiffs**

16  **DATED:  February ___, 2011**         **WILSON, SONSINI, GOODRICH & ROSATI**

17

18  **By:_____**

19      **Fred W. Alvarez, Esq.**
        **Troy Valdez, Esq.**

20      **Attorneys for Defendant**
        **COMCAST**

21  **IT IS SO ORDERED.**                   Digitally signed by Barry
                                            Goode
22                                          Location: Martinez, CA
                                            Date: 2011.04.18 15:31:37
23  **DATED:  April 18,  2011**             -07'00'
    _____

24      **The Honorable Barry Goode**
        **JUDGE OF THE SUPERIOR COURT**

25

26

27

28

**AMENDED STIPULATION AND ORDER REGARDING NOTICE TO CLASS**

1   FRED W. ALVAREZ, State Bar No. 68115
    ALLISON B. MOSER, State Bar No. 223065
2   JONES DAY
    Silicon Valley Office
3   1755 Embarcadero Rd.
    Palo Alto, CA 94303
4   Telephone: (650) 739-3939
    Facsimile: (650) 739-3900
5   Email: falvarez@jonesday.com
    Email: amoser@jonesday.com
6
    TROY A. VALDEZ, State Bar No. 191478
7   ERIN M. DOYLE, State Bar No. 233113
    VALDEZ TODD & DOYLE LLP
8   1901 Harrison Street, Suite 1450
    Oakland, California 94612
9   Telephone:  (415) 202-5950
    Facsimile:  (415) 202-5951
10  Email: tvaldez@vtdlaw.com
    Email: edoyle@vtdlaw.com
11
    Attorneys for Defendants
12  COMCAST CABLE COMMUNICATIONS
    MANAGEMENT, LLC, erroneously sued as
13  COMCAST CORPORATION and
    COMCAST OF CONTRA COSTA, INC.
14
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
15
                         FOR THE COUNTY OF STANISLAUS
16

17
    JOSEPH JOSHUA DAVIS, PENNY            CASE NO. 2011900
18  SCHOONOVER, LEON GIBSON,
    DUSTIN WAYNE HAGENS, RAYMOND          Assigned for all purposes, including Trial
19  AGUNDEZ, RAFAEL BARAJAS, JR.,         to Judge William A. Mayhew

20              Plaintiffs,               Dept. 21

21          v.
                                          **[PROPOSED] ORDER GRANTING
22  COMCAST CORPORATION, a                DEFENDANT'S SUPPLEMENTAL
    Pennsylvania Corporation; COMCAST OF  REQUEST FOR JUDICIAL NOTICE IN
23  CONTRA COSTA, INC., a Washington      SUPPORT OF ITS MOTION TO STRIKE
    Corporation; and DOES 1 through 50,   PORTIONS OF THE COMPLAINT**
24  Inclusive,

25              Defendants.               Date:   March 27, 2015
                                          Time:  8:30 a.m.
26                                        Dept.:  21

27
                                          Complaint filed October 27, 2014
28

1    Defendant Comcast Cable Communications Management, LLC's, erroneously sued as

2  Comcast Corporation and Comcast of Contra Costa, Inc., (hereinafter, "Comcast") Motion to

3  Strike Portions of Complaint and Request for Judicial Notice in Support of Defendants' Motion to

4  Strike Portions of Complaint came on for regularly-noticed hearing on March 27, 2015 at 8:30

5  a.m., before the above-entitled Court.

6    Having fully considered all of the papers filed in support of and opposition to the Request

7  for Judicial Notice filed concurrently with Comcast's Motion to Strike Portions of Complaint, and

8  argument of counsel, and good cause having been shown, the Court HEREBY GRANTS

9  Comcast's Request for Judicial Notice and takes judicial notice of the following:

10    1.    Exhibit 1 is a true and correct copy of the Order Granting and Denying

11        Defendant's Motion to Strike Portions of the Complaint, signed on January 29,

12        2015 by the Honorable Judge Mary E. Arand of the Santa Clara Superior Court.

13    2.    Exhibit 2 is a true and correct copy of the Stipulation and [Proposed] Order

14        Regarding Notice to Putative Class Members Regarding Pendency of Class Action,

15        filed in *Fayerweather v. Comcast Corporation*, Contra Costa County Superior

16        Court, Case No. MSC08-01470 (hereinafter, "*Fayerweather*") on March 5, 2009.

17    3.    Exhibit 3 is a true and correct copy of the Amended Stipulation and Order

18        Regarding Notice to Putative Class Members Regarding Pendency of Class Action

19        filed in *Fayerweather* on April 19, 2011.

