1   FRED W. ALVAREZ, State Bar No. 68115
    ALLISON B. MOSER, State Bar No. 223065
2   EMILIE O. REESLUND State Bar No. 294204
    JONES DAY
3   Silicon Valley Office
    1755 Embarcadero Road
4   Palo Alto, CA 94303
    Telephone:   +1.650.739.3939
5   Facsimile:   +1.650.739.3900
    Email:      falvarez@jonesday.com
6   Email:      amoser@jonesday.com
    Email:      ereeslund@jonesday.com
7
    TROY A. VALDEZ, State Bar No. 191478
8   ERIN M. DOYLE, State Bar No. 233113
    STEPHEN L. TAEUSCH, State Bar No. 247708
9   VALDEZ LAW GROUP LLP
    1901 Harrison Street, Suite 1450
10  Oakland, California 94612
    Telephone:  (415) 202-5950
11  Facsimile:  (415) 202-5951
    Email: tvaldez@valdezlawgroup.com
12  Email: edoyle@valdezlawgroup.com
    Email: staeusch@valdezlawgroup.com
13
    Attorneys for Defendants
14  COMCAST CORPORATION and
    COMCAST OF CONTRA COSTA, INC.
15
16              UNITED STATES DISTRICT COURT
17              EASTERN DISTRICT OF CALIFORNIA

18  JOSEPH JOSHUA DAVIS, PENNY          Case No.
    SCHOONOVER, LEON GIBSON,
19  DUSTIN WAYNE HAGENS, RAYMOND
    AGUNDEZ, and RAFAEL BARAJAS, JR.,   **DECLARATION OF TROY A. VALDEZ
20                                       IN SUPPORT OF NOTICE OF
                Plaintiffs,              REMOVAL OF ACTION**
21
        vs.                             Diversity Jurisdiction
22
    COMCAST CORPORATION, a              [28 U.S.C. §§ 1332, 1367, 1441, 1446]
23  Pennsylvania Corporation; COMCAST OF
    CONTRA COSTA, INC., a Washington    Complaint filed:     October 27, 2014.
24  Corporation; and DOES 1 through 50,
    Inclusive,
25
                Defendants.
26
27
28

**DECLARATION OF TROY A. VALDEZ ISO NOTICE OF REMOVAL OF ACTION - CASE NO.**

I, Troy A. Valdez, hereby declare:

1.      I am an attorney admitted to practice before all Courts of the State of California and before this Court, and I am a partner with the law firm of Valdez Law Group, LLP, counsel for Defendants Comcast Corporation and Comcast of Contra Costa, Inc. in the above captioned matter.  I know the facts stated herein to be true based upon my own personal knowledge.

2.      Plaintiffs Joseph Joshua Davis, Penny Schoonover, Leon Gibson, Dustin Wayne Hagens, Raymond Agundez, and Rafael Barajas, Jr. ("Plaintiffs") initiated this action on October 27, 2014.

3.      Plaintiffs' Complaint did not contain sufficient information to ascertain Plaintiffs' citizenship.  Defendants did not ascertain the parties' complete diversity of citizenship until September 23, 2015, when Plaintiffs' counsel formally stipulated that Plaintiffs were not citizens of Washington or Pennsylvania at the time they filed the Complaint.  A true and correct copy of the parties' September 23, 2015 stipulation is attached hereto as Exhibit 1.  Attached hereto as Exhibit 2 is a true and correct copy of counsel's email correspondence from September 23, 2015 reflecting this agreement.

4.      A true and correct copy of Plaintiff Penny Schoonover's responses to Comcast's First Set of Special Interrogatories is attached hereto as Exhibit 3.  A true and correct copy of Plaintiff Raymond Agundez's responses to Comcast's First Set of Special Interrogatories is attached hereto as Exhibit 4.  A true and correct copy of Plaintiff Joseph Joshua Davis's responses to Comcast's First Set of Special Interrogatories is attached hereto as Exhibit 5.   A true and correct copy of Plaintiff Leon Gibson's responses to Comcast's First Set of Special Interrogatories is attached hereto as Exhibit 6.  A true and correct copy of Plaintiff Rafael Barajas, Jr.'s responses to Comcast's First Set of Special Interrogatories is attached hereto as Exhibit 7.

I declare under the penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of October, 2015, at Palo Alto, California.

            /s/ Troy A. Valdez
            Troy A. Valdez

2

**DECLARATION OF TROY A. VALDEZ ISO NOTICE OF REMOVAL OF ACTION - CASE NO.**

# EXHIBIT 1 to
# DECLARATION OF TROY A. VALDEZ ISO REMOVAL

1    FRED W. ALVAREZ, State Bar No. 68115
     ALLISON B. MOSER, State Bar No. 223065
2    EMILIE O. REESLUND, State Bar No. 294204
     JONES DAY
3    Silicon Valley Office
     1755 Embarcadero Rd.
4    Palo Alto, CA 94303
     Telephone: (650) 739-3939
5    Facsimile: (650) 739-3900
     Email: falvarez@jonesday.com
6    Email: amoser@jonesday.com

7    TROY A. VALDEZ, State Bar No. 191478
     ERIN M. DOYLE, State Bar No. 233113
8    VALDEZ LAW GROUP LLP
     1901 Harrison Street, Suite 1450
9    Oakland, California 94612
     Telephone:  (415) 202-5950
10   Facsimile:  (415) 202-5951
     Email: tvaldez@valdezlawgroup.com
11   Email: edoyle@valdezlawgroup.com

12   Attorneys for Defendant
     COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC
13   erroneously sued as COMCAST CORPORATION and
     COMCAST OF CONTRA COSTA, INC.

14

                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
15

16                      IN AND FOR THE COUNTY OF STANISLAUS

17   JOSEPH JOSHUA DAVIS, PENNY            )  Case No. 2011900
18   SCHOONOVER, LEON GIBSON, DUSTIN       )
     WAYNE HAGENS, RAYMOND                 )  **STIPULATION**
19   AGUNDEZ, RAFAEL BARAJAS JR.,          )
                                           )
20              Plaintiffs,                )
                                           )
21         v.                              )
                                           )
22   COMCAST CORPORATION, a Pennsylvania   )  Complaint filed October 27, 2014
     Corporation; COMCAST OF CONTRA        )
23   COSTA, INC., a Washington Corporation; and )
     DOES 1 through 50, Inclusive,         )
24                                         )
                Defendants.                )
25   _____)

26

27

28

                              STIPULATION
                            Case No.: 2011900

1    FRED W. ALVAREZ, State Bar No. 68115
     ALLISON B. MOSER, State Bar No. 223065
2    EMILIE O. REESLUND State Bar No. 294204
     JONES DAY
3    Silicon Valley Office
     1755 Embarcadero Rd.
4    Palo Alto, CA 94303
     Telephone: (650) 739-3939
5    Facsimile: (650) 739-3900
     Email: falvarez@jonesday.com
6    Email: amoser@jonesday.com
     Email: ereeslund@jonesday.com
7
     TROY A. VALDEZ, State Bar No. 191478
8    ERIN M. DOYLE, State Bar No. 233113
     STEPHEN L. TAEUSCH, State Bar No. 247708
9    VALDEZ TODD & DOYLE LLP
     1901 Harrison Street, Suite 1450
10   Oakland, California 94612
     Telephone: (415) 202-5950
11   Facsimile: (415) 202-5951
     Email: tvaldez@vtdlaw.com
12   Email: edoyle@vtdlaw.com
     Email: staeusch@vtdlaw.com
13
     Attorneys for Defendants
14   COMCAST CABLE COMMUNICATIONS
     MANAGEMENT, LLC, erroneously sued as
15   COMCAST CORPORATION and
     COMCAST OF CONTRA COSTA, INC.
16
17                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
18                         FOR THE COUNTY OF ALAMEDA

19   Jeffrey Coleman, Jr., Russell John Pekkonen,      CASE NO. RG14750693
     Christopher Thatcher, Craig McCullom, Jeff
20   Keith Chung, Tyree L. Anthony, Estate of          STIPULATION
     Marlin Kelley, Roderick Hammond, Richard
21   Brown, Luis Armas, Damian Ruiz, William
     Dantzman, Taphawn Deshone Bryant, Joshua          Complaint filed December 3, 2014
22   Raymond Peppars, Terrence Ruffen, Ryan
     Dunbar, Robert Milligan, Meagan Medina
23   and Rolando Jackson

24              Plaintiffs,

25        v.

26   COMCAST CORPORATION, a
     Pennsylvania Corporation; COMCAST OF
27   CONTRA COSTA, INC., a Washington
     Corporation; and DOES 1 through 50,
28   Inclusive,

                Defendants.

                         STIPULATION - CASE NO. RG14750693

WHEREAS, the Complaint in this action was filed on December 3, 2014 by Plaintiffs Jeffrey Coleman, Jr., Russell John Pekkonen, Christopher Thatcher, Craig McCullom, Jeff Keith Chung, Tyree L. Anthony, Estate of Marlin Kelley, Roderick Hammond, Richard Brown, Luis Armas, Damian Ruiz, William Dantzman, Taphawn Deshone Bryant, Joshua Raymond Peppars, Terrence Ruffen, Ryan Dunbar, Robert Milligan, Meagan Medina and Rolando Jackson ("Plaintiffs") against Defendant Comcast Cable Communications Management, LLC, erroneously sued as Comcast Corporation and Comcast of Contra Costa, Inc. ("Defendants"). Plaintiffs' Complaint did not contain sufficient information to ascertain jurisdictional requirements.