20

21    **IT IS SO ORDERED.**

22

23  Dated: _____, 2015

24                                    _____
                                    Honorable Judge William A. Mayhew
25  SVI-700162531v1

26

27

28

2

**[PROPOSED] ORDER GRANTING DEFENDANT'S SUPPLEMENTAL REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF ITS MOTION TO STRIKE - CASE NO. 2011900**

2015 MAR 20  PM 1:12

1    FRED W. ALVAREZ, State Bar No. 68115
     ALLISON B. MOSER, State Bar No. 223065
2    JONES DAY
     Silicon Valley Office
3    1755 Embarcadero Rd.
     Palo Alto, CA 94303
4    Telephone: (650) 739-3939
     Facsimile: (650) 739-3900
5    Email: falvarez@jonesday.com
     Email: amoser@jonesday.com
6
     TROY A. VALDEZ, State Bar No. 191478
7    ERIN M. DOYLE, State Bar No. 233113
     VALDEZ TODD & DOYLE LLP
8    1901 Harrison Street, Suite 1450
     Oakland, California 94612
9    Telephone:  (415) 202-5950
     Facsimile:  (415) 202-5951
10   Email: tvaldez@vtdlaw.com
     Email: edoyle@vtdlaw.com
11
     Attorneys for Defendants
12   COMCAST CABLE COMMUNICATIONS
     MANAGEMENT, LLC, erroneously sued as
13   COMCAST CORPORATION and
     COMCAST OF CONTRA COSTA, INC.
14

**FILED**
**MAR 2 0 2015**

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY
GUADALUPE REYNOSO   DEPUTY

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                     FOR THE COUNTY OF STANISLAUS

17                                                    FILED BY FAX

18   JOSEPH JOSHUA DAVIS, PENNY            CASE NO. 2011900
     SCHOONOVER, LEON GIBSON,
19   DUSTIN WAYNE HAGENS, RAYMOND          Assigned for all purposes, including Trial
     AGUNDEZ, RAFAEL BARAJAS, JR.,        to Judge William A. Mayhew Dept. 21
20
                 Plaintiffs,
21
          v.                               **PROOF OF SERVICE**
22
     COMCAST CORPORATION, a               Date:   March 27, 2015
23   Pennsylvania Corporation; COMCAST OF  Time:   8:30 a.m.
     CONTRA COSTA, INC., a Washington      Dept.:  21
24   Corporation; and DOES 1 through 50,
     Inclusive,                            Complaint filed October 27, 2014
25
                 Defendants.
26

27

28

─────────────────────────────────────────────────
                [TITLE OF DOCUMENT- CASE NO. 2011900]

1

**PROOF OF SERVICE**

2

I, Margarita M. Lopez, declare:

3

I am a citizen of the United States and employed in Santa Clara County, California. I am

4

over the age of eighteen years and not a party to the within-entitled action. My business address

5

is Silicon Valley Office, 1755 Embarcadero Road, Palo Alto, California 94303. On March 20,

6

2015, I served a copy of the within document(s):

7

    1.  **DEFENDANT'S REPLY IN SUPPORT OF ITS**
        **MOTION TO STRIKE PORTIONS OF THE**

8

        **COMPLAINT**

9

    2.  **SUPPLEMENTAL REQUEST FOR JUDICIAL**
        **NOTICE IN SUPPORT OF DEFENDANT'S MOTION**

10

        **TO STRIKE PORTIONS OF THE COMPLAINT**

11

    3.  **DECLARATION OF TROY A. VALDEZ IN SUPPORT**
        **OF DEFENDANT'S REPLY IN SUPPORT OF ITS**

12

        **MOTION TO STRIKE PORTIONS OF THE**
        **COMPLAINT**

13

14

    4.  **[PROPOSED] ORDER GRANTING DEFENDANT'S**
        **SUPPLEMENTAL REQUEST FOR JUDICIAL**

15

        **NOTICE IN SUPPORT OF ITS MOTION TO STRIKE**
        **PORTIONS OF THE COMPLAINT**

16

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set

17

       forth below on this date before 5:00 p.m.

18

☐    by placing the document(s) listed above in a sealed envelope with postage thereon
       fully prepaid, in the United States mail at Palo Alto, California addressed as set

19

       forth below.

20

☒    by placing the document(s) listed above in a sealed UPS envelope and affixing a
       pre-paid air bill, and causing the envelope to be delivered to a UPS agent for

21

       delivery.

22

☐    by personally delivering the document(s) listed above to the person(s) at the

23

       address(es) set forth below.

24

☐    by transmitting via e-mail or electronic transmission the document(s) listed above
       to the person(s) at the e-mail address(es) set forth below.

25

26

27

28

1

Matthew Righetti (SBN 121012)   Jennifer Kramer
John Glugoski (SBN 191551)     JENNIFER KRAMER LEGAL, APC
RIGHETTI GLUGOSKI, P.C.      453 S. Spring St., Ste. 1000
456 Montgomery Street, Suite 1400  Los Angeles, CA  90013
San Francisco, CA  94104       Phone: (213) 955-0200
                            Fax: (213) 226-4358
*Attorneys for Plaintiffs*        Email: jennifer@laborex.com

2

3

4

5

    I am readily familiar with the firm's practice of collection and processing correspondence

6

for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

7

day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

8

motion of the party served, service is presumed invalid if postal cancellation date or postage

9

meter date is more than one day after date of deposit for mailing an affidavit.

10

    I declare under penalty of perjury under the laws of the State of California that the above

11

is true and correct.

12

    Executed on March 20, 2015, at Palo Alto, California.