WHEREAS Counsel for Plaintiffs filed suits on behalf of approximately 201 current and former Comcast employees in the Superior Courts of Alameda, Contra Costa, Mendocino, San Joaquin, Stanislaus, San Francisco, Butte, Fresno, Merced, Tuolumne, Sacramento, Tulare, Sutter, Monterey Marin, Solano, Santa Clara, San Mateo, Sonoma and Santa Barbara Counties (the "Comcast Complaints") in the fourth quarter of 2014.

WHEREAS Defendants served written discovery requests on all Plaintiffs in all Comcast Complaints on or about December 17, 2014.

WHEREAS part of the discovery served included Requests for Admission asking Plaintiffs to admit, among other things, that they intended to continue to reside in California, to which Plaintiffs served objections on the grounds that the request was overbroad and Plaintiffs did not have sufficient information to respond about their plans.

WHEREAS, the Parties met and conferred regarding the discovery responses extensively, and Defendants offered a resolution to the discovery if Plaintiffs' counsel stated in writing that no Plaintiffs are citizens of Pennsylvania or Washington to resolve the issue of whether Plaintiffs intended to remain in California.

WHEREAS on September 17, 2015 Plaintiffs agreed to state in writing that no Plaintiffs are citizens of Pennsylvania or Washington.

WHEREAS, in lieu of requiring Plaintiffs to provide supplemental discovery responses

STIPULATION

1    for each Plaintiff, Plaintiffs hereby stipulate that no Plaintiff in this action is currently a citizen of

2    Pennsylvania or Washington.

3          WHEREAS Comcast would also like confirmation that the approximately 10 Plaintiffs

4    who did not admit they were residents of California in their responses to the Request for

5    Admissions were not citizens of Pennsylvania or Washington when the  Comcast Complaints

6    were filed, and Plaintiffs are willing to so stipulate.

7          NOW THEREFORE the parties hereby agree that 1) no Plaintiff is currently a citizen of

8    Pennsylvania or Washington nor was any Plaintiff at the time that the Comcast Complaints were

9    filed and 2) those Plaintiffs who did not admit to being residents of California in response to

10    Request for Admission 3 were not citizens of Pennsylvania or Washington when the Comcast

11    Complaints were filed.  It is further agreed that Defendants will not require Plaintiffs to

12    supplement their discovery responses with respect to this issue and that Defendant will withdraw

13    any motions to compel/and or requests for pre-trial discovery conferences in their entirety

14    presently pending, including those in Merced and Fresno Counties respectively.

15

16    Dated: September 23, 2015           JONES DAY

17

18                                  By: _____

19                                   Fred W. Alvarez

                                     Allison B. Moser

20                                 Emilie O. Reeslund

                                     Attorney for Defendants

21

22

23    Dated: September 23, 2015           RIGHETTI GLUGOSKI

24

25                                  By: _____

26                                    John Glugoski

                                     Attorney for Plaintiffs

27

28

3

STIPULATION

# EXHIBIT 2 to
# DECLARATION OF TROY A. VALDEZ ISO REMOVAL

| From: | Troy Valdez <tvaldez@vtdlaw.com> |
|---|---|
| To: | John Glugoski <jglugoski@righettilaw.com>, |
| Cc: | Allison Moser <amoser@jonesday.com>, "arlo@liberationlawgroup.com" <arlo@liberationlawgroup.com>, Kelly Karpenske <Kelly@righettilaw.com>, David Loofbourrow <David@righettilaw.com> |
| Date: | 09/23/2015 12:22 PM |
| Subject: | Re: Comcast Stip |

Here you go.  We will withdraw all motions and requests for conferences.

Troy A. Valdez

VALDEZ TODD & DOYLE LLP

1901 Harrison Street, Suite 1450

Oakland, CA 94612

(415) 202.5950 (general)

(415) 202.5945 (direct)

(415) 202.5951 (fax)

(415) 602.5617 (cell)



tvaldez@vtdlaw.com scanner@vtdlaw.com_20150923_161347.pdf

On Sep 23, 2015, at 11:59 AM, John Glugoski <jglugoski@righettilaw.com> wrote:

Troy,

Attached please find the executed stipulation.  This will also confirm that you are withdrawing the motion to compel set for October 8, 2015 in Merced County action entitled Grimes v. Comcast, the Pre-trial discovery conference in the Fresno County action entitled Flores v. Comcast and any other motion or discovery conference pending in any other action.

This shall serve as further notice that Plaintiffs will not be filing an opposition in the Grimes case based

on your representations that the motion is withdrawn.  Should you fail to withdraw the motions, pretrial conferences etc... this stipulation will be null and void.

Thanks,

John

**From:** Troy Valdez [mailto:tvaldez@vtdlaw.com]
**Sent:** Wednesday, September 23, 2015 11:49 AM
**To:** John Glugoski
**Cc:** Allison Moser; arlo@liberationlawgroup.com
**Subject:** Re: Comcast Stip

Looks good.  Will you send me an executed copy and I will sign and send back to you.

Troy A. Valdez
VALDEZ TODD & DOYLE LLP
1901 Harrison Street, Suite 1450
Oakland, CA 94612
(415) 202.5950 (general)
(415) 202.5945 (direct)
(415) 202.5951 (fax)
(415) 602.5617 (cell)
tvaldez@vtdlaw.com


On Sep 23, 2015, at 11:36 AM, John Glugoski <jglugoski@righettilaw.com> wrote:

Troy,

I made one addition to the last sentence to make it clear that your withdrawal of the motions to compel is as to the entire motion not just the citizenship issue.

John

**From:** Troy Valdez [mailto:tvaldez@vtdlaw.com]
**Sent:** Wednesday, September 23, 2015 11:08 AM
**To:** John Glugoski
**Cc:** Allison Moser; arlo@liberationlawgroup.com
**Subject:** Re: Comcast Stip

John:

Here is the revised stipulation.  We cleaned up a few typos, otherwise, it reflects your changes. As we discussed last night, we are not an will not clam that you never answered the RFA with respect to the residency of most of the plaintiffs.  However, that did not provide us a basis to

remove. We are just trying to confirm that basis without having to put either Defendant or Plaintiffs through discovery motions. I think this stip accomplishes what we are trying to do.

I am giving you a redline and a clean copy. If you are good with the stip, please execute it. We will then use your executed copy for the stips in all cases. Nothing will change other than the identifying information regarding the specific case.

Thanks:

Troy


**Troy A. Valdez**
**VALDEZ TODD & DOYLE LLP**

**1901 Harrison Street, Suite 1450**
**Oakland, CA 94612**
**(415) 202.5950 (general)**
**(415) 202.5945 (direct)**
**(415) 202.5951 (fax)**
**(415) 602.5617 (cell)**
**tvaldez@vtdlaw.com**


On Sep 22, 2015, at 4:33 PM, John Glugoski <jglugoski@righettilaw.com> wrote:

Troy,

I called both your lines to try to explain but I presume this revision will make it clear. Your stipulation fails to make clear that close to 190 of the class admitted to being citizens of California back in April/May 2015.

John

**From:** Troy Valdez [mailto:tvaldez@vtdlaw.com]
**Sent:** Tuesday, September 22, 2015 4:16 PM
**To:** John Glugoski
**Cc:** Allison Moser; arlo@liberationlawgroup.com
**Subject:** Re: Comcast Stip

John:

I did not understand your proposed revisions. I have tried to simplify it. See attached. I also added your last request at the bottom.

Troy A. Valdez
VALDEZ TODD & DOYLE LLP
1901 Harrison Street, Suite 1450
Oakland, CA 94612
(415) 202.5950 (general)

(415) 202.5945 (direct)
(415) 202.5951 (fax)

(415) 602.5617 (cell)
tvaldez@vtdlaw.com

On Sep 22, 2015, at 3:28 PM, John Glugoski <jglugoski@righettilaw.com> wrote:

Troy,

Can you add this to the end after the word issue

".. and Defendant will withdraw any motions to compel and/or requests for pre-trial discovery conferences presently pending including those pending in Merced and Fresno Counties respectively."

John

**From:** John Glugoski
**Sent:** Tuesday, September 22, 2015 3:18 PM
**To:** 'Troy Valdez'
**Cc:** Allison Moser; arlo@liberationlawgroup.com
**Subject:** RE: Comcast Stip

Troy,

  Here are our further revisions.

John

**From:** Troy Valdez [mailto:tvaldez@vtdlaw.com]
**Sent:** Tuesday, September 22, 2015 2:51 PM
**To:** John Glugoski
**Cc:** Allison Moser; arlo@liberationlawgroup.com
**Subject:** Re: Comcast Stip

John:

We have made it clear why were seeking responses to the RFAs and corresponding special interrogatories regarding the Plaintiffs' citizenship - to confirm a basis for removal jurisdiction. I asked for my concession to avoid having to file motions to compel to get this information. While my email did not specify a time I wanted you to confirm the citizenship of any Plaintiff, you have verified that no Plaintiff is a resident of either Washington or Pennsylvania today. Given that concession, it would seem easy enough to confirm that no Plaintiff was a citizen of Pennsylvania or Washington at the time their respective complaints were filed less than a year ago. If you will not confirm this fact we will need to move forward with our motions to compel, including those on file. Otherwise, we again attach the revised stipulation with only modest changes to your proposed revisions for your reconsideration.