13

14

15
                                                  Margarita M. Lopez

16
SVI-700162611v1

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT F  to NOTICE OF REMOVAL**

FILED

2015 APR -9 PM 2: 19

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY _____

COLLEEN SHORT _____ DEPUTY

1   Matthew Righetti, SBN 121012
    John Glugoski, SBN 191551
2   RIGHETTI GLUGOSKI, P.C.
3   456 Montgomery Street, Suite 1400
    San Francisco, CA 94104
4   Telephone: (415) 983-0900
    Facsimile: (415) 397-9005
5
6   Attorney for Plaintiffs

7
8               SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                     FOR THE COUNTY OF STANISLAUS
10

11  JOSEPH   JOSHUA   DAVIS,   PENNY        Case No.: 2011900
12  SCHOONOVER, LEON GIBSON, DUSTIN
    WAYNE HAGENS, RAYMOND AGUNDEZ,          **SECOND AMENDED COMPLAINT &**
13  RAFAEL BARAJAS, JR.,                    **ENFORCEMENT UNDER THE**
                                            **PRIVATE ATTORNEYS GENERAL**
14                                          **ACT:**
              Plaintiffs,
15                                          **(1) FAILURE TO PAY WAGES**

16      vs.                                 **(2) BREACH OF IMPLIED CONTRACT**

17  COMCAST CORPORATION, a Pennsylvania     **(3) DENIAL OF MEAL PERIODS**
    Corporation; COMCAST OF CONTRA
18  COSTA, INC., a Washington Corporation; and   **(4) DENIAL OF REST PERIODS**
    DOES 1 through 50, Inclusive,
19                                          **(5) UNFAIR BUSINESS PRACTICES**
                                            **(Violation of California Business &**
20            Defendants.                   **Professions Code §17200 et seq.)**

21                                          **(6) FAILURE TO PROVIDE**
                                            **ACCURATE, ITEMIZED WAGE**
22                                          **STATEMENTS**

23
24
25
26      Plaintiffs Joseph Joshua Davis, Penny Schoonover, Leon Gibson, Dustin Wayne Hagens,

27  Raymond Agundez and Rafael Barajas, Jr. (hereinafter referred to as "Plaintiffs"), hereby

28  submits this Complaint against Defendants COMCAST CORPORATION, COMCAST OF

FILED BY FAX

CONTRA COSTA, INC ("COMCAST"), and Does 1-50 (hereinafter collectively referred to as "Defendants") on behalf of themselves, as follows:

## INTRODUCTION

1. This action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226.7, 1194, 1198, and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 4.

2. This complaint challenges Defendants' systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of Defendants.

3. Plaintiffs are informed and believe and based thereon allege Defendants, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal and rest periods.

4. Plaintiffs are informed and believe and based thereon allege Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due, (b) the opportunity to take meal and rest periods, and (c) accurate, itemized wage statements.

5. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226.7, 1194, 1198 and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12 claims alleged herein.

7. Venue is proper because the alleged wrongs occurred in Stanislaus County. Defendants are located within California and Stanislaus County. Plaintiffs worked for Defendants in Stanislaus County. The events that are the subject of this action took place in Stanislaus County.

**PARTIES**

8. Plaintiffs have been employed or are currently employed as service technicians with Defendants within four years preceding the filing date of the initial class action Complaint entitled Fayerweather v. Comcast Case No. MSC-08-01470. The filing of the Fayerweather class action complaint on May 27, 2008 tolled the statute of limitations for the named Plaintiffs from four years from the filing of the Fayerweather class action complaint (i.e., May 27, 2004) to the present based upon the facts, representations and reasonable reliance by Plaintiffs as set forth below.

Plaintiffs are and were victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed them by California Labor Code §§ 204, 226.7, 1194 1198, and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12. Plaintiffs all worked in Stanislaus County, are and/or were employed by Defendants at all times relevant to this complaint in Stanislaus. Plaintiffs all worked within 4 years of the filing of the Fayerweather v. Comcast case. Plaintiff Gabriel Fayerweather filed his action on May 27, 2008. His case is pending before the Complex Litigation Department in Contra Costa County. Judge Goode issued an order certifying that case as a class action on April 12, 2010. Plaintiffs were members of the class certified by the court. The court's April 12, 2010 order certified claims for causes of action based on failure to provide meal breaks, failure to authorize and permit rest breaks, and failure to pay wages for all hours worked (off-the-clock). On November 17, 2011, at a status conference, the trial court issued an Order to Show Cause why the class should not be decertified following the Supreme Court's decision in *Brinker*. Following extensive briefing and

1    oral argument, the trial court issued an order decertifying the class on December 15, 2012. On

2    February 8 2013, Mr. Fayerweather filed an appeal challenging the legal validity of the trial

3    court's decertification order on the grounds that the decision is rooted in both legal error and an

4    abuse of discretion. Unlike federal law, where a decertification order is a final non-appealable

5    order once it is issued as set forth in FRCP Rule 23 (f), in state court actions, where the

6    Fayerweather case was pending and under California state law, which governs Fayerweather, the

7    decertification order is an automatically appealable order and does not become final until

8    exhaustion of appeals. As *Stephen v. Enter. Rent-A-Car*, 235 Cal. App. 3d 806 explains:

> We hold, first, that no policy in the law allowed Stephen to "renew" a class
> certification motion which had been denied on the merits by a final, appealable
> order. The one-final-judgment rule generally precludes piecemeal litigation
> through appeals from orders which dispose of less than an entire action. (9
> Witkin, Cal.Procedure (3d ed. 1985) Appeal, § 43, pp. 66–67; *Vasquez v.
> Superior Court* (1971) 4 Cal.3d 800, 806, 94 Cal.Rptr. 796, 484 P.2d 964
> (*Vasquez* ).) An order denying class certification does not finally dispose of an
> action since it leaves it intact as to the *individual* plaintiff. However, the order is
> appealable if it effectively terminates the entire action as to the class, in legal
> effect being "tantamount to a dismissal of the action as to all members of the
> class other than plaintiff. [Citations.]" (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d
> 695, 699, 63 Cal.Rptr. 724, 433 P.2d 732; *Richmond v. Dart Industries, Inc.,
> supra,* 29 Cal.3d 462, 470, 174 Cal.Rptr. 515, 629 P.2d 23.) The appeal is
> allowed, as a matter of state law policy, because the order has "the 'death knell'
> effect of making further proceedings in the action impractical...." (*General
> Motors Corp. v. Superior Court* (1988) 199 Cal.App.3d 247, 251, 244 Cal.Rptr.
> 776.) Federal law, by contrast, while acknowledging death-knell consequences,
> denies a right of direct appeal in any circumstances. (*Ibid.; Coopers & Lybrand
> v. Livesay* (1978) 437 U.S. 463, 469–470, 98 S.Ct. 2454, 2458–2459, 57 L.Ed.2d
> 351.) Because California allows direct appeals of death-knell orders, a plaintiff
> who fails to appeal from one loses forever the right to attack it. The order
> becomes final and binding. Two cases from this district illustrate the concept,
> holding that plaintiffs could not, on appeal from final judgments on the merits of
> their cases, attack final orders denying class certification. (*Guenter v. Lomas &
> Nettleton Co.* (1983) 140 Cal.App.3d 460, 465, 189 Cal.Rptr. 470; *Morrissey v.
> City and County of San Francisco* (1977) 75 Cal.App.3d 903, 906–908, 142
> Cal.Rptr. 527.) This, of course, is the reverse of federal law, which makes
> certification orders reviewable *only* on appeal *812 from the final judgment.
> (*General Motors Corp. v. Superior Court, supra,* 199 Cal.App.3d 247, 251, 244
> Cal.Rptr. 776.)

*Stephen v. Enter. Rent-A-Car*, 235 Cal. App. 3d 806, 811-12, 1 Cal. Rptr. 2d 130,
132-33 (Ct. App. 1991)

Fayerweather filed a timely appeal of the decertification order. The court of appeal issued a decision on Fayerweather's appeal on August 28, 2014. This matter was filed on October 27, 2014. Thus, the decertification order did not become final until after this case had already been filed. In addition, Fayerweather filed a Petition for Review with the California Supreme Court on October 7, 2014. It was not until November 25, 2014, that the Supreme Court denied the petition.

At approximately the time the Fayerweather case was certified by the Court, Plaintiffs were provided with a "court authorized" notice informing them that the case had been certified as a class action and, amongst other things, that if they did not opt-out of the class then they would be precluded from pursuing their own action. The notice stated as follows:

"By doing nothing, you remain in the Class and keep the possibility of getting money or benefits from this lawsuit. If you stay in and the Plaintiff obtains money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing, you will not be able to sue, or continue to sue, Comcast - as part of any other lawsuit - about the meal period, rest period, or wage claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action regarding the meal period, rest period, and wage claims."

Plaintiffs elected not to opt-out of the class action. When the Fayerweather court decertified the class Plaintiffs were never notified that the case had been *decertified*. The Plaintiffs had a reasonable belief that their claims were being protected and prosecuted in the Fayerweather action and were never notified to the contrary. Thus, the statute of limitations on Plaintiffs' claim was tolled from May 27, 2004 up to the time this case was filed.

9. Plaintiffs are informed and believe and based thereon allege Defendant COMCAST CORPORATION was and is a California Corporation doing business in the State of California with its principal place of business in Alameda County

10. Plaintiffs are informed and believe and based thereon allege Defendants were a California Corporation doing business in the State of California with its principal place of business in Alameda County.

11. Plaintiffs are informed and believe and based thereon allege that at all times herein

1   mentioned Defendants and DOES 1 through 50, are and were corporations, business entities,

2   individuals, and partnerships, licensed to do business and actually doing business in the State of

3   California.  Defendants own and operate an industry, business and establishment throughout

4   California and is headquartered in Alameda County, for the purpose of providing cable, internet,

5   telephone and other communications services.  As such, and based upon all the facts and

6   circumstances incident to Defendants' business in California, Defendants are subject to

7   California Labor Code §§ 201-204, 226.7, 1198, and 512, California Business and Professions

8   Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the

9   Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12.

10      **12.**    Plaintiffs do not know the true names or capacities, whether individual, partner or

11   corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason,

12   said Defendants are sued under such fictitious names, and Plaintiffs pray leave to amend this

13   complaint when the true names and capacities are known.  Plaintiffs are informed and believe

14   and based thereon allege that each of said fictitious Defendants were responsible in some way for

15   the matters alleged herein and proximately caused Plaintiffs to be subject to the illegal

16   employment practices, wrongs and injuries complained of herein.

17

18      **13.**    At all times herein mentioned, each of said Defendants participated in the doing

19   of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

20   Defendants, and each of them, were the agents, servants and employees of each of the other

21   Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were

22   acting within the course and scope of said agency and employment.

23      **14.**    Plaintiffs are informed and believe and based thereon allege that at all times

24   material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

25   joint venturer of, or working in concert with each of the other co-Defendants and was acting

26   within the course and scope of such agency, employment, joint venture, or concerted activity.