Attached is the executed stipulation you all requested in the Fayerweather matter.

Thanks:Troy A. Valdez
VALDEZ TODD & DOYLE LLP
1901 Harrison Street, Suite 1450
Oakland, CA 94612
(415) 202.5950 (general)
(415) 202.5945 (direct)
(415) 202.5951 (fax)
(415) 602.5617 (cell)
tvaldez@vtdlaw.com


On Sep 22, 2015, at 1:48 PM, John Glugoski <jglugoski@righettilaw.com> wrote:

Allison,

I made a mistake and misstated the agreement. These revisions track exactly what Troy offered and we agreed to.

John

**From:** Allison Moser [mailto:amoser@jonesday.com]
**Sent:** Tuesday, September 22, 2015 1:16 PM
**To:** John Glugoski
**Cc:** arlo@liberationlawgroup.com; Troy Valdez (tvaldez@vtdlaw.com)

**Subject:** Re: Comcast Stip

John - Attached are our changes to the stipulation based on your comments.  We re-inserted some of the deleted language so that we don't have to move forward with any more motions to compel.  If this is acceptable, please sign and return today.


Thanks,
Allison

Allison B. Moser
Attorney
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA 94303
Office +1.650.687.4155
Fax +1.650.739.3900
Email: amoser@jonesday.com

From:       John Glugoski <jglugoski@righettilaw.com>
To:         "Allison Moser (amoser@jonesday.com)" <amoser@jonesday.com>,
Cc:         "Troy Valdez (tvaldez@vtdlaw.com)" <tvaldez@vtdlaw.com>, "arlo@liberationlawgroup.com" <
            arlo@liberationlawgroup.com>
Date:       09/22/2015 10:51 AM
Subject:    Comcast Stip

Allison,

Here are my revisions to the stipulation.

John[attachment "NAI_1500543900_1_Stipulation (Coleman).docx" deleted by Allison Moser/JonesDay]

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========
<NAI_1500543900_1_Stipulation (Coleman).docx>

**EXHIBIT 3 to**
**DECLARATION OF TROY A. VALDEZ ISO REMOVAL**

1     **Matthew Righetti, SBN 121012**
2     **John Glugoski, SBN 191551**
     **RIGHETTI GLUGOSKI, P.C.**
3     456 Montgomery Street, Suite 1400
     San Francisco, CA  94104
4     Telephone:  (415) 983-0900
     Facsimile:  (415) 397-9005
5

6

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8               **FOR THE COUNTY OF STANISLAUS**

9

| | |
|---|---|
| JOSEPH JOSHUA DAVIS, PENNY SCHOONOVER, LEON GIBSON, DUSTIN WAYNE HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR. | **Case No.: 2011900** |
|         Plaintiffs, | **PLAINTIFF PENNY SCHOONOVER'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE** |
|     vs. | |
| COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive, | |
|         Defendants. | |

| | |
|---|---|
| **PROPOUNDING PARTY:** | COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC |
| **RESPONDING PARTY:** | Plaintiff, PENNY SCHOONOVER |
| **SET NO.:** | ONE (1) |

1

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs make the following general objections:

1.    Plaintiff objects to each and every request to the extent that any such request seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other lawfully recognized privilege or immunity, which may pertain to the information sought. To the extent that any request is so vague or ambiguous that it may be interpreted to call for privileged or protected information, Plaintiff interprets such request not to call for any privileged or protected information.

2.    In responding to these requests, Plaintiff does not concede the relevancy or the materiality of any request or of the subject matter to which such requests refer. Plaintiff's responses are made subject to and without waiving all questions or objections as to the competency, relevancy, materiality, or admissibility as evidence or for any other purpose, of any of the information referred to herein, or of the subject matter thereof, in any subject proceeding, including the trial of this action or any other action.

3.    Plaintiff and his attorneys have not completed their discovery or preparation for trial, nor have they completed their analysis or review of the investigation and other trial matters and subjects obtained or conducted to date. These responses, therefore, state the present information and analysis of the Plaintiff and his attorneys, as acquired and reviewed to date. Plaintiff reserves the right to present additional facts, contentions or theories at the trial, based on information, evidence or analysis hereafter obtained or evaluated. The following responses state the information, facts, evidence, and contentions presently known to and evaluated by Plaintiff and his attorneys.

4.    Plaintiff object to each and every request to the extent that any such request seeks

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

information in the possession or control of individuals or entities other than Plaintiff on the grounds that the request is unduly burdensome and oppressive and such information is equally available to Defendant.

5.    Plaintiff will not be identifying or producing any documents, or other information that may have been produced from the Defendant to the Plaintiff in response to discovery as said documents and information are known to the defendant and in the possession of the defendant.

6.    Plaintiff objects to these requests on the grounds that they are vague, ambiguous, and seek Plaintiff's response without establishing a proper foundation and assume facts not in evidence.  This responding party objects to these requests on the grounds that they are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Plaintiff objects to the Special Interrogatories subject to its right to amend, supplement, or otherwise modify its responses herein as it may hereafter discover new information or realize the significance of information in its possession at the time. All objections and grounds therefore are hereby expressly reserved to be interposed, either by motion or otherwise, at a later time, including trial.

Subject to the foregoing General Objections, which are incorporated by reference in each response below, Plaintiff responds as follows.

**SPECIAL INTERROGATORY NO. 1**

Is it YOUR ("YOU," "YOUR," or "PLAINTIFF" refers to Plaintiff Penny Schoonover in relation to this matter, Stanislaus County Superior Court Case No. 2011900, filed on October 27, 2014) contention that COMCAST ("COMCAST" or "DEFENDANT" refers to Comcast Cable Communications Management, LLC (erroneously sued herein as "Comcast Corporation" and

3

"Comcast of Contra Costa, Inc."), and any and all of its affiliated or related entities, including any of its parent companies, sister companies, or subsidiary companies, partnerships, limited partnerships, corporations, and limited liability companies, together with their current or former employees, officers, directors, attorneys, staff, and any agents or representatives) required YOU to remain in communication at all times during YOUR work day, including during YOUR meal and rest periods?

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

**SPECIAL INTERROGATORY   NO. 2**

If YOUR answer to Special Interrogatory No. 1 is yes, state ALL FACTS ("ALL FACTS" means any and all information and facts related to the relevant assertion or event, including without limitation a brief description all documents and individuals involved or knowledgeable regarding the relevant assertion or event with their respective title or name and

the location at which they can be acquired or contacted) on which YOU based YOUR contention.

## RESPONSE TO SPECIAL INTERROGATORY NO. 2:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under any circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees -- along with Tech training modules -- confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

Yet, Comcast policy fails to compensate Techs one hour of premium wage pay as required under the law where no waiver exists. Comcast time records (ESS and TechNet) document a) days worked by

5

class members in excess of 10 and up to 12 hours and b) no 2nd meal period. Comcast's written policy confirms that in order to waive the 2nd meal period the waiver must be in writing. Comcast's utilizes a written waiver form for those instances where a Tech seeks to waive the 2nd meal periods for work days in excess of 10 hours and up to 12 hours. Comcast policy fails to compensate Techs one hour of premium wage pay as required under the law where no waiver exists. Comcast deducts from time worked more time than Comcast's records show class members actually take for meal periods, thereby "shaving" employee pay. All the documents referenced herein are in the possession of Comcast.

## SPECIAL INTERROGATORY NO. 3

If YOUR answer to Special Interrogatory No. 1 is yes, is it also YOUR contention that COMCAST, during YOUR employment, never provided YOU a meal period in compliance with California law?

## RESPONSE TO SPECIAL INTERROGATORY NO. 3:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

## SPECIAL INTERROGATORY NO. 4

If YOU answered Special Interrogatory No. 3 yes, state ALL FACTS on which YOU based YOUR contention.

## RESPONSE TO SPECIAL INTERROGATORY NO. 4:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under any circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees – along with Tech training modules – confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

Comcast failed to provide a second meal periods for days worked over 12 hours per day. Comcast's time records (ESS and TechNet) document a) those days worked by class members in excess

of 12 hours, and b) no evidence of any 2nd meal period. Comcast policy denies one hour of additional pay where there is no 2nd meal period after 12 hours. Techs work in excess of 12 hours without a second meal period and do not receive an extra hour of pay. Time sheet forms used for all Techs confirm no place to record 2nd meal periods. Comcast's CSG Business Development Plan documenting meal period and break violations.

## SPECIAL INTERROGATORY NO. 5

If YOUR answer to Special Interrogatory No. 1 is yes, is it YOUR contention that COMCAST, during YOUR employment, never provided YOU with a rest period in compliance with California law?