27   To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of

28   the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

1  Defendant.

2      **15.**   At all times herein mentioned, Defendants, and each of them, were members of,

3  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

4  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

5      **16.**   At all times herein mentioned, the acts and omissions of various Defendants, and

6  each of them, concurred and contributed to the various acts and omissions of each and all of the

7  other Defendants in proximately causing the injuries and damages as herein alleged.

8      **17.**   At all times herein mentioned, Defendants, and each of them, ratified each and

9  every act or omission complained of herein.  At all times herein mentioned, the Defendants, and

10  each of them, aided and abetted the acts and omissions of each and all of the other Defendants in

11  proximately causing the damages as herein alleged.

12          **FACTUAL ALLEGATIONS RELEVANT TO CAUSES OF ACTION**

13      **18.**   Defendants are a cable services and communications company.

14      **19.**    Plaintiffs Joseph Joshua Davis, Penny Schoonover, Leon Gibson, Dustin Wayne

15  Hagens, Raymond Agundez and Rafael Barajas, Jr. have all been employed by Defendants

16  within the 4 years of the filing of the original Fayerweather v. Comcast Complaint. Plaintiffs

17  report to Defendants' facilities for work at or around their regularly scheduled start times in the

18  morning.  Plaintiffs regularly scheduled start times are invariably on the hour, half-hour or

19  quarter-hour. Plaintiffs then travel from job site to job site in a company vehicle.

20      **20.**   Plaintiffs are/were required to carry portable Nextel devices which they were

21  expected and instructed to use to record start and end times for work activities performed

22  throughout the day such as repair work, installations, training, meetings, warehouse visits etc....

23  as well as start and end time for lunches, and start and end time for breaks.

24      **21.**   In addition, Plaintiffs were required to remain on-duty during the entire work day

25  with their Nextel communication devices on at all times so that Defendant could communicate

26  with the Plaintiffs at all times of the work day. Defendant had a uniform policy and practice of

27  contacting Plaintiffs through their Nextel devices at all times of the day including interrupting

Plaintiffs during what would otherwise be meal periods and rest breaks. Defendant's employees including dispatchers and supervisors regularly used the Nextel devices throughout the work day to communicate with Plaintiffs. Since Plaintiffs were to remain "on-duty" at all times, Plaintiffs were expected and required to immediately respond and/or answer all communication from Defendant at all times of the day. The purpose of these communications was to advise Plaintiffs about their work activities, including rerouting and assignment of jobs as well as to obtain job progress information from Plaintiffs. Job progress information was essential so that Defendant could assess whether Plaintiffs could arrive on time to their next job assignment or if another technician would need to be sent. Further, the job progress information was necessary so Defendant could notify customers throughout the day whose job order was next in line as to when the customers could expect Plaintiffs to arrive to complete work for the respective customers.

22. Defendants instruct/instructed Plaintiffs to accurately record their "job status" using the portable Nextel device, throughout the day including when they attempted to take lunch or go on break but at the same time record on separate time sheets that would be turned in before the work day commenced and/or was finished that they received an hour lunch which they did not receive.

23. Defendants instruct/instructed Plaintiffs to accurately record all start and end time of jobs, meal periods and breaks so that Defendant would know who was available to be sent to another location and who was still working on a job and therefore could not be sent to another location at that time.

24. Due to the workload required of Plaintiffs and the uniform policy of being "on-duty" at all times, Plaintiffs work/worked for periods of more than five (5) hours without an uninterrupted meal period of thirty (30) minutes.

25. Due to the workload required of Plaintiffs and the uniform policy of being "on-duty" at all times, Plaintiffs work/worked for periods of more than four (4) hours without a rest period of ten (10) minutes.

26.    Due to the workload required of Plaintiffs, Plaintiffs were not paid for all hours worked.

### FIRST CAUSE OF ACTION

### (FAILURE TO COMPENSATE FOR ALL HOURS WORKED PURSUANT TO IWC WAGE ORDER NO. 4 AND LABOR CODE § 1194)

27.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 as though fully set for herein.

28.    This cause of action is brought pursuant to Labor Code §1194, et seq., which provides that employees are entitled to wages and compensation for work performed, and provides a private right of action for failure to pay legal compensation for work performed, whether it be straight-time or overtime.

29.    At all times relevant herein, Defendants were required to compensate its non-exempt, hourly employees for all hours worked pursuant to in violation of California Labor Code §1194 and IWC Wage Order No. 4.

30.    As a pattern and practice, Defendants relied on punch data/time sheets in many instances filed out before the work day commenced to compensate Plaintiffs for hours worked rather than relying on the actual records that reflect hours worked and meal periods, i.e. the CSG records that were kept in real time. As a result, Plaintiffs were not compensated for all hours they were subject to the control of Defendants; including all time they were suffered or permitted to work.

31.    Plaintiffs are informed and believe and based thereon allege Defendants uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required Plaintiffs to work without appropriate pay. This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels. The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget. This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by required Plaintiffs to work without proper

1  compensation because they were unable to take the meal periods which were automatically
2  deducted from their time records.

3      **32.**    As a pattern and practice, in violation of the aforementioned labor laws and wage
4  orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly
5  maintain records pertaining to when Plaintiffs began and ended each work period, meal period,
6  the total daily hours worked, and the total hours worked per pay period and applicable rates of
7  pay in violation of California <u>Labor Code</u> §1174.