## RESPONSE TO SPECIAL INTERROGATORY NO. 5:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

## SPECIAL INTERROGATORY NO. 6

If YOU answered Special Interrogatory No. 5 yes, state all facts on which YOU based YOUR contention.

## RESPONSE TO SPECIAL INTERROGATORY NO. 6:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under any circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees -- along with Tech training modules -- confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

## SPECIAL INTERROGATORY NO. 7

9

1    If YOUR answer to Special Interrogatory No . 3 is no, how many times per week do

2    YOU contend that COMCAST failed to provide YOU with a meal period in compliance with

3    California law during YOUR employment?

4

5    **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

6    Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in

7    that it seeks information that is in the care, custody and control of defendant, and as such, said

8    information is known to defendant.  Further, plaintiff objects to this request on the grounds that it

9

10    seeks information that is protected by the attorney-client privilege and work product doctrine

11    and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff

12    further objects to this request on the grounds that the request is overbroad as well as unduly

13    burdensome as information sought is equally available to the Defendant.  Further, this discovery

14

15    is irrelevant and will not likely lead to the discovery of admissible evidence.

16    Without waving and subject to said objections, plaintiff responds as follows: Each day

17    Plaintiff worked, Plaintiff was not provided a meal period as required under California law.

18    When Plaintiff worked over 10 hours in a day, Plaintiff was denied the second meal period as

19    required under California law.  Plaintiff does not know the exact number of days Plaintiff

20    worked each week.  If Plaintiff worked 5 days in a given week, then 5 days of denied meal

21    worked each week.  If Plaintiff worked 5 days in a given week, then 5 days of denied meal

22    breaks. If Plaintiff worked three days in a given week, then three days of denied meal breaks.

23

24    **SPECIAL INTERROGATORY  NO. 8**

25    If YOUR answer to Special Interrogatory No. 5 is no, how many times per week do YOU

26    contend that COMCAST failed to provide YOU with a rest period in compliance with California

27

28    law during YOUR employment?

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Each day Plaintiff worked, Plaintiff was not authorized or permitted a rest break. Plaintiff does not know the exact number of days Plaintiff worked each week. If Plaintiff worked 5 days in a given week, then 5 days of denied rest breaks. If Plaintiff worked three days in a given week, then three days of rest breaks. In addition to being on-duty during the two rest breaks referenced in company manuals, there was no third on-duty rest break that was due for days in excess of 10 hours. Comcast only allowed the two on-duty rest breaks.

**SPECIAL INTERROGATORY NO. 9**

To the extent YOU denied, in whole or in part, any REQUEST FOR ADMISSION ("REQUEST FOR ADMISSION" refers to COMCAST's Requests for Admissions, Set One (1) served upon YOU with these Special Interrogatories) including but not limited to Request For Admission Numbers 1, 2, 3, and 4, please state ALL FACTS SUPPORTING YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

1    Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in

2  that it seeks information that is in the care, custody and control of defendant, and as such, said

3  information is known to defendant. Further, plaintiff objects to this request on the grounds that it

4  seeks information that is protected by the attorney-client privilege and work product doctrine

5  and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff

6  further objects to this request on the grounds that the request is overbroad as well as unduly

7  burdensome as information sought is equally available to the Defendant. Further, this discovery

8  is irrelevant and will not likely lead to the discovery of admissible evidence.

9
10    Without waving and subject to said objections, plaintiff responds as follows: Plaintiff did

11  not deny any requests.

12
13  **Dated: March 13, 2015**                    **RIGHETTI GLUGOSKI, P.C.**

14
15
16
17  **By:**_____

18          **John Glugoski**
            **Attorneys for Plaintiff**

---

12

# EXHIBIT 4 to
# DECLARATION OF TROY A. VALDEZ ISO REMOVAL

Matthew Righetti, SBN 121012
John Glugoski, SBN 191551
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:  (415) 983-0900
Facsimile:  (415) 397-9005

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF STANISLAUS

|  |  |
|---|---|
| JOSEPH    JOSHUA    DAVIS,    PENNY SCHOONOVER, LEON GIBSON, DUSTIN WAYNE HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR.<br><br>                Plaintiffs,<br><br>        vs.<br><br>COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive,<br><br>                Defendants. | **Case No.:  2011900**<br><br>**PLAINTIFF RAYMOND AGUNDEZ'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE** |

**PROPOUNDING  PARTY:**        COMCAST CABLE COMMUNICATIONS

                                                        MANAGEMENT, LLC

**RESPONDING  PARTY:**        Plaintiff, RAYMOND AGUNDEZ

**SET NO.:**                                ONE (1)

1

**GENERAL RESPONSES AND OBJECTIONS**

Plaintiffs make the following general objections:

1.     Plaintiff objects to each and every request to the extent that any such request seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other lawfully recognized privilege or immunity, which may pertain to the information sought. To the extent that any request is so vague or ambiguous that it may be interpreted to call for privileged or protected information, Plaintiff interprets such request <u>not</u> to call for any privileged or protected information.

2.     In responding to these requests, Plaintiff does not concede the relevancy or the materiality of any request or of the subject matter to which such requests refer. Plaintiff's responses are made subject to and without waiving all questions or objections as to the competency, relevancy, materiality, or admissibility as evidence or for any other purpose, of any of the information referred to herein, or of the subject matter thereof, in any subject proceeding, including the trial of this action or any other action.

3.     Plaintiff and his attorneys have not completed their discovery or preparation for trial, nor have they completed their analysis or review of the investigation and other trial matters and subjects obtained or conducted to date. These responses, therefore, state the present information and analysis of the Plaintiff and his attorneys, as acquired and reviewed to date. Plaintiff reserves the right to present additional facts, contentions or theories at the trial, based on information, evidence or analysis hereafter obtained or evaluated. The following responses state the information, facts, evidence, and contentions presently known to and evaluated by Plaintiff and his attorneys.

4.     Plaintiff object to each and every request to the extent that any such request seeks

2

information in the possession or control of individuals or entities other than Plaintiff on the grounds that the request is unduly burdensome and oppressive and such information is equally available to Defendant.

5.    Plaintiff will not be identifying or producing any documents, or other information that may have been produced from the Defendant to the Plaintiff in response to discovery as said documents and information are known to the defendant and in the possession of the defendant.

6.    Plaintiff objects to these requests on the grounds that they are vague, ambiguous, and seek Plaintiff's response without establishing a proper foundation and assume facts not in evidence.  This responding party objects to these requests on the grounds that they are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Plaintiff objects to the Special Interrogatories subject to its right to amend, supplement, or otherwise modify its responses herein as it may hereafter discover new information or realize the significance of information in its possession at the time. All objections and grounds therefore are hereby expressly reserved to be interposed, either by motion or otherwise, at a later time, including trial.

Subject to the foregoing General Objections, which are incorporated by reference in each response below, Plaintiff responds as follows.

**SPECIAL INTERROGATORY  NO.  1**

Is it YOUR ("YOU," "YOUR," or "PLAINTIFF" refers to Plaintiff Raymond Agundez in relation to this matter, Stanislaus County Superior Court Case No. 2011900, filed on October 27, 2014) contention that COMCAST ("COMCAST" or "DEFENDANT" refers to Comcast Cable Communications Management, LLC (erroneously sued herein as "Comcast Corporation" and

"Comcast of Contra Costa, Inc."), and any and all of its affiliated or related entities, including any of its parent companies, sister companies, or subsidiary companies, partnerships, limited partnerships, corporations, and limited liability companies, together with their current or former employees, officers, directors, attorneys, staff, and any agents or representatives) required YOU to remain in communication at all times during YOUR work day, including during YOUR meal and rest periods?

## RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

## SPECIAL INTERROGATORY  NO. 2

If YOUR answer to Special Interrogatory No. 1 is yes, state ALL FACTS ("ALL FACTS" means any and all information and facts related to the relevant assertion or event, including without limitation a brief description all documents and individuals involved or knowledgeable regarding the relevant assertion or event with their respective title or name and

4

the location at which they can be acquired or contacted) on which YOU based YOUR

contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in

that it seeks information that is in the care, custody and control of defendant, and as such, said

information is known to defendant. Further, plaintiff objects to this request on the grounds that it

seeks information that is protected by the attorney-client privilege and work product doctrine

and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff

further objects to this request on the grounds that the request is overbroad as well as unduly

burdensome as information sought is equally available to the Defendant. Further, this discovery

is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast

policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day

including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60

minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour

of pay under LC 226.7(b) under any circumstances. Comcast then interrupts the Techs, including

Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management

employees – along with Tech training modules – confirm that Techs are to be available and on-duty

during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain

logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers'

confirm Techs are expected to a) remain on duty during entire day so they can review and respond

immediately to Dispatch communications.

Yet, Comcast policy fails to compensate Techs one hour of premium wage pay as required under

the law where no waiver exists. Comcast time records (ESS and TechNet) document a) days worked by

class members in excess of 10 and up to 12 hours and b) no 2nd meal period. Comcast's written policy confirms that in order to waive the 2nd meal period the waiver must be in writing. Comcast's utilizes a written waiver form for those instances where a Tech seeks to waive the 2nd meal periods for work days in excess of 10 hours and up to 12 hours. Comcast policy fails to compensate Techs one hour of premium wage pay as required under the law where no waiver exists. Comcast deducts from time worked more time than Comcast's records show class members actually take for meal periods, thereby "shaving" employee pay. All the documents referenced herein are in the possession of Comcast.