8      **33.**    The conduct of Defendants and their agents and employees as described herein
9  was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and
10  was done by managerial employees of Defendants. Plaintiffs are thereby entitled to an award of
11  punitive damages against Defendants, in an amount appropriate to punish and make an example
12  of Defendants, and in an amount to conform to proof.
13

14      **34.**    Plaintiffs are informed and believe and based thereon allege Defendants willfully
15  failed to pay employees proper compensation for all hours worked. Plaintiffs are informed and
16  believe and based thereon allege Defendants' willful failure to provide wages due and owing
17  them upon separation from employment results in a continued payment of wages up to thirty (30)
18  days from the time the wages were due. Therefore, Plaintiffs who have separated from
19  employment are entitled to compensation pursuant to <u>Labor Code</u> § 203.

20      **35.**    Such a pattern, practice and uniform administration of corporate policy regarding
21  illegal employee compensation as described herein is unlawful and creates an entitlement to
22  recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of straight time
23  compensation and overtime premiums owing, including interest thereon, penalties, reasonable
24  attorneys' fees, and costs of suit according to California <u>Labor Code</u> §1194, <u>et seq.</u>

25  <u>**SECOND CAUSE OF ACTION**</u>

26  **(FOR BREACH OF IMPLIED CONTRACT FORM BY CONDUCT: WORKING OFF-**
27  **THE CLOCK)**

28      **36.**    Plaintiffs re-allege and incorporate by reference each and every allegation set

forth in the preceding paragraphs.

**37.** Plaintiffs plead this cause of action as an alternative theory of liability to their First Cause of Action.

**38.** As noted by the United States Supreme Court, ""[A]n informal contract of employment may arise by the simple act of handing a job applicant a shovel and providing a workplace." Hishon v. King & Spalding, 467 U.S. 69, 74 (1984).

**39.** The employment contracts between hourly-paid employees and Defendants, arise from, among other things: Defendants' conduct of treating hourly-paid employees as their employees; Defendants' standardized employee orientation; hourly-paid employees' pay-stubs; Defendants' corporate meal break policy; and the distribution of the Handbook to hourly-paid employees.

**40.** By furnishing their labor on behalf of Defendants and/or with their knowledge and/or acquiescence, hourly-paid employees duly performed all the conditions on their part under their employment contracts.

**41.** By failing to properly compensate hourly-paid employees for off-the-clock work, Defendants breached their employment contracts with Plaintiffs.

**42.** Plaintiffs suffered damages in the form of lost wages and benefits as a direct result of Defendants' conduct. Defendants are liable to Plaintiffs for the damages incurred as a result of Defendants' failure to pay Plaintiffs for their off-the-clock work.

**THIRD CAUSE OF ACTION**

**(FOR FAILURE TO PROVIDE MEAL BREAKS**

**IN VIOLATION OF LABOR CODE §§ 226.7 AND 512**

**AND IWC WAGE ORDER NO. 4)**

**43.** Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**44.** Defendants failed in their affirmative obligation to ensure that all of their employees, including Plaintiffs, were actually relieved of all duties, in requiring them to remain

on-duty at all times including during meal periods and rest breaks and interrupted them during said meal periods and rest breaks with work-related issues. Plaintiffs were suffered and permitted to work through legally required meal breaks. As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B). Defendants shall pay the each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal break was not provided.

45. Plaintiffs regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

46. As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation. Defendants did staff and schedule employees in such a manner and at such posts that would make it impossible for these employees to take their meal period as required under California law. This policy of requiring employees to work through their legally mandated meal periods is a violation of California law. Indeed, Defendants' own records, i.e., the CSG data, confirms whether an employee used the Nextel device to clock out for a meal period lasting not less than thirty minutes. For those instances where the CSG data shows a meal period lasting less than 30 minutes, Defendants did not compensate Plaintiff with an extra hour of pay.

47. Plaintiffs never received "off-duty" breaks because they were required by Defendants to keep their Nextel devices on and answer calls from dispatchers and supervisors throughout the day, including during their lunch breaks.

48. Plaintiff is informed and believes and based thereon alleges Defendants failure to provide Plaintiff with the opportunity to take meal breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiffs.

49. Plaintiffs are informed and believe and based thereon allege Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B). Plaintiffs are

1    informed and believe and based thereon allege Defendants' willful failure to provide Plaintiffs

2    the wages due and owing them upon separation from employment results in a continued payment

3    of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs who

4    have separated from employment are entitled to compensation pursuant to Labor Code § 203.

5        **50.**    As a pattern and practice, in violation of the aforementioned labor laws and wage

6    orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly

7    maintain records pertaining to when Plaintiffs began and ended each meal period in violation of

8    California Labor Code §1174 and § 4 of the applicable IWC Wage Order(s). This, despite the

9    fact that Defendant knew the CSG data was an accurate record of meal periods taken and the

10   length of each meal period.

11       **51.**    Such a pattern, practice and uniform administration of corporate policy as

12   described herein is unlawful and creates an entitlement to recovery by the Plaintiff identified

13   herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to

14   Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B), including interest thereon, penalties,

15   reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code

16   §§ 218.5 or 1194.

17

18       **52.**    By requiring that Plaintiffs remain on duty during meal periods, Defendants'

19   wrongful and illegal conduct in failing to provide Plaintiffs with the opportunity to take meal

20   breaks and to provide premium compensation in accordance with Labor Code §§ 226.7 and 512

21   and IWC Wage Order No. 4 § 11(B) despite the clear legal obligation to do so, unless and until

22   enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs

23   in that the Defendants will continue to violate these California laws, represented by labor statutes

24   and IWC wage orders, unless specifically ordered to comply with same.  This expectation of

25   future violations will require current and future employees to repeatedly and continuously seek

26   legal redress in order to gain compensation to which they are entitled under California law.