## SPECIAL INTERROGATORY NO. 3

If YOUR answer to Special Interrogatory No. 1 is yes, is it also YOUR contention that COMCAST, during YOUR employment, never provided YOU a meal period in compliance with California law?

## RESPONSE TO SPECIAL INTERROGATORY NO. 3:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

## SPECIAL INTERROGATORY NO. 4

If YOU answered Special Interrogatory No. 3 yes, state ALL FACTS on which YOU based YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under _any_ circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees – along with Tech training modules – confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

Comcast failed to provide a second meal periods for days worked over 12 hours per day. Comcast's time records (ESS and TechNet) document a) those days worked by class members in excess

of 12 hours, and b) no evidence of any 2nd meal period. Comcast policy denies one hour of additional pay where there is no 2nd meal period after 12 hours. Techs work in excess of 12 hours without a second meal period and do not receive an extra hour of pay. Time sheet forms used for all Techs confirm no place to record 2nd meal periods. Comcast's CSG Business Development Plan documenting meal period and break violations.

## SPECIAL INTERROGATORY NO. 5

If YOUR answer to Special Interrogatory No. 1 is yes, is it YOUR contention that COMCAST, during YOUR employment, never provided YOU with a rest period in compliance with California law?

## RESPONSE TO SPECIAL INTERROGATORY NO. 5:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

## SPECIAL INTERROGATORY NO. 6

8

If YOU answered Special Interrogatory No. 5 yes, state all facts on which YOU based YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under <u>any</u> circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees – along with Tech training modules – confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

**SPECIAL INTERROGATORY  NO. 7**

If YOUR answer to Special Interrogatory No . 3 is no, how many times per week do YOU contend that COMCAST failed to provide YOU with a meal period in compliance with California law during YOUR employment?

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Each day Plaintiff worked, Plaintiff was not provided a meal period as required under California law. When Plaintiff worked over 10 hours in a day, Plaintiff was denied the second meal period as required under California law.  Plaintiff does not know the exact number of days Plaintiff worked each week.  If Plaintiff worked 5 days in a given week, then 5 days of denied meal breaks. If Plaintiff worked three days in a given week, then three days of denied meal breaks.

**SPECIAL INTERROGATORY  NO. 8**

If YOUR answer to Special Interrogatory No. 5 is no, how many times per week do YOU contend that COMCAST failed to provide YOU with a rest period in compliance with California law during YOUR employment?

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant.  Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant.  Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows:  Each day Plaintiff worked, Plaintiff was not authorized or permitted a rest break.  Plaintiff does not know the exact number of days Plaintiff worked each week.  If Plaintiff worked 5 days in a given week, then 5 days of denied rest breaks. If Plaintiff worked three days in a given week, then three days of rest breaks.   In addition to being on-duty during the two rest breaks referenced in company manuals, there was no third on-duty rest break that was due for days in excess of 10 hours. Comcast only allowed the two on-duty rest breaks.

**SPECIAL INTERROGATORY  NO. 9**

To the extent YOU denied, in whole or in part, any REQUEST FOR ADMISSION ("REQUEST FOR ADMISSION" refers to COMCAST's Requests for Admissions, Set One (1) served upon YOU with these Special Interrogatories) including but not limited to Request For Admission Numbers 1, 2, 3, and 4, please state ALL FACTS SUPPORTING YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

1    Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in

2  that it seeks information that is in the care, custody and control of defendant, and as such, said

3  information is known to defendant.  Further, plaintiff objects to this request on the grounds that it

4  seeks information that is protected by the attorney-client privilege and work product doctrine

5  and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff

6  further objects to this request on the grounds that the request is overbroad as well as unduly

7  burdensome as information sought is equally available to the Defendant.  Further, this discovery

8  is irrelevant and will not likely lead to the discovery of admissible evidence.

9    Without waving and subject to said objections, plaintiff responds as follows:  Plaintiff did

10 not deny any requests.

**Dated:  March 13, 2015**                     **RIGHETTI GLUGOSKI, P.C.**

By:_____
        **John Glugoski**
        **Attorneys for Plaintiff**

12

# EXHIBIT 5 to
# DECLARATION OF TROY A. VALDEZ ISO REMOVAL

1   **Matthew Righetti, SBN 121012**
2   **John Glugoski, SBN 191551**
    **RIGHETTI GLUGOSKI, P.C.**
3   456 Montgomery Street, Suite 1400
    San Francisco, CA 94104
4   Telephone: (415) 983-0900
    Facsimile: (415) 397-9005
5

6

7                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **FOR THE COUNTY OF STANISLAUS**

9

10  JOSEPH   JOSHUA   DAVIS,   PENNY          **Case No.: 2011900**
11  SCHOONOVER, LEON GIBSON, DUSTIN
    WAYNE HAGENS, RAYMOND AGUNDEZ,           **PLAINTIFF JOSEPH JOSHUA DAVIS'**
12  RAFAEL BARAJAS, JR.                      **RESPONSES TO DEFENDANT'S**
                                             **SPECIAL INTERROGATORIES, SET**
13                                           **ONE**
            Plaintiffs,
14
15          vs.

16  COMCAST CORPORATION, a Pennsylvania
    Corporation; COMCAST OF CONTRA
17  COSTA, INC., a Washington Corporation; and
    DOES 1 through 50, Inclusive,
18
19          Defendants.

20

21      **PROPOUNDING  PARTY:**       COMCAST CABLE COMMUNICATIONS

22                                     MANAGEMENT, LLC

23      **RESPONDING  PARTY:**         Plaintiff, JOSEPH JOSHUA DAVIS

24      **SET NO.:**                   ONE (1)

25

26

27

28

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs make the following general objections:

1.    Plaintiff objects to each and every request to the extent that any such request seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other lawfully recognized privilege or immunity, which may pertain to the information sought. To the extent that any request is so vague or ambiguous that it may be interpreted to call for privileged or protected information, Plaintiff interprets such request not to call for any privileged or protected information.

2.    In responding to these requests, Plaintiff does not concede the relevancy or the materiality of any request or of the subject matter to which such requests refer. Plaintiff's responses are made subject to and without waiving all questions or objections as to the competency, relevancy, materiality, or admissibility as evidence or for any other purpose, of any of the information referred to herein, or of the subject matter thereof, in any subject proceeding, including the trial of this action or any other action.

3.    Plaintiff and his attorneys have not completed their discovery or preparation for trial, nor have they completed their analysis or review of the investigation and other trial matters and subjects obtained or conducted to date. These responses, therefore, state the present information and analysis of the Plaintiff and his attorneys, as acquired and reviewed to date. Plaintiff reserves the right to present additional facts, contentions or theories at the trial, based on information, evidence or analysis hereafter obtained or evaluated. The following responses state the information, facts, evidence, and contentions presently known to and evaluated by Plaintiff and his attorneys.

4.    Plaintiff object to each and every request to the extent that any such request seeks

information in the possession or control of individuals or entities other than Plaintiff on the grounds that the request is unduly burdensome and oppressive and such information is equally available to Defendant.

5.     Plaintiff will not be identifying or producing any documents, or other information that may have been produced from the Defendant to the Plaintiff in response to discovery as said documents and information are known to the defendant and in the possession of the defendant.

6.     Plaintiff objects to these requests on the grounds that they are vague, ambiguous, and seek Plaintiff's response without establishing a proper foundation and assume facts not in evidence.  This responding party objects to these requests on the grounds that they are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Plaintiff objects to the Special Interrogatories subject to its right to amend, supplement, or otherwise modify its responses herein as it may hereafter discover new information or realize the significance of information in its possession at the time. All objections and grounds therefore are hereby expressly reserved to be interposed, either by motion or otherwise, at a later time, including trial.

Subject to the foregoing General Objections, which are incorporated by reference in each response below, Plaintiff responds as follows.

**SPECIAL INTERROGATORY NO. 1**

Is it YOUR ("YOU," "YOUR," or "PLAINTIFF" refers to Plaintiff Joseph Joshua Davis in relation to this matter, Stanislaus County Superior Court Case No. 2011900, filed on October 27, 2014) contention that COMCAST ("COMCAST" or "DEFENDANT" refers to Comcast Cable Communications Management, LLC (erroneously sued herein as "Comcast Corporation"

and "Comcast of Contra Costa, Inc."), and any and all of its affiliated or related entities,

including any of its parent companies, sister companies, or subsidiary companies, partnerships,

limited partnerships, corporations, and limited liability companies, together with their current or

former employees, officers, directors, attorneys, staff, and any agents or representatives) required

YOU to remain in communication at all times during YOUR work day, including during YOUR

meal and rest periods?

## RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in

that it seeks information that is in the care, custody and control of defendant, and as such, said

information is known to defendant. Further, plaintiff objects to this request on the grounds that it

seeks information that is protected by the attorney-client privilege and work product doctrine

and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff

further objects to this request on the grounds that the request is overbroad as well as unduly

burdensome as information sought is equally available to the Defendant. Further, this discovery

is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

## SPECIAL INTERROGATORY   NO. 2

If YOUR answer to Special Interrogatory No. 1 is yes, state ALL FACTS ("ALL

FACTS" means any and all information and facts related to the relevant assertion or event,

including without limitation a brief description all documents and individuals involved or

knowledgeable regarding the relevant assertion or event with their respective title or name and

4

1  the location at which they can be acquired or contacted) on which YOU based YOUR

2  contention.

3

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

5      Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in

6  that it seeks information that is in the care, custody and control of defendant, and as such, said

7  information is known to defendant. Further, plaintiff objects to this request on the grounds that it

8  seeks information that is protected by the attorney-client privilege and work product doctrine

9  and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff

10 further objects to this request on the grounds that the request is overbroad as well as unduly

11 burdensome as information sought is equally available to the Defendant. Further, this discovery

12 is irrelevant and will not likely lead to the discovery of admissible evidence.

13

14     Without waving and subject to said objections, plaintiff responds as follows:  Comcast

15 policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day

16 including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60

17 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour

18 of pay under LC 226.7(b) under <u>any</u> circumstances.  Comcast then interrupts the Techs, including

19 Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management

20 employees – along with Tech training modules – confirm that Techs are to be available and on-duty

21 during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain

22 logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers'

23 confirm Techs are expected to a) remain on duty during entire day so they can review and respond

24 immediately to Dispatch communications.

25

26     Yet, Comcast policy fails to compensate Techs one hour of premium wage pay as required under

27 the law where no waiver exists. Comcast time records (ESS and TechNet) document a) days worked by

28

5

class members in excess of 10 and up to 12 hours and b) no 2nd meal period. Comcast's written policy confirms that in order to waive the 2nd meal period the waiver must be in writing. Comcast's utilizes a written waiver form for those instances where a Tech seeks to waive the 2nd meal periods for work days in excess of 10 hours and up to 12 hours. Comcast policy fails to compensate Techs one hour of premium wage pay as required under the law where no waiver exists. Comcast deducts from time worked more time than Comcast's records show class members actually take for meal periods, thereby "shaving" employee pay. All the documents referenced herein are in the possession of Comcast.

## SPECIAL INTERROGATORY NO. 3

If YOUR answer to Special Interrogatory No. 1 is yes, is it also YOUR contention that COMCAST, during YOUR employment, never provided YOU a meal period in compliance with California law?

## RESPONSE TO SPECIAL INTERROGATORY NO. 3:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

## SPECIAL INTERROGATORY NO. 4

6

If YOU answered Special Interrogatory No. 3 yes, state ALL FACTS on which YOU based YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under any circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees -- along with Tech training modules -- confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

Comcast failed to provide a second meal periods for days worked over 12 hours per day. Comcast's time records (ESS and TechNet) document a) those days worked by class members in excess

7

of 12 hours, and b) no evidence of any 2nd meal period. Comcast policy denies one hour of additional pay where there is no 2nd meal period after 12 hours. Techs work in excess of 12 hours without a second meal period and do not receive an extra hour of pay. Time sheet forms used for all Techs confirm no place to record 2nd meal periods. Comcast's CSG Business Development Plan documenting meal period and break violations.

## SPECIAL INTERROGATORY  NO.  5

If YOUR answer to Special Interrogatory No. 1 is yes, is it YOUR contention that COMCAST, during YOUR employment, never provided YOU with a rest period in compliance with California law?

## RESPONSE TO SPECIAL INTERROGATORY NO. 5:

Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant.  Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant.  Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows:  Yes

## SPECIAL INTERROGATORY  NO.  6

8

If YOU answered Special Interrogatory No. 5 yes, state all facts on which YOU based YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under any circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees – along with Tech training modules -- confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

**SPECIAL INTERROGATORY NO. 7**

9

If YOUR answer to Special Interrogatory No . 3 is no, how many times per week do YOU contend that COMCAST failed to provide YOU with a meal period in compliance with California law during YOUR employment?

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant.  Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant.  Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Each day Plaintiff worked, Plaintiff was not provided a meal period as required under California law. When Plaintiff worked over 10 hours in a day, Plaintiff was denied the second meal period as required under California law.  Plaintiff does not know the exact number of days Plaintiff worked each week.  If Plaintiff worked 5 days in a given week, then 5 days of denied meal breaks. If Plaintiff worked three days in a given week, then three days of denied meal breaks.

**SPECIAL INTERROGATORY  NO. 8**

If YOUR answer to Special Interrogatory No. 5 is no, how many times per week do YOU contend that COMCAST failed to provide YOU with a rest period in compliance with California law during YOUR employment?

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Each day Plaintiff worked, Plaintiff was not authorized or permitted a rest break. Plaintiff does not know the exact number of days Plaintiff worked each week. If Plaintiff worked 5 days in a given week, then 5 days of denied rest breaks. If Plaintiff worked three days in a given week, then three days of rest breaks. In addition to being on-duty during the two rest breaks referenced in company manuals, there was no third on-duty rest break that was due for days in excess of 10 hours. Comcast only allowed the two on-duty rest breaks.

**SPECIAL INTERROGATORY NO. 9**

To the extent YOU denied, in whole or in part, any REQUEST FOR ADMISSION ("REQUEST FOR ADMISSION" refers to COMCAST's Requests for Admissions, Set One (1) served upon YOU with these Special Interrogatories) including but not limited to Request For Admission Numbers 1, 2, 3, and 4, please state ALL FACTS SUPPORTING YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

11

1    Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in

2  that it seeks information that is in the care, custody and control of defendant, and as such, said

3  information is known to defendant.  Further, plaintiff objects to this request on the grounds that it

4  seeks information that is protected by the attorney-client privilege and work product doctrine

5  and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff

6  further objects to this request on the grounds that the request is overbroad as well as unduly

7  burdensome as information sought is equally available to the Defendant.  Further, this discovery

8  is irrelevant and will not likely lead to the discovery of admissible evidence.

9    Without waving and subject to said objections, plaintiff responds as follows:  Plaintiff did

10

11  not deny any requests.

12

13  **Dated:  March 13, 2015**                    **RIGHETTI GLUGOSKI, P.C.**

14

15

16

17  **By:**_____

18             **John Glugoski**
            **Attorneys for Plaintiff**

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

**EXHIBIT 6 to**
**DECLARATION OF TROY A. VALDEZ ISO REMOVAL**

1 | **Matthew Righetti, SBN 121012**
2 | **John Glugoski, SBN 191551**
**RIGHETTI GLUGOSKI, P.C.**
3 | 456 Montgomery Street, Suite 1400
San Francisco, CA 94104
4 | Telephone: (415) 983-0900
Facsimile: (415) 397-9005
5 |
6 |
7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8 | **FOR THE COUNTY OF STANISLAUS**
9 |

| | |
|---|---|
| JOSEPH JOSHUA DAVIS, PENNY SCHOONOVER, LEON GIBSON, DUSTIN WAYNE HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR. | **Case No.: 2011900** |
| Plaintiffs, | **PLAINTIFF LEON GIBSON'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE** |
| vs. | |
| COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive, | |
| Defendants. | |

**PROPOUNDING PARTY:**     COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC

**RESPONDING PARTY:**     Plaintiff, LEON GIBSON

**SET NO.:**     ONE (1)

1

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs make the following general objections:

1.      Plaintiff objects to each and every request to the extent that any such request seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other lawfully recognized privilege or immunity, which may pertain to the information sought.  To the extent that any request is so vague or ambiguous that it may be interpreted to call for privileged or protected information, Plaintiff interprets such request <u>not</u> to call for any privileged or protected information.

2.      In responding to these requests, Plaintiff does not concede the relevancy or the materiality of any request or of the subject matter to which such requests refer.  Plaintiff's responses are made subject to and without waiving all questions or objections as to the competency, relevancy, materiality, or admissibility as evidence or for any other purpose, of any of the information referred to herein, or of the subject matter thereof, in any subject proceeding, including the trial of this action or any other action.

3.      Plaintiff and his attorneys have not completed their discovery or preparation for trial, nor have they completed their analysis or review of the investigation and other trial matters and subjects obtained or conducted to date.  These responses, therefore, state the present information and analysis of the Plaintiff and his attorneys, as acquired and reviewed to date. Plaintiff reserves the right to present additional facts, contentions or theories at the trial, based on information, evidence or analysis hereafter obtained or evaluated.  The following responses state the information, facts, evidence, and contentions presently known to and evaluated by Plaintiff and his attorneys.

4.      Plaintiff object to each and every request to the extent that any such request seeks

information in the possession or control of individuals or entities other than Plaintiff on the grounds that the request is unduly burdensome and oppressive and such information is equally available to Defendant.

5.    Plaintiff will not be identifying or producing any documents, or other information that may have been produced from the Defendant to the Plaintiff in response to discovery as said documents and information are known to the defendant and in the possession of the defendant.

6.    Plaintiff objects to these requests on the grounds that they are vague, ambiguous, and seek Plaintiff's response without establishing a proper foundation and assume facts not in evidence. This responding party objects to these requests on the grounds that they are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Plaintiff objects to the Special Interrogatories subject to its right to amend, supplement, or otherwise modify its responses herein as it may hereafter discover new information or realize the significance of information in its possession at the time. All objections and grounds therefore are hereby expressly reserved to be interposed, either by motion or otherwise, at a later time, including trial.