27   Plaintiff has no other adequate remedy at law to insure future compliance with the California

28   labor laws and wage orders alleged to have been violated herein.

<u>**FOURTH CAUSE OF ACTION**</u>

**(FOR FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF <u>LABOR CODE</u> §§ 226.7 AND 512 AND IWC WAGE ORDER NO. 4)**

**53.**    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**54.**    Defendants affirmatively prevented Plaintiff from taking legally mandated rest breaks. As such, Defendant is responsible for paying premium compensation for missed rest periods pursuant to <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 12(B). Defendants shall pay each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break was not provided.

**55.**    Plaintiff regularly worked in excess of three and half (3 ½) hours per day. Defendants' policies and practices prevented Plaintiff from enjoying their right to a ten (10) minute rest period in the middle of each four (4) hour work period.

**56.**    As a pattern and practice, Defendants regularly required employees to work through rest periods. Defendants and Defendants' supervisors assigned work, scheduled shifts, and staffed worksites in a manner that did not allow Plaintiff to regularly take rest periods.

**57.**    Plaintiffs are informed and believes and based thereon alleges Defendants failure to provide Plaintiffs with the opportunity to take rest breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiffs, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights.

**58.**    Plaintiffs are informed and believes and based thereon alleges Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 12(B). Plaintiffs are informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiffs the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to <u>Labor</u>

1 | Code § 203.

2 | **59.** Such a pattern, practice and uniform administration of corporate policy as
3 | described herein is unlawful and creates an entitlement to recovery by the Plaintiffs identified
4 | herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to
5 | Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B), including interest thereon, penalties,
6 | reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code
7 | §§ 218.5 or 1194.

8 | **60.** Defendants' wrongful and illegal conduct in failing provide Plaintiffs' with the
9 | opportunity to take rest breaks and to provide premium compensation in accordance with Labor
10 | Code §§ 226.7 and 512 and IWC Wage Order No. 4§ 12(B) despite the clear legal obligation to
11 | do so, unless and until enjoined and restrained by order of this court, will cause great and
12 | irreparable injury to Plaintiff in that the Defendants will continue to violate these California
13 | laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply
14 | with same. This expectation of future violations will require current and future employees to
15 | repeatedly and continuously seek legal redress in order to gain compensation to which they are
16 | entitled under California law. Plaintiff has no other adequate remedy at law to insure future
17 | compliance with the California labor laws and wage orders alleged to have been violated herein.
18 |

19 | **FIFTH CAUSE OF ACTION**

20 | **(FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)**

21 | **61.** Plaintiffs re-allege and incorporate by reference each and every allegation set
22 | forth in the preceding paragraphs.

23 | **62.** Defendants, and each of them, have engaged and continue to engage in unfair
24 | business practices in California by practicing, employing and utilizing the employment practices
25 | outlined above, inclusive, to wit, (a) not compensate employees for all hours worked, and (b) to
26 | require employees to work through meal and rest periods.

27 | **63.** Defendants' utilization of such unfair business practices constitutes unfair
28 | competition and provides an unfair advantage over Defendants' competitors.

**64.**   Plaintiffs seek, on their own behalves, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

**65.**   Plaintiffs seek, on their own behalves, an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein.

**66.**   The restitution includes the equivalent of (a) all unpaid wages for hours worked whether it be straight-time or overtime, and (b) all unpaid premium compensation mandated by Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) and 12(B), including interest thereon.

**67.**   The acts complained of herein occurred within the last four years preceding the filing of the *Fayerweather* complaint.

**68.**   Plaintiffs are informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiffs the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## SIXTH CAUSE OF ACTION

### (For Violation of LABOR CODE § 226

**69.**   Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**70.**   Plaintiffs have been harmed as described herein and set forth in the First, Second, Third, and Fourth Causes of Action.

**71.**   As a pattern and practice, Defendant failed to furnish Plaintiffs, either semimonthly or at the time of each payment of wages, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing gross wages earned, total hours worked, and the applicable hourly rates and corresponding number of hours worked by Plaintiffs at each rate.

72.     Defendant willfully and intentionally failed to provide Plaintiffs with accurate, itemized statements, to show on such itemized statements the proper total hours, including overtime hours, worked by Plaintiffs in that it required or suffered them to work and failed to pay wages to them for all hours worked. Defendant willfully and intentionally failed to show accurate gross wages earned, total hours worked by Plaintiffs, and all applicable hourly rates and the corresponding number of hours worked by Plaintiffs at each rate.

73.     Moreover, Defendant failed to maintain the records required by Labor Code section 226(a) for at least three years at the place of employment or at a central location within the State of California. Instead, Defendant routinely destroyed the CSG data that contained the records confirming when Plaintiffs logged in and out of their Nextel devices for meal periods and rest breaks and to record work time.

74.     As such, Plaintiffs are entitled to payment from Defendant of the greater of actual damages or $50 for the initial pay period in which the violation occurred and $100 for each subsequent violation, up to a maximum of $4000, pursuant to Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on their own behalves prays for judgment as follows:

1.  Upon the First and Second Cause of Action, for consequential damages according to proof;

2.  Upon the First and Second Cause of Action, for punitive and exemplary damages according to proof;

3.  Upon the First and Second Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203;

4.  Upon the Third Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) related to meal breaks;

5.  Upon the Third Cause of Action, for waiting time compensation according to proof

1    pursuant to California Labor Code § 203;

2    6.   Upon the Third Cause of Action, that Defendants be ordered to show cause why they

3         should not be enjoined and ordered to comply with the applicable California Industrial

4         Welfare Commission wage orders related to meal breaks and record keeping for

5         Defendants' employees related to same; and for an order enjoining and restraining

6         Defendants and their agents, servants and employees related thereto;

7    7.   Upon the Fourth Cause of Action, for consequential damages according to proof as set

8         forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B) related to

9         rest breaks;

10   8.   Upon the Fourth Cause of Action, for waiting time compensation according to proof

11        pursuant to California Labor Code § 203;

12   9.   Upon the Fourth Cause of Action, that Defendants be ordered to show cause why they

13        should not be enjoined and ordered to comply with the applicable California Industrial

14        Welfare Commission wage orders related to rest breaks; and for an order enjoining and

15        restraining Defendants and their agents, servants and employees related thereto;

16   10.  Upon the Fifth Cause of Action, for restitution to Plaintiff of all funds unlawfully

17        acquired by Defendants by means of any acts or practices declared by this Court to be

18        violative of the mandate established by California Business and Professions Code §

19        17200 et seq.;

20   11.  Upon the Fifth Cause of Action, for an injunction to prohibit Defendants to engage in

21        the unfair business practices complained of herein;

22   12.  Upon the Fifth Cause of Action, for an injunction requiring Defendants to give notice to

23        persons to whom restitution is owing of the means by which to file for restitution;

24   13.  Upon the Sixth Cause of Action, for actual damages or statutory penalties according to

25        proof as set forth in California Labor Code § 226 and IWC Wage Order No. 4 § 7(B)

26        related to record keeping;

27   14.  Upon the Sixth Cause of Action, that Defendants be ordered to show cause why they

should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

15. For pre-judgment interest as allowed by California <u>Labor Code</u> §§ 218.5 or 1194 and California <u>Civil Code</u> § 3287;

16. For reasonable attorneys' fees, expenses and costs as provided by California <u>Labor Code</u> §§ 218.5 or 1194 and <u>Code of Civil Procedure</u> § 1021.5; and,

17. For such other and further relief the court may deem just and proper.

**Dated: April 9, 2015**                    **RIGHETTI GLUGOSKI, P.C.**

By: _____
        John Glugoski
        Attorneys for Plaintiffs

FILED

**SUM-100**

## SECOND AMENDED **SUMMONS**
### *(CITACION JUDICIAL)*

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

2015 APR 9 A 9: 15

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY_____
COLLEEN SHORT  DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA

COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive, Defendants
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSEPH JOSHUA DAVIS, PENNY SCHOONOVER, LEON GIBSON, DUSTIN WAYNE

HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR., Plaintiffs

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the Information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanislaus County Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>2011900 |
|---|---|

City Towers Building

801 10th Street, 4th Floor, Modesto, CA 95354
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Glugoski, Righetti Glugoski, P.C., 456 Montgomery St. #1400, San Francisco, CA 94104 (415) 983-0900

| DATE:<br>*(Fecha)* APR 0 9 2015 | Clerk, by<br>*(Secretario)* COLLEEN SHORT | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* COMCAST CORPORATION et al.

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*FILED BY FAX*

1  **Matthew Righetti, SBN 121012**
2  **John Glugoski, SBN 191551**
   **RIGHETTI GLUGOSKI, P.C.**
3  456 Montgomery Street, Suite 1400
   San Francisco, CA  94104
4  Telephone:  (415) 983-0900
   Facsimile:  (415) 397-9005
5

6

7                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       FOR THE COUNTY OF STANISLAUS

9

10
   JOSEPH    JOSHUA    DAVIS,    PENNY       **Case No.:  2011900**
11 SCHOONOVER, LEON GIBSON, DUSTIN
   WAYNE HAGENS, RAYMOND AGUNDEZ,        **PROOF OF SERVICE**
12 RAFAEL BARAJAS, JR.
13
            Plaintiffs,
14
15      vs.

16 COMCAST CORPORATION, a Pennsylvania
   Corporation; COMCAST OF CONTRA
17 COSTA, INC., a Washington Corporation; and
   DOES 1 through 50, Inclusive,
18
19          Defendants.
20
21
22
23
24
25
26
27
28

                                  1
─────────────────────────────────────────────────────
                           PROOF OF SERVICE

**PROOF OF SERVICE**

STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Friday, April 10, 2015 I served the foregoing document described as:

- **SECOND AMENDED COMPLAINT**
- **SECOND AMENDED SUMMONS**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

**Troy A. Valdez**
**VALDEZ TODD & DOYLE LLP**
1901 Harrison Street, Suite 1450
Oakland, CA 94612

**Fred W. Alvarez**
**Allison B. Moser**
**JONES DAY**
1755 Embarcadero Road
Palo Alto, CA 94303

( X )   **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelopes would be deposited with the U.S. postal service on Friday, April 10, 2015 with postage thereon fully prepaid, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Friday, April 10, 2015, at San Francisco, California.

Melissa Huston

PROOF OF SERVICE