Subject to the foregoing General Objections, which are incorporated by reference in each response below, Plaintiff responds as follows.

**SPECIAL INTERROGATORY NO. 1**

Is it YOUR ("YOU," "YOUR," or "PLAINTIFF" refers to Plaintiff Leon Gibson in relation to this matter, Stanislaus County Superior Court Case No. 2011900, filed on October 27, 2014) contention that COMCAST ("COMCAST" or "DEFENDANT" refers to Comcast Cable Communications Management, LLC (erroneously sued herein as "Comcast Corporation" and

"Comcast of Contra Costa, Inc."), and any and all of its affiliated or related entities, including

any of its parent companies, sister companies, or subsidiary companies, partnerships, limited

partnerships, corporations, and limited liability companies, together with their current or former

employees, officers, directors, attorneys, staff, and any agents or representatives) required YOU

to remain in communication at all times during YOUR work day, including during YOUR meal

and rest periods?

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in

that it seeks information that is in the care, custody and control of defendant, and as such, said

information is known to defendant. Further, plaintiff objects to this request on the grounds that it

seeks information that is protected by the attorney-client privilege and work product doctrine

and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff

further objects to this request on the grounds that the request is overbroad as well as unduly

burdensome as information sought is equally available to the Defendant. Further, this discovery

is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

**SPECIAL INTERROGATORY   NO. 2**

If YOUR answer to Special Interrogatory No. 1 is yes, state ALL FACTS ("ALL

FACTS" means any and all information and facts related to the relevant assertion or event,

including without limitation a brief description all documents and individuals involved or

knowledgeable regarding the relevant assertion or event with their respective title or name and

the location at which they can be acquired or contacted) on which YOU based YOUR contention.

## RESPONSE TO SPECIAL INTERROGATORY NO. 2:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under any circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees – along with Tech training modules – confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

Yet, Comcast policy fails to compensate Techs one hour of premium wage pay as required under the law where no waiver exists. Comcast time records (ESS and TechNet) document a) days worked by

5

class members in excess of 10 and up to 12 hours and b) no 2nd meal period. Comcast's written policy confirms that in order to waive the 2nd meal period the waiver must be in writing. Comcast's utilizes a written waiver form for those instances where a Tech seeks to waive the 2nd meal periods for work days in excess of 10 hours and up to 12 hours. Comcast policy fails to compensate Techs one hour of premium wage pay as required under the law where no waiver exists. Comcast deducts from time worked <u>more</u> time than Comcast's records show class members actually take for meal periods, thereby "shaving" employee pay. All the documents referenced herein are in the possession of Comcast.

**SPECIAL INTERROGATORY NO. 3**

If YOUR answer to Special Interrogatory No. 1 is yes, is it also YOUR contention that COMCAST, during YOUR employment, never provided YOU a meal period in compliance with California law?

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

**SPECIAL INTERROGATORY NO. 4**

If YOU answered Special Interrogatory No. 3 yes, state ALL FACTS on which YOU based YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under any circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees – along with Tech training modules – confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

Comcast failed to provide a second meal periods for days worked over 12 hours per day. Comcast's time records (ESS and TechNet) document a) those days worked by class members in excess

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

of 12 hours, and b) no evidence of any 2nd meal period. Comcast policy denies one hour of additional pay where there is no 2nd meal period after 12 hours. Techs work in excess of 12 hours without a second meal period and do not receive an extra hour of pay. Time sheet forms used for all Techs confirm no place to record 2nd meal periods. Comcast's CSG Business Development Plan documenting meal period and break violations.

## SPECIAL INTERROGATORY  NO.  5

If YOUR answer to Special Interrogatory No. 1 is yes, is it YOUR contention that COMCAST, during YOUR employment, never provided YOU with a rest period in compliance with California law?

## RESPONSE TO SPECIAL INTERROGATORY NO. 5:

Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant.  Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant.  Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows:  Yes

## SPECIAL INTERROGATORY  NO.  6

1    If YOU answered Special Interrogatory No. 5 yes, state all facts on which YOU based

2  YOUR contention.

3

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

5    Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in

6  that it seeks information that is in the care, custody and control of defendant, and as such, said

7  information is known to defendant.  Further, plaintiff objects to this request on the grounds that it

8  seeks information that is protected by the attorney-client privilege and work product doctrine

9  and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff

10  further objects to this request on the grounds that the request is overbroad as well as unduly

11  burdensome as information sought is equally available to the Defendant.  Further, this discovery

12  is irrelevant and will not likely lead to the discovery of admissible evidence.

13

14    Without waving and subject to said objections, plaintiff responds as follows:  Comcast

15  policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day

16  including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60

17  minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour

18  of pay under LC 226.7(b) under <u>any</u> circumstances.  Comcast then interrupts the Techs, including

19  Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management

20  employees – along with Tech training modules – confirm that Techs are to be available and on-duty

21  during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain

22  logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers'

23  confirm Techs are expected to a) remain on duty during entire day so they can review and respond

24  immediately to Dispatch communications.

25

26

27  **SPECIAL INTERROGATORY  NO. 7**

28

1    If YOUR answer to Special Interrogatory No . 3 is no, how many times per week do

2    YOU contend that COMCAST failed to provide YOU with a meal period in compliance with

3    California law during YOUR employment?

4

5    **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

6    Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in

7    that it seeks information that is in the care, custody and control of defendant, and as such, said

8    information is known to defendant.  Further, plaintiff objects to this request on the grounds that it

9    seeks information that is protected by the attorney-client privilege and work product doctrine

10   and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff

11   further objects to this request on the grounds that the request is overbroad as well as unduly

12   burdensome as information sought is equally available to the Defendant.  Further, this discovery

13

14   is irrelevant and will not likely lead to the discovery of admissible evidence.

15

16   Without waving and subject to said objections, plaintiff responds as follows: Each day

17   Plaintiff worked, Plaintiff was not provided a meal period as required under California law.

18   When Plaintiff worked over 10 hours in a day, Plaintiff was denied the second meal period as

19   required under California law.  Plaintiff does not know the exact number of days Plaintiff

20   worked each week.  If Plaintiff worked 5 days in a given week, then 5 days of denied meal

21   breaks. If Plaintiff worked three days in a given week, then three days of denied meal breaks.

22

23   **SPECIAL INTERROGATORY  NO. 8**

24

25   If YOUR answer to Special Interrogatory No. 5 is no, how many times per week do YOU

26   contend that COMCAST failed to provide YOU with a rest period in compliance with California

27   law during YOUR employment?

28

10

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Each day Plaintiff worked, Plaintiff was not authorized or permitted a rest break. Plaintiff does not know the exact number of days Plaintiff worked each week. If Plaintiff worked 5 days in a given week, then 5 days of denied rest breaks. If Plaintiff worked three days in a given week, then three days of rest breaks. In addition to being on-duty during the two rest breaks referenced in company manuals, there was no third on-duty rest break that was due for days in excess of 10 hours. Comcast only allowed the two on-duty rest breaks.

**SPECIAL INTERROGATORY NO. 9**

To the extent YOU denied, in whole or in part, any REQUEST FOR ADMISSION ("REQUEST FOR ADMISSION" refers to COMCAST's Requests for Admissions, Set One (1) served upon YOU with these Special Interrogatories) including but not limited to Request For Admission Numbers 1, 2, 3, and 4, please state ALL FACTS SUPPORTING YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Plaintiff did not deny any requests.

**Dated: March 13, 2015**          **RIGHETTI GLUGOSKI, P.C.**

By:_____
      **John Glugoski**
      **Attorneys for Plaintiff**

12

**EXHIBIT 7 to**
**DECLARATION OF TROY A. VALDEZ ISO REMOVAL**

1  | **Matthew Righetti, SBN 121012**
2  | **John Glugoski, SBN 191551**
   | **RIGHETTI GLUGOSKI, P.C.**
3  | 456 Montgomery Street, Suite 1400
   | San Francisco, CA 94104
4  | Telephone: (415) 983-0900
   | Facsimile: (415) 397-9005
5  |
6  |
7  | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8  | **FOR THE COUNTY OF STANISLAUS**
9  |

10 | JOSEPH JOSHUA DAVIS, PENNY SCHOONOVER, LEON GIBSON, DUSTIN WAYNE HAGENS, RAYMOND AGUNDEZ, RAFAEL BARAJAS, JR.

**Case No.: 2011900**

Plaintiffs,

**PLAINTIFF RAFAEL BARAJAS, JR.'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

vs.

COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive,

Defendants.

| **PROPOUNDING PARTY:** | COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC |
| **RESPONDING PARTY:** | Plaintiff, RAFAEL BARAJAS, JR. |
| **SET NO.:** | ONE (1) |

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs make the following general objections:

　　1.　　Plaintiff objects to each and every request to the extent that any such request

i

seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other lawfully recognized privilege or immunity, which may pertain to the information sought. To the extent that any request is so vague or ambiguous that it may be interpreted to call for privileged or protected information, Plaintiff interprets such request not to call for any privileged or protected information.

2.      In responding to these requests, Plaintiff does not concede the relevancy or the materiality of any request or of the subject matter to which such requests refer. Plaintiff's responses are made subject to and without waiving all questions or objections as to the competency, relevancy, materiality, or admissibility as evidence or for any other purpose, of any of the information referred to herein, or of the subject matter thereof, in any subject proceeding, including the trial of this action or any other action.

3.      Plaintiff and his attorneys have not completed their discovery or preparation for trial, nor have they completed their analysis or review of the investigation and other trial matters and subjects obtained or conducted to date. These responses, therefore, state the present information and analysis of the Plaintiff and his attorneys, as acquired and reviewed to date. Plaintiff reserves the right to present additional facts, contentions or theories at the trial, based on information, evidence or analysis hereafter obtained or evaluated. The following responses state the information, facts, evidence, and contentions presently known to and evaluated by Plaintiff and his attorneys.

4.      Plaintiff object to each and every request to the extent that any such request seeks information in the possession or control of individuals or entities other than Plaintiff on the grounds that the request is unduly burdensome and oppressive and such information is equally available to Defendant.

2

5.    Plaintiff will not be identifying or producing any documents, or other information that may have been produced from the Defendant to the Plaintiff in response to discovery as said documents and information are known to the defendant and in the possession of the defendant.

6.    Plaintiff objects to these requests on the grounds that they are vague, ambiguous, and seek Plaintiff's response without establishing a proper foundation and assume facts not in evidence.  This responding party objects to these requests on the grounds that they are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Plaintiff objects to the Special Interrogatories subject to its right to amend, supplement, or otherwise modify its responses herein as it may hereafter discover new information or realize the significance of information in its possession at the time. All objections and grounds therefore are hereby expressly reserved to be interposed, either by motion or otherwise, at a later time, including trial.

Subject to the foregoing General Objections, which are incorporated by reference in each response below, Plaintiff responds as follows.

**SPECIAL INTERROGATORY  NO.  1**

Is it YOUR ("YOU," "YOUR," or "PLAINTIFF" refers to Plaintiff Rafael Barajas, Jr. in relation to this matter, Stanislaus County Superior Court Case No. 2011900, filed on October 27, 2014) contention that COMCAST ("COMCAST" or "DEFENDANT" refers to Comcast Cable Communications Management, LLC (erroneously sued herein as "Comcast Corporation" and "Comcast of Contra Costa, Inc."), and any and all of its affiliated or related entities, including any of its parent companies, sister companies, or subsidiary companies, partnerships, limited partnerships, corporations, and limited liability companies, together with their current or former

3

employees, officers, directors, attorneys, staff, and any agents or representatives) required YOU to remain in communication at all times during YOUR work day, including during YOUR meal and rest periods?

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

**SPECIAL INTERROGATORY   NO. 2**

If YOUR answer to Special Interrogatory No. 1 is yes, state ALL FACTS ("ALL FACTS" means any and all information and facts related to the relevant assertion or event, including without limitation a brief description all documents and individuals involved or knowledgeable regarding the relevant assertion or event with their respective title or name and the location at which they can be acquired or contacted) on which YOU based YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

4

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under any circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees – along with Tech training modules – confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

Yet, Comcast policy fails to compensate Techs one hour of premium wage pay as required under the law where no waiver exists. Comcast time records (ESS and TechNet) document a) days worked by class members in excess of 10 and up to 12 hours and b) no 2nd meal period. Comcast's written policy confirms that in order to waive the 2nd meal period the waiver must be in writing. Comcast's utilizes a written waiver form for those instances where a Tech seeks to waive the 2nd meal periods for work days in excess of 10 hours and up to 12 hours. Comcast policy fails to compensate Techs one hour of premium

wage pay as required under the law where no waiver exists. Comcast deducts from time worked <u>more</u> time than Comcast's records show class members actually take for meal periods, thereby "shaving" employee pay. All the documents referenced herein are in the possession of Comcast.

**SPECIAL INTERROGATORY  NO. 3**

If YOUR answer to Special Interrogatory No. 1 is yes, is it also YOUR contention that COMCAST, during YOUR employment, never provided YOU a meal period in compliance with California law?

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant.  Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant.  Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Yes

**SPECIAL INTERROGATORY  NO. 4**

If YOU answered Special Interrogatory No. 3 yes, state ALL FACTS on which YOU based YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant.  Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant.  Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows:  Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under <u>any</u> circumstances.  Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees – along with Tech training modules – confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

Comcast failed to provide a second meal periods for days worked over 12 hours per day. Comcast's time records (ESS and TechNet) document a) those days worked by class members in excess of 12 hours, and b) no evidence of any 2nd meal period. Comcast policy denies one hour of additional pay where there is no 2nd meal period after 12 hours. Techs work in excess of 12 hours without a second meal period and do not receive an extra hour of pay. Time sheet forms used for all Techs confirm no place to

record 2nd meal periods. Comcast's CSG Business Development Plan documenting meal period and break violations.

**SPECIAL INTERROGATORY  NO.  5**

If YOUR answer to Special Interrogatory No. 1 is yes, is it YOUR contention that COMCAST, during YOUR employment, never provided YOU with a rest period in compliance with California law?

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Objection.  This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant.  Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties.  Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant.  Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows:  Yes

**SPECIAL INTERROGATORY  NO.  6**

If YOU answered Special Interrogatory No. 5 yes, state all facts on which YOU based YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

8

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Comcast policy is that Techs, which includes Plaintiff are to remain "on-duty" during their entire work day including meal and rest periods, yet Comcast a) deducts lunch break time (invariably a perfect 60 minutes) from each Tech's time worked, and b) does not provide the requisite compensation (i.e. one hour of pay under LC 226.7(b) under any circumstances. Comcast then interrupts the Techs, including Plaintiff during what would otherwise be meal and rest break times. Comcast HR and management employees – along with Tech training modules – confirm that Techs are to be available and on-duty during breaks. The first thing Techs do each day is log-on to TechNet -- and are expected to remain logged on "THROUGHOUT THEIR SHIFT" -- until the end of the day when they log-off. Dispatchers' confirm Techs are expected to a) remain on duty during entire day so they can review and respond immediately to Dispatch communications.

**SPECIAL INTERROGATORY NO. 7**

If YOUR answer to Special Interrogatory No . 3 is no, how many times per week do YOU contend that COMCAST failed to provide YOU with a meal period in compliance with California law during YOUR employment?

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

9

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Each day Plaintiff worked, Plaintiff was not provided a meal period as required under California law. When Plaintiff worked over 10 hours in a day, Plaintiff was denied the second meal period as required under California law.  Plaintiff does not know the exact number of days Plaintiff worked each week.  If Plaintiff worked 5 days in a given week, then 5 days of denied meal breaks. If Plaintiff worked three days in a given week, then three days of denied meal breaks.

**SPECIAL INTERROGATORY NO. 8**

If YOUR answer to Special Interrogatory No. 5 is no, how many times per week do YOU contend that COMCAST failed to provide YOU with a rest period in compliance with California law during YOUR employment?

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it

10

seeks information that is protected by the attorney-client privilege and work product doctrine and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff further objects to this request on the grounds that the request is overbroad as well as unduly burdensome as information sought is equally available to the Defendant. Further, this discovery is irrelevant and will not likely lead to the discovery of admissible evidence.

Without waving and subject to said objections, plaintiff responds as follows: Each day Plaintiff worked, Plaintiff was not authorized or permitted a rest break. Plaintiff does not know the exact number of days Plaintiff worked each week. If Plaintiff worked 5 days in a given week, then 5 days of denied rest breaks. If Plaintiff worked three days in a given week, then three days of rest breaks. In addition to being on-duty during the two rest breaks referenced in company manuals, there was no third on-duty rest break that was due for days in excess of 10 hours. Comcast only allowed the two on-duty rest breaks.

## SPECIAL INTERROGATORY NO. 9

To the extent YOU denied, in whole or in part, any REQUEST FOR ADMISSION ("REQUEST FOR ADMISSION" refers to COMCAST's Requests for Admissions, Set One (1) served upon YOU with these Special Interrogatories) including but not limited to Request For Admission Numbers 1, 2, 3, and 4, please state ALL FACTS SUPPORTING YOUR denial.

## RESPONSE TO SPECIAL INTERROGATORY NO. 9:

Objection. This interrogatory is vague and ambiguous and burdensome and oppressive in that it seeks information that is in the care, custody and control of defendant, and as such, said information is known to defendant. Further, plaintiff objects to this request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine

1  and/or plaintiff's constitutional right to privacy and the privacy rights of third parties. Plaintiff

2  further objects to this request on the grounds that the request is overbroad as well as unduly

3  burdensome as information sought is equally available to the Defendant. Further, this discovery

4  
5  is irrelevant and will not likely lead to the discovery of admissible evidence.

6      Without waving and subject to said objections, plaintiff responds as follows: Plaintiff did

7  not deny any requests.

8  
9  **Dated: March 13, 2015**                    **RIGHETTI GLUGOSKI, P.C.**

10  
11  
12  By:_____
13          **John Glugoski**
          **Attorneys for Plaintiff**

14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE